IN THE UNITED STATES,
DISTRICT COURT FOR THE
MIDDLE DISTRICT OF
ALABAMA

Douglas Edward Stevenson,
  Petitioner, pro se

—vs—

Gwendolyn Mosley, Warden
State of Alabama, Attorney
Gen, Respondent

Re: Habeas Corpus
Action

Case No: 1:06CV898-MEF

## PETITION FOR WRIT OF HABEAS CORPUS

Into This Court Now Comes Douglas E. Stevenson, by and thru himself, (pro se) and filing in Forma pauperis Would Now present this petition: Herein Pursuant to the Federal Jurisdiction 28 USC § 2241 Thru 28 USC § 2254 Habeas Corpus. Request by a State prisoner. And Any other appropriate Rule, Stature or authority respectfully files and Petitions this Honorable Court for Habeas corpus relief from and in regards to his present incarceration in Easterling Correctional Facility in Clio, Alabama. And as grounds Therefore, Will Show the following.

Please Continue on Next page. -1- thru page -5-

## STATEMENT OF CASE

Petitioner is a 49 year old B/male incarcerated in Easterling Correctional Facility serving five (5) 15 Year prison sentences out of Houston County Alabama on guilty pleas entered on March 11, 2003. For (1) one count of receiving Stolen Property Second degree and four counts of possession of Forged Instruments in the Second degree. Petitioner appeared before the Honorable Judge Edward Jackson in Houston County entering guilty pleas, receiving five 15 year prison sentences all running concurrently.

## Rule 32 Challenge

Petitioner filed his Rule 32 Challenge in or around 2003. Which was denied on or around 2003. Without the trail court addressing the merits of Petitioners claim. In or around September 2004, Petitioner his Second Rule 32 Challenge in where he alleged that he had ineffective assistance of counsel who coerced and tricked him into saying "yes," In reply to the trail Courts question, " Do you have (3) Priors felony convictions at which time the trail Court imposed the 15 Year prison sentence being challenged.

The Petititoner had also alleged in his Rule 32 Action, Supra that the trail Court exceeded it's Jurisdiction by sentencing Petitioner as it did because Petitioner was not given any

-2-

Prior Notices of its intention to enhance petitioners Sentence under the Habitual felony offenders Act. The Priors petitioner was tricked into admitting were felony ones, WERE IN REALITY the only Charges he has are ONLY MISDEMEANORS From The State of NEW YORK.

The Trail Court denied Petitioner's Rule 32 on January 23, 2004, Without addressing the Merits of Said Rule 32.

Petitioner appealed the denial of his Second Rule 32 on or around April 11, 2006, and the Criminal Court of Appeals Case No. CR-05-0321, affirmed the trail courts denial of Petitioner Second Rule 32 Action in 2006. A Petition for Rehearing filed was denied on 2006. On June 1, 2006, the Alabama Supreme Court - Which denied Same in or around September 15th 2006.    This Action Follows.

## Habeas Corpus Action

Count one:

Petitioner alleges and Claims that he is being held In prison pass his early release date due to false and erroneous information in his prison files and court files and that he is being denied the equal protection of the substantial due process of Law, for which he Now Seeks Habeas Corpus relief.

-3-

## Count Two:

Petitioner alleges and claims that he not only had ineffective assistance of Trail counsel on his original five counts at issue, but that the State (D.A.) failed to give Petitioner any prior notice of it's intent to enhance Petitioner's guilty Plea Sentences imposed under the States Habitual offender Act, which violated well established rights. Therefore his guilty Pleas were unconstitiutional defective as entered and as such petitioner's maxamum Sentence without enhancement is only Ten Years and such 10 year sentence have expired by operation of Law. So Petitioner is entitle to Habeas Corpus relief Now.

## Count Three:

Petitioner alleges and claims that he had no prior felony Convictions at time of convictions and he was only acting under direct orders and instructions from his court appointed Attorney. He did not Voluntarily, knowingly or intelligently entered guilty pleas with a True understanding that his Sentence would be enhanced based only on his misled answer "Yes" to the trail courts question; do you have three prior felony convictions.

-4-

Therefore his enhanced 15 year Sentences are illegal and un-Consititutional and he is entitle to Habeas Corpus relief now.

## Count Four:

Petitioner alleges and Claims that he has exhausted his Post-conviction remedies Without soccess through no fault of his and that he has no othe state remedies to exhaus. Therefore he is entitle to Seek Habeas Corpus relief here because had he been Sentence to the maximum Sentence by Law It would have only been (10) Ten years Sentenes, Which would have been expired by now through gain time Credits Petitioner has earned.

## Conclusion

Wherefore premises Considered, Petitioner Respectfully moves This Honorable Court for and order, granting him Habeas Corpus relief and or for an order directing the State to Show cause, why relief Should Not be granted.

Declaration of penlaty of perjury pursuant to 28 USC 1743. I, Douglas Edward Stevenson, pro se. Declare that the above and aforegoing are true and correct to the best of my Knowledge. Done on this 28th day of September 2006.

Respectfully Submitted

*Douglas Edward Stevenson*
Douglas Edward Stevenson, pro se
A.I.S. # 228463-7-B-99. E.C.F.
200 Wallace Dr. PO Box 10
Clio, Alabama 36017