IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

DOUGLAS E. STEVENSON, #228063,  )
                                )
        Petitioner,             )
                                )
    v.                          )   CIVIL ACTION NO. 1:06-CV-898-MEF
                                )
GWENDOLYN MOSLEY, et al.,       )
                                )
        Respondents.            )

**O R D E R**

This cause is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief

filed by Douglas E. Stevenson ["Stevenson"], a state inmate, on September 28, 2006.  In

this petition, Stevenson challenges convictions for receiving stolen property (1 count) and

possession of forged instruments (4 counts) entered against him by the Circuit Court of

Houston County, Alabama on March 11, 2003.  These convictions became final by

operation of law on April 22, 2003.

The respondents filed an answer in which they argue that the instant habeas petition

is barred by the one-year limitation period applicable to 28 U.S.C. § 2254 petitions.  *See*

28 U.S.C. § 2244(d)(1).[1]  The respondents contend that because Stevenson's Houston

County convictions became final in 2003 -- **after** the effective date of the statute of

limitations -- Stevenson must have filed his § 2254 petition within a year of these

_____

[1]Subsection (d) was added by the Anti-Terrorism and Effective Death Penalty Act of 1996 (the
"AEDPA").  This Act became effective on April 24, 1996.

convictions becoming final, exclusive of the time that any properly filed state post-conviction petition related to the convictions remained pending in the state courts. The respondents concede that Stevenson filed a state post-conviction petition pursuant to Rule 32, *Alabama Rules of Criminal Procedure*, on September 9, 2003 which tolled the limitation period. However, they maintain that even allowing a tolling of the limitation period during the pendency of the aforementioned state petition the limitation period expired prior to petitioner filing the instant federal habeas petition. *Respondents' Answer* at 4-5. The respondents likewise acknowledge that Stevenson filed four (4) additional Rule 32 petitions beginning in May of 2005 with the last such petition filed in September of 2005 but argue that Stevenson filed these petitions after expiration of the one-year period of limitation and therefore such petitions failed to toll the limitation period relevant to the filing of a federal habeas petition as no period remained to be tolled. *Moore v. Crosby*, 321 F.3d 1377, 1381 (11th Cir. 2003); *Tinker v. Moore*, 255 F.3d 1331, 1333-1335 n.4 (11th Cir. 2001); *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir.), *cert. denied*, 531 U.S. 991, 121 S.Ct. 481, 148 L.Ed.2d 454 (2000). Thus, the respondents maintain that the present federal petition for habeas corpus relief "is untimely and should be dismissed with prejudice." *Respondents' Answer* at 5.

Upon review of the pleadings and evidentiary materials filed in this case, it is clear that Stevenson failed to file the instant § 2254 petition within the one-year period of limitation mandated by applicable federal law.

2

Title 28 U.S.C. § 2244(d)(1)(A) directs that the limitation period for filing a 28 U.S.C. § 2254 petition begins to run at the conclusion of direct review or upon expiration of the time for seeking direct review, whichever is later.  Where a petitioner preserves his right to file a  petition for writ of certiorari in the United States Supreme Court, the statute of limitations is tolled during the ninety-day period in which such action may be undertaken.  *Coates v. Byrd*, 211 F.3d 1225 (11th Cir. 2000) ("A judgment does not become 'final by the conclusion of direct review or by the expiration of the time for seeking such review,' *see* 28 U.S.C. § 2244(d)(1)(A), until the Supreme Court has had an opportunity to review the case or the time for seeking review has expired."); *Nix v. Secretary for Dept. of Corrections*, 393 F.3d 1235, 1236 (11th Cir. 2004) ("Section 2244(d)(1)(A) provides that the one-year limitations period in which a state prisoner has to file a writ for habeas corpus begins to run from 'the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.'").  Accordingly, a state court judgment of conviction becomes final under 28 U.S.C. § 2244 when the Supreme Court denies certiorari or the time to apply for certiorari expires.  *Id*.  However, the ninety-day period in which to seek certiorari from the United States Supreme Court does not count towards the one-year period of limitation only when a petitioner preserves his right to seek this relief.

The Circuit Court of Houston County, pursuant to Stevenson's guilty pleas, entered the receiving stolen property and possession of forged instrument convictions upon

Stevenson on March 11, 2003.  The trial court imposed sentence upon Stevenson for these

convictions on this same date.  Stevenson did not file a direct appeal of his convictions.

Since Stevenson failed to undertake the direct appeal process, the convictions challenged

in this petition became final on April 22, 2003 -- forty-two days after imposition of the

convictions and sentences -- as this is the date on which Stevenson's time to seek direct

review expired.  *See* Rule 4(b)(1), *Alabama Rules of Appellate Procedure*.  The one-year

period of limitation contained in section 2244(d)(1)(A) therefore began to run on April 23,

2003.

Title 28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed

application for State post-conviction or other collateral review with respect to the pertinent

judgment or claim is pending shall not be counted toward any period of limitation under

this section."  Accordingly, the court finds that the limitation period ran for 139 days after

Stevenson's convictions became final until the filing of a Rule 32 petition in the Circuit

Court of Houston County on September 9, 2003.  This post-conviction petition remained

pending in the state courts until final resolution occurred upon issuance of the certificate

of judgment by the Alabama Court of Criminal Appeals on February 11, 2004.

Consequently, as of the aforementioned date, Stevenson had 226 days of the applicable

limitation period remaining within which to file a federal habeas petition.  The limitation

period began to run again on February 11, 2004 and ran uninterrupted until its expiration

on September 25, 2004.  Although Stevenson filed four additional Rule 32 petitions - the

second and third Rule 32 petitions in May of 2005, the fourth Rule 32 petition in June of

2005 and the fifth such petition in September of 2005 - these collateral actions had no affect

on the running of the limitation period applicable to the pending federal habeas petition as

Stevenson filed such petitions after expiration of this time period.  *Moore v. Crosby*, 321

F.3d 1377, 1381 (11th Cir. 2003) ("While a 'properly filed' application for post-conviction

relief tolls the statute of limitations, it does not reset or restart the statute of limitations once

the limitations period has expired.  In other words, the tolling provision does not operate

to revive the one-year limitations period if such period has expired."); *Tinker v. Moore*, 255

F.3d 1331, 1335 n.4 (11th Cir. 2001) ("[A] properly filed petition in state court only tolls

the time remaining within the federal limitation period."); *Webster v. Moore*, 199 F.3d

1256, 1259 (11th Cir. 2000), *cert. denied*, 531 U.S. 991, 121 S.Ct. 481, 148 L.Ed.2d 454

(2000) ("[E]ven 'properly filed' state-court petitions must be 'pending' [during the one-

year period of limitation] in order to toll the limitations period.  A state court petition . . .

that is filed following the expiration of the limitations period cannot toll that period because

there is no period remaining to be tolled.").

Stevenson filed his federal habeas petition September 28, 2006.  Under the

circumstances of this case as outlined in this order, the one-year period of limitation

contained in 28 U.S.C. § 2244(d)(1) expired over two years prior to Stevenson filing the

instant § 2254 petition.  In light of the foregoing, it is

ORDERED that on or before November 20, 2006 the petitioner shall show cause

5

why his federal habeas petition should not be denied as it was not filed within the one-year

limitation period established by 28 U.S.C. § 2244(d)(1).

Done this 31st day of October, 2006.

_____/s/ Delores R. Boyd_____
DELORES R. BOYD
UNITED STATES MAGISTRATE JUDGE