In The United States District Court
For The Middle District of Alabama
Southern Division

| | |
|---|---|
| Douglas Stevenson #229063<br>Petitioner pro se<br><br>-vs-<br><br>Gwendolyn Mosley, et. al.<br>Respondents | Civil Action No: 1:06-CV-898-MEF<br>Re: Habeas Corpus Action<br>State Court Case numbers<br>02-016512, 02-1166.62, 02-1167.62<br>02-1169-62, 02-1170.62<br>case here: 1:06-CV-898-MEF |

## Motion For An Extension of Time

Comes now Petitioner Douglas Stevenson pro se pursuant to Rule 41 and any other appropriate Rule authority or statute herein respectfully moves this Honorable Court for an extension of time in which to prosecute this cause of action for just cause as will be shown and explained herein.

### First A Challenge To Respondents Answer

Petitioner challenges and objects to Respondents Answer in its entirety as They speak in a prevaricative manner, attempting to mislead

-1-

This Honorable Court by claiming that Petitioner filed a series of Rule 32s, when in reality he only filed two post-conviction challenges and yes the first one was on or around Sept 9th 2003 which was denied by the trial Court who failed to address the merits of it, so Petitioner having an illegal sentence - which can be challenged at any time, filed his second ones pursuant to State law governing same - which the State is attempting to use illegally as an excuse to justify having this Petitioner's second case dismissed - which it did. Now they continue arguing unjustifiable the same argument in this case at bar - they are attempting deceit to have this meritorious case at bar dismissed - they really can not get their act together or their story.

Then because Petitioner was not given an Evidentiary hearing in State Court on his claims, he is entitled to one in Federal Court before his case is decided Medina -vs- Barnes 71 F.3d 363 (10 Cir. 1995)

Then because there is no statute of limitation on a challenge to an illegal sentence as we have here, this Honorable Court has jurisdiction to hear it and decide the merits of it, see

Hunt -vs- State 659 So.2d 998 (Ala. Crim App. 1994)

U.S. -vs- Stepletion 268 F.3d 597 (8 Cir. 2001)

-2-

Furthermore, Petitioner did not file four additional Rule 32's as cited on page 4, bottom para, of said order, as a review of the attach exhibit marked "A" shows that Petitioner only filed Two the first one on Sept. 9, 2003 which was denied by the trial court without addressing the merits of it. The second one on Sept 15th 2005 was also summary dismissed without the Trial court addressing the merits of it. Because an illegal sentence by law can be challenged at any Time There is no statute of limitation to challenge such illegal sentence - which is an jurisdictional claim. Kiland -vs- State 668 So. 2d 147 (Ala. Crim. App 1995) and also see Alabama Code Title 6-2-8 which suspens the Time limitation in civil action for inmates in prison in Alabama and the U.S. Supreme Court held in Hardin -vs- Straub 109 S.Ct. 1998, 1999 (1989) that Federal Courts must apply State statutes in Federal court action. In Petitioner's case here, the trial court failed to abide by the States own rules in refusing to enter specific findings of fact in denying or dismissing a Rule 32 petition see Shaw -vs- State 668 So. 2d 98 (Al. Crm. App. 1995)

So considering the fact that Petitioner's last (and second one) Rule 32 was filed on Sept. 15 2005 and the end result was on September 2006,

- 3 -

This Federal Habeas corpus at bar was filed within the one year period governing such action. Therefore Petitioner believes the Magistrate erred in her findings and order dated October 31, 2006 sub judice, saying that the one year statute of limitation for Petitioner ended on September 25, 2004. That may have been so - if the trial court had ruled on the merits of Petitioner's first Rule 32 action - but it didn't. Therefore Petitioner had a right to file a second Rule 32 in an attempt to force the trial court to address the merits of Petitioner's post-conviction challenge by way of a Rule 32 action, see
<u>Esslinger -vs- Davis 44 F.3d 1515 (11 Cir. 1995)</u>
Then all of Petitioner's priors were misdemeanors which the trial court used illegally to enhance Petitioner sentence
<u>Avery -vs- State 825 So.2d 125 (Ala. Crim App. 1995)</u>

The core issue the Magistrate ordered this Petitioner to address, was - is - why this federal Habeas corpus petition should not be dismissed, as (according to said Magistrate) it was not filed within the one year limitation period established by 28 U.S.C. section 2244 (d)(1) ... Petitioner addressed the first part of that answer in the above action here and furthermore there is no

- 4 -

inmate legal assistant program of any kind in Easterling institute and it's law library is completely inadequate in size and material (law books). Petitioner is a layman unschooled in legal knowledge or action and unable to do any such work himself (this action is being prepared for him by a friend) so his ignorance should not be grounds to punish him in dismissing this petition - there is inadequate access to the institutions' law library also.

