IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DOUGLAS E. STEVENSON, #228063, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 1:06-CV-898-MEF |
| ) | [WO] |
| ) | |
| GWENDOLYN MOSLEY, et al., ) | |
| ) | |
| Respondents. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

In this 28 U.S.C. § 2254 action, Douglas Edward Stevenson ["Stevenson"] challenges convictions for receiving stolen property (1 count) and possession of forged instruments (4 counts) imposed upon him on March 11, 2003 by the Circuit Court of Houston County, Alabama.[1] On November 27, 2006, Stevenson filed a motion for writ of injunction in which he requests that this court enter "a writ of injunction ordering [Alabama] prison officials to cease and desist from their decision to send petitioner to the State of New Jersey upon the experation (sic) of the sentence[s] he is serving" as neither the records of Essex County, New Jersey nor those of the New Jersey Department of Corrections contain a warrant or detainer for an individual named Douglas Edward Stevenson. *Court Doc. No. 11* at 1-2. In light of the request for immediate injunctive relief, the court construes this motion for

---

[1] The records of this court show that Douglas Edward Stevenson is one and the same person as David A. Thomas, a parole violator and fugitive from justice from the State of New Jersey on 1979 convictions for rape and armed while committing rape entered against him by the Superior Court of Essex County. *See Stevenson v. Mosley, et al.*, Civil Action No. 05-CV-271-MEF at Court Doc. No. 36.

writ of injunction as a motion for preliminary injunction pursuant to Rule 65, *Federal Rules of Civil Procedure*. Upon consideration of the motion for preliminary injunction, it is clear that this motion is due to be denied.

**DISCUSSION**

The decision to grant or deny a preliminary injunction "is within the sound discretion of the district court ..." *Palmer v. Braun,* 287 F.3d 1325, 1329 (11th Cir. 2002). The four prerequisites which Stevenson must demonstrate to warrant issuance of a preliminary injunction by this court are: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury without the injunction; (3) that the harm to Stevenson outweighs the harm to the non-moving parties; and (4) that an injunction would be in the interest of the public. *Palmer,* 287 F.3d at 1329; *Cate v. Oldham*, 707 F.2d 1176 (11th Cir. 1983); *Shatel Corp. v. Mao Ta Lumber and Yacht Corp.*, 697 F.2d 1352 (11th Cir. 1983). "[A] preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the burden of persuasion" as to each of the four prerequisites. *See McDonald's Corp. v. Robertson,* 147 F.3d 1301, 1306 (11th Cir. 1998) (internal citations and quotations omitted); *see also Texas v. Seatrain Int'l, S.A.,* 518 F.2d 175, 179 (5th Cir. 1975) (grant of preliminary injunction "is the exception rather than the rule," and movant must clearly carry the burden of persuasion). The moving party's failure to demonstrate a "substantial likelihood of success on the merits" may defeat the party's claim, regardless of the party's ability to establish any of the other elements. *Church v. City of Huntsville*, 30

2

F.3d 1332, 1342 (11th Cir. 1994); *see also Siegel v. Lepore,* 234 F.3d 1163, 1176 (11th Cir. 2000) (noting that "the absence of a substantial likelihood of irreparable injury would, standing alone, make preliminary injunctive relief improper.").

Stevenson fails to establish a substantial likelihood of success on the merits or that issuance of an injunction would be in the public interest. Specifically, evidentiary materials submitted to this court demonstrate that on July 11, 2002 the Governor of the State of New Jersey issued a warrant for the surrender of David Thomas, who is also known as Douglas Edward Stevenson, to New Jersey law enforcement officials immediately upon this inmate's release from the Alabama Department of Corrections. *Stevenson v. Mosley, et al.*, Civil Action No. 05-CV-271-MEF (M.D. Ala.), Court Doc. No. 11 - Exhibit 5 at p. 7. The Governor of New Jersey executed this warrant due to a parole violation warrant issued by the New Jersey State Parole Board on May 21, 2002. *Id.* at p. 11. The Governor of the State of Alabama honored the New Jersey Governor's warrant and ordered any authorized law enforcement officer "to arrest the said fugitive if he/she be found within the limits of this State, and to deliver him/her into the custody of the ... **THE DULY AUTHORIZED AGENT(S)** of the State of **NEW JERSEY**." *Id.* at 5. Stevenson has failed to submit any evidence that the July 11, 2002 warrant issued by the Governor of New Jersey arising from his violation of parole is no longer in effect.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The petitioner's motion for preliminary injunction be denied.

2. This case be referred back the undersigned for additional proceedings.

It is further

ORDERED that on or before December 11, 2006 the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, en banc), adopting as binding precedent all of the decisions of the former Fifth Circuit Court of Appeals handed down prior to the close of business on September 30, 1981.

Done this 28th day of November, 2006.

                                        **/s/ Delores R. Boyd**
                                        UNITED STATES MAGISTRATE JUDGE