<u>In The United States District Court</u>
<u>For The Middle District of Alabama</u>
<u>Southern Division</u>

Douglas Edward Stevenson
Petitioner-Plaintiff

-vs-

Gwendolyn Mosley, et. al.,
Respondents-Defendants

Re: civil half case
No. 2:05-cv-271-MEF

Habeas Corpus half case
No: 1:06-CV-898-MEF

<u>Motion For Reconsideration</u>

Comes now Petitioner-Plaintiff Douglas Edward Stevenson with legal assistance from inmate John Strong who herein respectfully files and submits his Motion For Reconsideration in regards to Honorable Judge Mark E Fuller's Order dated December 22ⁿᵈ 2006 in regards to the Habeas Corpus half of this case at bar (1:06-CV-898-MEF) and will show the following:

As refered to above, this cause of action has two parts - one Habeas Corpus and the other half

-1-

is a civil action law suit for damages and they both originates out of the same cause of action by prison officials and the Governors cited. Each claim overlaps the other.

Petitioner can understand This Honorable Court dismissing the extension of time request on the Habeas Corpus claim, because once released from prison - the Habeas Corpus half dies by operation of law, but the civil action claim for damage lives on. This is where Plaintiff now seeks reconsideration on by this Honorable Court, because more time is needed for this Plaintiff to develope the records through the necessary discoveries, interrogatories and etc.

Due to Plaintiffs' incarceration in an institution that not only deprives an inmate of adequate access to the institution's law library - which is completely inadequate and has no legal assistance program, but the institution has an illegal restrive rules governing inmate giving legal assistance to other inmates such as Plaintiff Stevenson who's a layman at law. (This issue is pending in another cause of action- Strong-vs-Mosley case no. CV-1314 in Montgomery Circuit Court)

-2-

More time is needed by Plaintiff Stevenson in order for him to properly develope his pending civil complaint or second half of his Habeas Corpus cause, which is a good, legitimate cause of action. Because Plaintiff is handicapped in more ways then one, he needs the assistance of a qualified free-world civil attorney, who won't be restricted as inmate Strong is - who is facing threat of disciplinary action by Warden Mosley's guards if they catch him preparing this motion for Plaintiff.

So Plaintiff Stevenson moves for appointment of counsel in this Motion For Reconsideration for yet another good reason. Plaintiff Stevenson's inmate assistance Strong had prepared Plaintiffs' Reply and Answer to the November 28th 2006 Recomendation of the Magistrates Judge's order at issue and prison officials illegally confiscated that Answer - preventing Plaintiff from filing his objections thereto and to this day, refuses to return those documents and papers to Plaintiff Stevenson, and they knew that Plaintiff had a dead-line in order to file his objections and Answer. Another lawsuit is being prepared over that illegal confiscation.

-3-

## Conclusion

Wherefore premises considered Plaintiff Stevenson respectfully moves this Honorable Court for an appointment of counsel for this Plaintiff so that the records can be properly developed and therefore an extension of time would be also appropriate for obvious reasons cited.

It is so prayed

Respectfully Submitted
S/ Douglas E. Stevenson
Douglas Edward Stevenson
Plaintiff pro se

## Certificate of Service

Douglas E. Stevenson herein avows and state under oath that a true copy of the above and foregoing Motion for Reconsideration is being sent by U.S. mail properly addressed to defendants listed attorney of record on January 10th 2007

S/ Douglas E. Stevenson
Douglas Edward Stevenson - Affiant

Subscribed to on Jan 11th 07.
S/ Donald Simmons
Notary my commission expires on ___

DONALD SIMMONS
Notary Public, AL State at Large
My Comm. Expires Aug. 3, 2009

- 4 -