Then Petitioner's second Rule 32 petition filed on or around Sept. 15th 2005 was properly filed because pursuant to State and Federal authorities a second Rule 32 filed is not barred or considered a successive petition when the first one was not addressed properly and or illegally dismissed. John-vs-State 724 So.2d 72 (Ala. Crim. App. 1993) and see other authorities cited in this motion. So contrary to what the Magistrate held, Petitioner argues the one year statute of limitation governing Federal Habeas Corpus action regarding an inmate confined in a State prison - should not have started to run till Petitioner's second Rule 32 filed on Sept. 15, 2005 action had run it's course in States courts Shaw-vs-State 668 So.2d 98 (Ala. Crim. App. 1995)

-5-

It is well established that pursuant to Rule 12(b) this Honorable Court must accept as true all of Petitioner's allegations and view them in light most favorable to Petitioner and draw all inference in Petitioner's favor. Please see Jelly-vs-Klein 923 F. Supp. 931 (Tex. 1996, Key 8-12 on 943-1d

## Motion For Extension of Time

Petitioner respectfully moves this Honorable Court for an extension of time as to any more action taken on this case, because Petitioner needs the assistance of legal counsel in this cause as Petitioner is a layman, unschooled in law (this is being prepared for Petitioner by another inmate) and will need the assistance of a trained attorney to conclude this action, for that reason, and Petitioner will be released from prison shortly, on or in the month of April 2007 at which time he will attempt to obtain a free-world attorney to conclude this cause of action.

It is so prayed.   Respectfully submitted
s/ Douglas E. Stevenson
Douglas Stevenson pro se

Subscribed to m Nov 15th 2006
s/ Donald Simmons
Notary   my commission expires on

DONALD SIMMONS
Notary Public, AL State at Large
My Comm. Expires Aug. 3, 2009

-6-

## Certificate of Service

Douglas Stevenson herein avows and states under oath that a true copy of the attach Motion For Extension of Time in Case No. 1:06-CV-898-MEF is being sent by U.S. mail properly addressed to the Respondents Attorneys at their listed address

    John M. Porter Esq.
    Assistant Attorney General
    Alabama State House
    11 South Union Street
    Montgomery, Alabama 36130-0152

on November 13th 2006

    s/ Douglas E. Stevenson
    Douglas Stevenson - Affiant
    AIS. No. 228063 on 7-B-48
    Easterling Corr. Fa
    200 Wallace Drive
    Clio, Alabama 36017

Subscribed and sworn to before me a Notary Public on November 13th 2006

s/ Donald Simmons

Notary my commission expires on ____

DONALD SIMMONS
Notary Public, AL State at Large
My Comm. Expires Aug. 3, 2009

-7-

Exhibit "A"

```
  0372              ALABAMA JUDICIAL INFORMATION SYSTEM     CASE: CC 2002 001170.62
  R: RHM                    CASE ACTION SUMMARY
PAGE:    1                  CIRCUIT   CRIMINAL             RUN DATE: 09/16/2005
==========================================================================
                                                             JUDGE: SEJ
IN THE CIRCUIT COURT OF   HOUSTON

STATE   OF   ALABAMA                    VS     STEVENSON DOUGLAS EDWARD
                                               EASTERLING CORR. FAC.
CASE: CC 2002 001170.62                        2100 WALLACE DR
                                               CLIO, AL  36017 0000

DOB: 04/25/1957         SEX: M  RACE: B  HT: 5 08  WT: 180  HR: BLK EYES: BRO
SSN: 077506735  ALIAS NAMES:
==========================================================================
CHARGE01: RULE 32-FELONY     CODE01: RULE   LIT: RULE 32-FELONY TYP: F #: 001
OFFENSE DATE:                         AGENCY/OFFICER:

DATE WAR/CAP ISS:                     DATE ARRESTED:
DATE     INDICTED:                    DATE    FILED: 09/15/2005
DATE    RELEASED:                     DATE  HEARING:
BOND        AMOUNT:          $.00           SURETIES:

DATE 1:           DESC:                     TIME: 0000
DATE 2:           DESC:                     TIME: 0000

TRACKING NOS: DC 2002 001489 00    /                      /

    DEF/ATY: PRO SE                 TYPE: A                         TYPE:

                                    00000                           00000

PROSECUTOR: VALESKA DOUGLAS A
==========================================================================
OTH CSE: DC200200148900   CHK/TICKET NO:              GRAND JURY:
COURT REPORTER:           SID NO:      000000000
       STATUS: JAIL       DEMAND: Y                   OPER: RHM
==========================================================================
DATE           ACTIONS,   JUDGEMENTS,   AND   NOTES
==========================================================================
```

| DATE | ACTIONS, JUDGEMENTS, AND NOTES |
|---|---|
| 9-15-05 | Rule 32 Petition; Petition for Relief from Conviction or Sentence. |
|  | In Forma Pauperis Declaration. |
|  | 9/20/05 Free filing authorized. In that free filing has been previously authorized for petitions in the past, Defendant is allowed 15 additional days to amend his petition as to any additional or further claims which he might have as free filing will not be available in the future. 9-21-05 N: DA + deft |
|  | /s/ CIRCUIT JUDGE |
| 09-27-05 | Motion for Summary Disposition. |
| 10-11-05 | This is defendant's 2nd petition on this same issue. The dismissal of that petition was affirmed 1/23/04. This petition also fails to state a claim and is contrary to the record, therefore it is dismissed. /s/Jackson, Judge |
|  | 10-14-05 N: Deft |

```
                    ALABAMA DEPARTMENT OF CORRECTIONS          INST:    235
                              INMATE SUMMARY  03/21/2003       CODE:  CIADM
CBR716-3
            EXHIBIT - A-2
***************************************************************************

AIS: 00228063   INMATE: STEVENSON, DOUGLAS EDWARD       RACE: B   SEX: M

INST: 235 - HOUSTON                          DORM: 00   JAIL CR: 000Y 08M 19D

DOB: 04/25/1957  SSN: 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

ALIAS: CHRISTOPHER, SC

ADM DT: 03/11/2003  DEAD TIME: 000Y 00M 00D

ADM TYP: NEW COMIT FROM CRT W/O REV OF      STAT: NEW COMIT FROM CRT W/O REV OF

CURRENT CUST: OTH-4   CURRENT CUST DT: 03/11/2003   PAROLE REVIEW DATE: - NONE -

SECURITY LEVEL: NO CLASSIFICATION RECORD FOUND

SERVING UNDER ACT446 LAW IN CLASS III        CURRENT CLASS DATE:  03/11/2003
INMATE IS EARNING : EARNS 20 DAYS FOR EACH 30 SERVED

                                                          JL+CR      TERM
COUNTY       SENT DT   CASE NO    CRIME                  0338D  015Y 00M 00D CS
HOUSTON     03/11/03  N02000165  RECV STOLEN PROPERTY II
            ATTORNEY FEES : $000000      HABITUAL OFFENDER : Y
            COURT COSTS   : $0000273     FINES : $0001500    RESTITUTION : $0000750
HOUSTON     03/11/03  N02001166  CRIM POSS OF FORGED INSTRU  0259D  015Y 00M 00D CC
            ATTORNEY FEES : $002225      HABITUAL OFFENDER : Y
            COURT COSTS   : $0000281     FINES : $0001500    RESTITUTION : $0000750
HOUSTON     03/11/03  N02001168  CRIM POSS OF FORGED INSTRU  0259D  015Y 00M 00D CC
            ATTORNEY FEES : $000000      HABITUAL OFFENDER : Y
            COURT COSTS   : $0000281     FINES : $0001500    RESTITUTION : $0000750
HOUSTON     03/11/03  N02001169  CRIM POSS OF FORGED INSTRU  0259D  015Y 00M 00D CC
            ATTORNEY FEES : $000000      HABITUAL OFFENDER : Y
            COURT COSTS   : $0000281     FINES : $0001500    RESTITUTION : $0000750
HOUSTON     03/11/03  N02001170  CRIM POSS OF FORGED INSTRU  0273D  015Y 00M 00D CC
            ATTORNEY FEES : $000000      HABITUAL OFFENDER : Y
            COURT COSTS   : $0000281     FINES : $0001500    RESTITUTION : $0000750

                                                                    LONG DATE
  TOTAL TERM     MIN REL DT      GOOD TIME BAL     GOOD TIME REV    06/21/2017
 015Y 00M 00D   07/27/2007      000Y 00M 14D      000Y 00M 00D

INMATE LITERAL:
***************************************************************************

DETAINER WARRANTS SUMMARY
    INMATE CURRENTLY HAS NO DETAINER WARRANT RECORDS
***************************************************************************

ESCAPEE-PAROLE SUMMARY

    INMATE CURRENTLY HAS NO PAROLE RECORDS

    INMATE CURRENTLY HAS NO PROBATION 754 RECORDS

    INMATE HAS NO ESCAPES FROM ALABAMA D.O.C.
    SINCE O.B.S.C.I.S. RECORDING BEGAN IN 1978
                        CONTINUED ON NEXT PAGE
```