IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

RECEIVED

2007 MAY -8  P 3: 35

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA.

| | | |
|---|---|---|
| DOUGLAS E. STEVENSON, | ) | |
| AIS# 228063 | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| VS. | ) | CIVIL ACTION NO. |
| | ) | 1:06-CV-898-MEF |
| | ) | |
| GWENDOLYN MOSLEY, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

**RESPONDENTS' RESPONSE TO COURT'S ORDER
ISSUED ON APRIL 30, 2007 TO SHOW CAUSE AND
FILE SUPPLEMENTAL ANSWER**

Come now Respondents, by and through the Attorney General of the State of
Alabama, and file their response to this Court's orders dated April 20, 2007.  In
Order [21] this Court ordered the Respondents to show cause why they failed to
respond to this Court's order issued on October 31, 2006 and, in compliance with
the original order, to file a supplemental answer containing the Rule 32 petitions
filed by Stevenson and all state court decisions addressing those petitions.  In
response, Respondents file the following answer and exhibits.

1.    The Respondent's failure to respond to this Court's Order issued on
October 31, 2006 was the result of an inadvertent oversight by the undersigned.

2.      Attached as Exhibits A, B, and C are the 15[1] Rule 32 petitions filed by Stevenson and the state court orders addressing those petitions. Exhibit A contains the record in Houston County CC-2002-165.60 and CC-2002-1166.60 thru 1170.60 (CR-03-0200).  Exhibit B contains the record in Houston County CC-2002-165.61 and CC-2002-1166.61 thru 1170.61 (CR-04-1992).  Exhibit C contains the record in Houston County CC-2002-165.62 and CC-2002-1166.62 thru 1170.62 (CR-05-0321).

Respectfully submitted,

Troy King
Attorney General
By-


John M. Porter
Assistant Attorney General

---

[1] In its October 31, 2006 order, this Court refers to five Rule 32 petitions filed by Stevenson.  As indicated in the Alacourt.org case action summary sheets in the State's initial submission, however, Stevenson has filed three series of Rule 32 petitions addressing five convictions each.

## CERTIFICATE OF SERVICE

I hereby certify that on this <u>8th</u> day of May, 2007, I served a copy of the

foregoing on Stevenson, by placing the same in the United States Mail, first class,

postage prepaid and addressed as follows:

> Douglas E. Stevenson
> AIS 228063 – 7-B-48
> Easterling Correctional Facility
> 200 Wallace Drive
> Clio, AL  36017

John M. Porter
Assistant Attorney General

ADDRESS OF COUNSEL:

Office of the Attorney General
Criminal Appeals Division
11 South Union Street
Montgomery, AL  36130
(334) 242-7300

263576

3

Notice: This unpublished memorandum should not be cited as precedent. See Rule 54, Ala.R.App.P. Rule 54(d), states, in part, that this memorandum "shall have no precedential value and shall not be cited in arguments or briefs and shall not be used by any court within this state, except for the purpose of establishing the application of the doctrine of law of the case, res judicata, collateral estoppel, double jeopardy, or procedural bar."

# Court of Criminal Appeals

State of Alabama

Judicial Building, 300 Dexter Avenue

*Porter*
*60687*

**P. O. Box 301555**

**Montgomery, AL 36130-1555**



RELEASED

JAN 23 2004

CLERK
ALA COURT CRIMINAL APPEALS

H.W."BUCKY" McMILLAN
Presiding Judge
SUE BELL COBB
PAMELA W. BASCHAB
GREG SHAW
A. KELLI WISE
Judges

Lane W. Mann
Clerk
Wanda K. Ivey
Assistant Clerk
(334) 242-4590
Fax (334) 242-4689

### MEMORANDUM

CR-03-0200

Houston Circuit Court CC-02-165.60,
CC-02-1166.60, CC-02-1168.60,
CC-02-1169.60, and CC-02-1170.60

## Douglas Edward Stevenson v. State of Alabama

Baschab, Judge.

On March 11, 2003, pursuant to a negotiated agreement, the appellant pled guilty to one count of second-degree receiving stolen property and four counts of second-degree criminal possession of a forged instrument. The trial court sentenced him, as a habitual offender, to serve concurrent terms of 15 years in prison on each conviction. See §13A-5-9(c)(1), Ala. Code 1975. The appellant did not appeal his convictions. On September 9, 2003, he filed a Rule 32 petition, challenging his convictions. After the State responded, the circuit court summarily denied the petition. This appeal followed.

EXHIBIT

A

PENGAD 800-631-6989

I.

The appellant argues that his sentences exceed the maximum authorized by law.  Specifically, he contends that the trial court improperly sentenced him as a habitual offender because "[t]he record is totally silent as to [him] having any prior felony convictions for the purpose of the Habitual Offender Act."  (Appellant's brief at p. 1.)  However, the transcript of the guilty plea proceedings indicates that the appellant admitted that he had at least three prior felony convictions and that he understood that the sentences he had negotiated were based on application of the Habitual Felony Offender Act.  Therefore, the appellant's argument is without merit.

II.

The appellant also argues that the State did not give notice of its intent to proceed pursuant to the Habitual Felony Offender Act.  This claim is precluded because he could have raised it at trial and on direct appeal, but did not.  See Rule 32.2(a)(3) and (5), Ala. R. Crim. P.  Therefore, the appellant is not entitled to relief in this regard.

Because the appellant's claims were without merit or precluded, the circuit court properly summarily denied his petition.  See Rule 32.7(d), Ala. R. Crim. P.  Accordingly, we affirm the circuit court's judgment.

**AFFIRMED.**

McMillan, P.J., and Cobb, Shaw, and Wise, JJ., concur.

COURT OF CRIMINAL APPEALS NO. CR-03-0200

# APPEAL TO ALABAMA COURT OF CRIMINAL APPEALS

FROM

CIRCUIT COURT OF _____HOUSTON_____ COUNTY, ALABAMA

CIRCUIT COURT NO. __CC-2002-165.60, CC-2002-1166.60 thur__
1170.60

CIRCUIT JUDGE _____Edward Jackson_____

Type of Conviction / Order Appealed From: _____Rule 32_____

Sentence Imposed: _Petition Denied_____

Defendant Indigent: [X] YES  [ ] NO

Douglas Edward Stevenson_____

Pro - Se      AIS # 228063_____                    NAME OF APPELLANT
(Appellant's Attorney)                    (Telephone No.)
P. O. Box 10_____
(Address)
Clio,              Alabama          36017
(City)              (State)          (Zip Code)

V.

STATE OF ALABAMA
_____                    NAME OF APPELLEE
(State represented by Attorney General)
NOTE: If municipal appeal, indicate above, and enter
name and address of municipal attorney below.

_____

_____

(For Court of Criminal Appeals Use Only)

CLERK'S INDEX OF RECORD

CASE ACTIONS                                                      1 - 10

PETITION                                                         11 - 22

INFORMA PAUPERIS DECLARATION                                     23 - 25

FREE FILING AUTHORIZED                                           26

MOTION FOR SUMMARY DISPOSITION                                   27 - 28

ORDER FOR COURT REPORTER TO PREPARE COLLOQUY                     29

COURT REPORTER'S PROCEEDINGS                                     30 - 42

PETITION DENIED                                                  43

PETITIONER'S OPPOSITION TO THE MOTION FOR SUMMARY DISPOSITION    44 - 46

NOTICE OF APPEAL                                                 47

REPORTER'S TRANSCRIPT ORDER                                      48

DOCKETING STATEMENT                                              49 - 50

FREE TRANSCRIPT ORDERED                                          51

CLERK'S NOTICE OF APPEAL                                         52

COURT OF CRIMINAL APPEALS REQUEST FOR TRANSCRIPT                 53

REQUEST FOR TIME EXTENSION FAXED                                 54 - 55

CERTIFICATE OF COMPLETION                                        56

```
ACR0372                 ALABAMA JUDICIAL INFORMATION SYSTEM      CASE: CC 2002 000165.60
OPER: STW                        CASE ACTION SUMMARY
PAGE: 1                          CIRCUIT  CRIMINAL                 RUN DATE: 09/10/2003
============================================================================
    THE CIRCUIT COURT OF  HOUSTON                                       JUDGE: SEJ

STATE  OF  ALABAMA                   VS      STEVENSON DOUGLAS EDWARD
                                             EASTERLING CORR. FAC.
CASE: CC 2002 000165.60                      P. O. BOX 10
                                             CLIO, AL  36017 0000

DOB: 04/25/1957          SEX: M RACE: B  HT: 5 08  WT: 180   HR: BLK EYES: BRO
SSN: 077506735  ALIAS NAMES:
============================================================================
CHARGE01: RULE 32-FELONY       CODE01: RULE  LIT: RULE 32-FELONY TYP: F #: 001
OFFENSE DATE:                          AGENCY/OFFICER:

DATE WAR/CAP ISS:                      DATE ARRESTED:
DATE     INDICTED:                     DATE     FILED: 09/09/2003
DATE     RELEASED:                     DATE   HEARING:
BOND       AMOUNT:          $.00       SURETIES:

DATE 1:           DESC:                TIME: 0000
DATE 2:           DESC:                TIME: 0000

TRACKING NOS:                    /                         /

  DEF/ATY:                         TYPE:                            TYPE:

                           00000                       00000

PROSECUTOR:
============================================================================
OTH CSE:  000000000000 CHK/TICKET NO:                    GRAND JURY:
RT REPORTER:                    SID NO:       000000000
  STATUS: JAIL                  DEMAND: Y                          OPER: STW
============================================================================
DATE          ACTIONS, JUDGEMENTS,  AND NOTES
============================================================================
```

| DATE | ACTIONS, JUDGEMENTS, AND NOTES |
|---|---|
| 9-9-03 | Filed Petition for Rule 32 per Judge's Order. |
| 9-23-03 | Motion for Summary Disposition. |
| 9/26/03 | Court reporter to transcribe at least the portions of the prior colloquy dealing with H ab Off act & prior (include print) 3-4 pages _(signature), J_ |
| 10/3/03 | D's Petition is denied as he has failed to state a claim. His allegation that he said does not show his prior conviction is contrary to his admission of same on page 4 of the Court Reporters Transcript. _(signature), J_ 10-8-03 N. Dyt, DA |
| 10-17-03 | Filed Notice of Appeal. |

10/22/03 - Free Transcript ordered.

11-6-03 N. Dyt.

_Edward Jackson, Judge_

2

11-6-03    Mailed Clerk's Notice of Appeal to CCA, AG, DA, Deft.

3

```
ACR0372            ALABAMA JUDICIAL INFORMATION SYSTEM      CASE: CC 2002 001166.60
OPER: STW                    CASE ACTION SUMMARY
PAGE:  1                    CIRCUIT  CRIMINAL                  RUN DATE: 09/10/2003
=============================================================================
  THE CIRCUIT COURT OF  HOUSTON                                    JUDGE: SEJ

STATE  OF  ALABAMA                  VS       STEVENSON DOUGLAS EDWARD
                                             EASTERLING CORR. FAC.
CASE: CC 2002 001166.60                      P. O. BOX 10
                                             CLIO, AL  36017 0000

DOB: 04/25/1957         SEX: M  RACE: B  HT: 5 08  WT: 180   HR: BLK EYES: BRO
SSN: 077506735  ALIAS NAMES:
=============================================================================
CHARGE01: RULE 32-FELONY       CODE01: RULE  LIT: RULE 32-FELONY TYP: F #: 001
OFFENSE DATE:                          AGENCY/OFFICER:

DATE WAR/CAP ISS:                      DATE ARRESTED:
DATE      INDICTED:                    DATE    FILED: 09/09/2003
DATE     RELEASED:                     DATE  HEARING:
BOND        AMOUNT:         $.00          SURETIES:

DATE 1:          DESC:                   TIME: 0000
DATE 2:          DESC:                   TIME: 0000

TRACKING NOS:                  /                        /

  DEF/ATY:                        TYPE:                      TYPE:

                        00000                    00000

PROSECUTOR:
=============================================================================
OTH CSE:   000000000000 CHK/TICKET NO:                    GRAND JURY:
  RT REPORTER:                    SID NO:     000000000
   STATUS: JAIL                   DEMAND: Y                    OPER: STW
=============================================================================
DATE        ACTIONS, JUDGEMENTS, AND  NOTES
=============================================================================
```

| DATE | ACTIONS, JUDGEMENTS, AND NOTES |
|------|-------------------------------|
| 9-9-03 | Filed Petition for Rule 32 per Judge's Order. |
| 9-23-03 | Motion for Summary Disposition. |
| 9-24-03 | *See Order 02-165* |
| | *Edward [signature], Judge* |
| 10/3/03 | *See Order CC 02 165* |
| 10-8-03 | *N. Def.* *Edward [signature], Judge* |
| | *DA.* |
| 10-17-03 | Filed Notice of Appeal. |
| 10/22/03 | *Free Transcript ordered.* |
| | *N. Def* |
| | *Edward [signature], Judge* |

11-6-03   Mailed Clerk's Notice of Appeal to CCA, AG, DA, Deft.

4

```
ACRO372           ALABAMA JUDICIAL INFORMATION SYSTEM      CASE: CC 2002 001168.60
OPER: STW                   CASE ACTION SUMMARY
PAGE:   1                   CIRCUIT  CRIMINAL              RUN DATE: 09/10/2003
     =============================================================================
     THE CIRCUIT COURT OF  HOUSTON                              JUDGE: SEJ

STATE  OF  ALABAMA                  VS      STEVENSON DOUGLAS EDWARD
                                            EASTERLING CORR. FAC.
CASE: CC 2002 001168.60                     P. O. BOX 10
                                            CLIO, AL  36017 0000

DOB: 04/25/1957          SEX: M  RACE: B  HT: 5 08  WT: 180   HR: BLK EYES: BRO
SSN: 077506735  ALIAS NAMES:
     =============================================================================
CHARGE01: RULE 32-FELONY        CODE01: RULE  LIT: RULE 32-FELONY TYP: F #: 001
OFFENSE DATE:                           AGENCY/OFFICER:

DATE WAR/CAP ISS:                       DATE ARRESTED:
DATE     INDICTED:                      DATE    FILED: 09/09/2003
DATE    RELEASED:                       DATE  HEARING:
BOND       AMOUNT:          $.00        SURETIES:

DATE 1:          DESC:                  TIME: 0000
DATE 2:          DESC:                  TIME: 0000

TRACKING NOS:                    /                      /

  DEF/ATY:                      TYPE:                      TYPE:

                           00000                  00000

PROSECUTOR:

     =============================================================================
OTH CSE:  000000000000 CHK/TICKET NO:                  GRAND JURY:
    RT REPORTER:                    SID NO:      000000000
    STATUS: JAIL                    DEMAND: Y                     OPER: STW
     =============================================================================
DATE            ACTIONS, JUDGEMENTS, AND NOTES
     =============================================================================
```

| DATE | ACTIONS, JUDGEMENTS, AND NOTES |
|---|---|
| 9-9-03 | Filed Petition for Rule 32 per Judge's Order. |
| 9-23-03 | Motion for Summary Disposition. |
| 9-26-03 | See Order CC02-165 |
| | Edward Jackson, Judge |
| 10/3/02 | See Order CC-02-165 |
| 10-8-03 | N. Pa. Dgt   Edward Jackson, Judge |
| 10-17-03 | Filed Notice of Appeal. |
| 10/22/03 | Free Transcript Ordered |
| | N. Dgt   Edward Jackson, Judge |

11-6-03    Mailed Clerk's Notice of Appeal to CCA, AG, DA, Deft.                                       6

```
ACR0372              ALABAMA JUDICIAL INFORMATION SYSTEM      CASE: CC 2002 001169.60
OPER: STW                     CASE ACTION SUMMARY
PAGE: 1                        CIRCUIT CRIMINAL                  RUN DATE: 09/10/2003
         ===========================================================================
THE CIRCUIT COURT OF HOUSTON                                          JUDGE: SEJ

STATE OF ALABAMA                   VS     STEVENSON DOUGLAS EDWARD
                                          EASTERLING CORR. FAC.
CASE: CC 2002 001169.60                   P. O. BOX 10
                                          CLIO, AL  36017 0000

DOB: 04/25/1957          SEX: M  RACE: B  HT: 5 08  WT: 180   HR: BLK EYES: BRO
SSN: 077506735  ALIAS NAMES:
         ===========================================================================
CHARGE01: RULE 32-FELONY        CODE01: RULE  LIT: RULE 32-FELONY TYP: F #: 001
OFFENSE DATE:                           AGENCY/OFFICER:

DATE WAR/CAP ISS:                       DATE ARRESTED:
DATE    INDICTED:                       DATE    FILED: 09/09/2003
DATE   RELEASED:                        DATE  HEARING:
BOND       AMOUNT:         $.00         SURETIES:

DATE 1:          DESC:                  TIME: 0000
DATE 2:          DESC:                  TIME: 0000

TRACKING NOS:                   /                        /

  DEF/ATY:                           TYPE:                      TYPE:

                           00000                      00000

PROSECUTOR:

         ===========================================================================
OTH CSE:  000000000000 CHK/TICKET NO:                   GRAND JURY:
  RT REPORTER: --------------  SID NO:       000000000
    STATUS: JAIL               DEMAND: Y                          OPER: STW
         ===========================================================================
DATE         ACTIONS, JUDGEMENTS, AND NOTES
         ===========================================================================
```

| DATE | ACTIONS, JUDGEMENTS, AND NOTES |
|---|---|
| 9-9-03 | Filed Petition for Rule 32 per Judge's Order. |
| 9-23-03 | Motion for Summary Disposition. |
| 9-26-03 | See Order CC-02-165 |
|  | Edward Jackson, Judge |
| 10/3/03 | See Order CC-02-165 |
| 10-8-03 | Edward Jackson, Judge |
|  | N/S Dyt |
| 10-17-03 | Filed Notice of Appeal. |
| 10/22/03 | Free Transcript Ordered. |
|  | N/Dyt |
|  | Edward Jackson, Judge |

8

11-6-03    Mailed Clerk's Notice of Appeal to CCA, AG, DA, Deft.

```
ACR0372                 ALABAMA JUDICIAL INFORMATION SYSTEM      CASE: CC 2002 001170.60
OPER: STW                       CASE ACTION SUMMARY
PAGE:  1                         CIRCUIT  CRIMINAL             RUN DATE: 09/10/2003
 =======================================================================
  THE CIRCUIT COURT OF  HOUSTON                                    JUDGE: SEJ

STATE  OF  ALABAMA                  VS       STEVENSON DOUGLAS EDWARD
                                             EASTERLING CORR. FAC.
CASE: CC 2002 001170.60                      P. O. BOX 10
                                             CLIO, AL  36017 0000

DOB: 04/25/1957          SEX: M  RACE: B  HT: 5 08  WT: 180   HR: BLK EYES: BRO
SSN: 077506735  ALIAS NAMES:
 =======================================================================
CHARGE01: RULE 32-FELONY       CODE01: RULE  LIT: RULE 32-FELONY TYP: F #: 001
OFFENSE DATE:                          AGENCY/OFFICER:

DATE WAR/CAP ISS:                      DATE ARRESTED:
DATE      INDICTED:                    DATE      FILED: 09/09/2003
DATE     RELEASED:                     DATE    HEARING:
BOND        AMOUNT:         $.00           SURETIES:

DATE 1:          DESC:                    TIME: 0000
DATE 2:          DESC:                    TIME: 0000

TRACKING NOS:                    /              /

  DEF/ATY:                         TYPE:                    TYPE:

                        00000                    00000

PROSECUTOR:

 =======================================================================
OTH CSE:  000000000000 CHK/TICKET NO:                      GRAND JURY:
 RT REPORTER:                    SID NO:    000000000
  STATUS: JAIL               DEMAND: Y                        OPER: STW
 =======================================================================
DATE        ACTIONS, JUDGEMENTS, AND NOTES
```

| DATE | ACTIONS, JUDGEMENTS, AND NOTES |
|---|---|
| 9-9-03 | Filed Petition for Rule 32 per Judge's Order. |
| 9-23-03 | Motion for Summary Disposition. |
| 9-26-03 | See Order CC-02-165 |
| | *Edward Jackson, Judge* |
| 10/3/03 | See Order CC-02-165 |
| 10-8-03 | |
| | N. Rqt, DA. *Edward Jackson, Judge* |
| 10-17-03 | Filed Notice of Appeal. |
| 10/22/03 | Free Transcript Ordered. |
| | N. Rqt *Edward Jackson, Judge* |

10

11-6-03   Mailed Clerk's Notice of Appeal to CCA, AG, DA, Deft.

# PETITION FOR RELIEF FROM CONVICTION OR SENTENCE

(Pursuant to Rule 32.

Alabama Rules of Criminal Procedure)

CC-00-1170
CC-00-1168 / CC-00-1169
CC-00-0165 / CC-00-1166

| ID | YR | NUMBER |

IN THE ___CIRCUIT___ COURT OF ___HOUSTON___ ALABAMA

___DOUGLAS EDWARD STEVENSON___ vs. ___STATE OF ALABAMA___

Petitioner (Full Name)                        Respondent

(Indicate either the "State" or, if filed in municipal court, the name of the "Municipality")

Prison Number ___228063___ Place of Confinement ___EASTERLING___

County of conviction ___Houston___

NOTICE:  BEFORE COMPLETING THIS FORM, READ CAREFULLY THE ACCOMPANYING INSTRUCTIONS.

1. Name and location (city and county) of court which entered the judgment of conviction or sentence under attack ___Houston County / City of Dothan___

2. Date of judgment of conviction ___03/11/03___

3. Length of sentence ___5 concurrent sentences of 15 years___

4. Nature of offense involved (all counts) ___Criminal Possession a forged Instrument 4 counts and theft of property in the 2nd degree___

5. What was your plea?    (Check one)

   (a)  Guilty ___XX___

   (b)  Not guilty _____

   (c)  Not guilty by reason of mental disease or defect _____

   (d)  Not guilty and not guilty by reason of mental disease or defect _____

*Filed  9-9-03*
*Judy Byrd, Clerk*

6.  Kind of trial (Check):

    (a)  Jury _____                    (b)  Judge only  XX

7.  Did you testify at the trial?

    Yes _____                          No  XX

8.  Did you appeal from the judgment of conviction?

    Yes _____                          No  XX

9.  If you did appeal, answer the following:

    (a)  As to the state court to which you first appealed, give the following information:

        (1)  Name of court _____

             _____

        (2)  Result _____

             _____

        (3)  Date of result _____

             _____

    (b)  If you appealed to any other court, then as to the second court to which you appealed, give
         the following information:

        (1)  Name of court _____

             _____

        (2)  Result _____

             _____

        (3)  Date of result _____

             _____

    (c)  If you appealed to any other court, then as to the third court to which you appealed, give th
         following information:

        (1)  Name of court _____

             _____

        (2)  Result _____

             _____

        (3)  Date of result _____

             _____

10.  Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petition, application, or motion with respect to this judgment in any court, state or federal?

Yes _____                    No XX_____                                                  13

11.  If your answer to Question 10 was "yes", then give the following information in regard to the first such petition, application, or motion you filed:

(a)  (1)  Name of court _____

(2)  Nature of proceeding _____

(3)  Grounds raised _____

_____

_____

_____

_____

_____

(attach additional sheets if necessary)

(4)  Did you receive an evidentiary hearing on your petition, application, or motion?

Yes _____                    No _____

(5)  Result _____

(6)  Date of result _____

(b)  As to any second petition, application, or motion, give the same information:

(1)  Name of court _____

(2)  Nature of proceeding _____

(3)  Grounds raised _____

_____

_____

_____

(attach additional sheets if necessary)

(4)  Did you receive an evidentiary hearing on your petition, application, or motion?

Yes _____                    No _____

(5)  Result _____

(6)  Date of result _____

(c)  As to any third petition, application, or motion, give the same information (attach additional sheets giving the same information for any subsequent petitions, applications, or motions):

(1)  Name of court _____

14

(3) Grounds raised _____

_____

_____

_____

_____

(attach additional sheets if necessary)

(4) Did you receive an evidentiary hearing on your petition, application, or motion?

Yes _____          No _____

(5) Result _____

(6) Date of result _____

(d) Did you appeal to any appellate court the result of the action taken on any petition, application, or motion?

(1) First petition, etc.       Yes _____          No _____

(2) Second petition, etc.      Yes _____          No _____

(3) Third petition, etc.       Yes _____          No _____

ATTACH ADDITIONAL SHEETS GIVING THE SAME INFORMATION
FOR ANY SUBSEQUENT PETITIONS, APPLICATIONS, OR MOTIONS.

(e) If you did not appeal when you lost on any petition, application, or motion, explain briefly why you did not:

_____

_____

_____

12. Specify every ground on which you claim that you are being held unlawfully, by placing a check mark on the appropriate line(s) below and providing the required information. Include all facts. If necessary, you may attach pages stating additional grounds and the facts supporting them.

# GROUNDS OF PETITION

Listed below are the possible grounds for relief under Rule 32. Check the ground(s) that apply in you case, and follow the instruction under the ground(s):

__XX__   A.   The Constitution of the United States or of the State of Alabama requires a new trial, a new sentence proceeding, or other relief.

For your information, the following is a list of the most frequently raised claims of constitutional violation:

(1) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.

(2) Conviction obtained by use of coerced confession.

(3) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.

(4) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.

(5) Conviction obtained by a violation of the privilege against self-incrimination.

(6) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.

(7) Conviction obtained by a violation of the protection against double jeopardy.

(8) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.

(9) Denial of effective assistance of counsel.

This list is not a complete listing of all possible constitutional violations.

If you checked this ground of relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each constitutional violation that you claim, whether or not it is one of the nine listed above, and include under it each and every fact you feel supports this claim. Be specific and give details.

XX    B.   The court was without jurisdiction to render the judgment or to impose the sentence.

If you checked this ground of relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

XX    C.   The sentence imposed exceeds the maximum authorized by law, or is otherwise not authorized by law.

If you checked this ground of relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

_____  D.   Petitioner is being held in custody after his sentence has expired.

If you checked this ground of relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

_____  E.   Newly discovered material facts exist which require that the conviction or sentence be vacated by the court, because:

The facts relied upon were not known by petitioner or petitioner's counsel at the time of trial or sentencing or in time to file a post-trial motion pursuant to rule 24, or in time to be included in any previous collateral proceeding, and could not have been discovered by any of those times through the exercise of reasonable diligence; and

The facts are not merely cumulative to other facts that were known; and

The facts as noted...

If the facts had been known at the time of trial or sentencing, the result would probably have been different; and

The facts establish that petitioner is innocent of the crime for which he was convicted or should not have received the sentence that he did.

> If you checked this ground of relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

____ F. The petitioner failed to appeal within the prescribed time and that failure was without fault on petitioner's part.

> If you checked this ground of relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

13. IMPORTANT NOTICE REGARDING ADDITIONAL PETITIONS RULE 32.2(b) LIMITS YOU TO ONLY ONE PETITION IN MOST CIRCUMSTANCES. IT PROVIDES:

> "Successive Petitions. The court shall not grant relief on a second or successive petition on the same or similar grounds on behalf of the same petitioner. A second or successive petition on different grounds shall be denied unless the petitioner shows both that good cause exist why the new ground or grounds were not known or could not have been ascertained through reasonable diligence when the first petition was heard, and that failure to entertain the petition will result in a miscarriage of justice."

A. Other than an appeal to the Alabama Court of Criminal Appeals or the Alabama Supreme Court, have you filed in state court any petition attacking this conviction or sentence?

Yes _____          No __XX__

B. If you checked "Yes," give the following information as to earlier petition attacking this conviction or sentence:

(a) Name of court _____

(b) Result _____

(c) Date of result _____
    (attach additional sheets if necessary)

C. If you checked the "Yes" line in 13A, above, and this petition contains a different ground or grounds of relief from an earlier petition or petitions you filed, attach a separate sheet or sheets labeled: "EXPLANATION FOR NEW GROUND(S) OF RELIEF."

> On the separate sheet(s) explain why "good cause exists why the new ground or grounds were not known or could not have been ascertained through reasonable diligence when the first petition was heard, and [why the] failure to entertain [this] petition will result in a miscarriage of justice."

14. Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack?

Yes _____          No __XX__

17

5.   Give the name and address, if known, of each attorney who represented you at the following stages of the case that resulted in the judgment under attack:

(a)   At preliminary hearing ____N/A_____

(b)   At arraignment and plea ____Hon. John E. Byrd, jr._____
P. O. Box 536 Dothan, Alabama 36302

(c)   At trial ____N/A_____

(d)   At sentencing ____same as (b)_____

(e)   On appeal ____N/A_____

(f)   In any post-conviction proceeding ____N/A_____

(g)   On appeal from adverse ruling in a post-conviction proceeding ____N/A____

16.   Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?

Yes __XX__          No _____

17.   Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?

Yes _____          No __XX__

(a)   If so, give name and location of court which imposed sentence to be served in the future: _____

(b)   And give date and length of sentence to be served in the future: _____

(c)   Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?

Yes _____          No __XX__

18.   What date is this petition being mailed?

     Wherefore, petitioner prays that the court grant petitioner relief to which he may be entitled in this proceeding.

# PETITIONER'S VERIFICATION UNDER OATH
## SUBJECT TO PENALTY FOR PERJURY

I swear (or affirm) under penalty of perjury that the foregoing is true and correct.

Executed on _Aug. 16 2003_
(Date)

_Douglas E. Stevenson_
Signature of Petitioner

SWORN TO AND SUBSCRIBED before me this the _16_ day of _August_ _2003_

_Bryan K. Davis_
Notary Public

## OR

## ATTORNEY'S VERIFICATION UNDER OATH
## SUBJECT TO PENALTY FOR PERJURY

I swear (or affirm) under penalty of perjury that, upon information and belief, the foregoing is true and correct. Executed on _____
(Date)

_____
Signature of Petitioner's Attorney

SWORN TO AND SUBSCRIBED before me this the _____ day of _____, 19 _____

_____
Notary Public

Name and address of attorney representing petitioner in this proceeding (if any)

_____

_____

_____

_____

_____

* If petitioner is represented by counsel, Rule 30.5(a) permits either petitioner or counsel to verify th

IN THE CIRCUIT COURT OF HOUSTON COUNTY, ALABAMA
TWENTIETH JUDICIAL CIRCUIT


DOUGLAS EDWARD STEVENSON,          )

    PETITIONER,                    )

                                    )       CASE NOS. CC-00-0165
VS.                                )                 CC-00-1166
                                      )                 CC-00-1168
                                      )                 CC-00-1169
                                      )                 CC-00-1170
STATE OF ALABAMA,                  )

    RESPONDENT.                    )


BRIEF AND ARGUMENT IN SUPPORT OF PETITION FOR
RELIEF OF CONVICTION OR SENTENCE
(PURUSANT TO RULE 32 OF THE ALABAMA RULES OF CRIMINAL PROCEDURE)

COMES NOW the Petitioner, Douglas Edaward Stevenson, by and through himself in the above entitled cause and moves this Honorable Court to order the relief he is entitled as a matter of law. The Petitioner supports his contention with the following grounds:

A. The Constitution of the United States or of the State of Alabama, requires a new trial, a new sentence proceeding, or other relief.

(1) THE SENTENCE IMPOSED EXCEEDS THE MAXIMUM AUTHORIZED BY LAW, OR IS OTHERWISE NOT AUTHORIZED BY LAW.

The petitioner pleaded guilty on March 11, 2003 to "Receiving Stolen Property in the second degree, and four (4) counts of Criminal Possession of a forged Instrument in the second degree. Stevenson was sentenced to five concurrent sentences of fifteen (15) years.

The record is totally silent as to the Petitioner having any prior felony convicitons for the purpose of the Habitual Offender Act, § 13A-5-9 Code of Ala., 1975. The record is further silent as to the District Attorney's Office motioning the court it intended to apply the H.O.A. pursuant to § 13A-5-10 or 13A-5-10.1 Code of Ala., 1975.

Section 13A-8-18(b) clearly defines "Receiving Stolen Property in the Second Degree" as a class C felony, and §13A-9-6 defines "Criminal Possession of Forged Instrument in the second degree" as a class C felony.

Section 13A-5-6(3) Code of Ala., 1975 states the following: "For a Class C felony, not more than 10 years or less than 1 year and 1 day ".

The Petitioner was sentenced to concurrent sentences of fifteen years exceeding the maximum authorized by law, and the fifteen year sentence is clearly not authorized in this case, and can not be supported by the law.

-2-

Petitioner's allegation that he was improperly sentenced maybe as a habitual offender is not precluded under this section (Rule 32 A.R.Cr.P.). An issue regarding the imposition of a sentence that exceeds the maximum allowed by law be be raised at any time. **Kaska v. States**, 709 So.2d 500, 502 (Ala.Crim.App. 1997), quoting from **Andersch v. State**, 716 So.2d 242 (Ala.Crim.App. 1997).

When a sentence is clearly illegal or is clearly not authorized by statute, the defendant does not need to object at the trial level in order to preserve that issue; the illegality of a defendant's sentence is a ground specified for a collateral post-conviction remedy. **Ex parte Brannon**, 547 So.2d 68 (Ala. 1989).

Stevenson essentially challenges the legality of his sentence. The holding in **Brannon**, appears to equate an invalid sentence with a jurisdictional defect. Rule 16.2(d) A.R.Crim.P. (The lack of subject matter jurisdiction...may be raised at any time. **Falkner v. State**, 586 So.2d 39, 47-48 (Ala.Crim.App. 1991). Even though the Petitioner did not appeal, the issue may still be presented to this Court. **Robinson v. State**, 562 So.2d 277, 278 (Ala.Cr.App.1990), quoting **Ferguson v. State**, 565 So.2d 1172, 1173 (Ala.Crim.App. 1990).

-3-

Wherefore the premises considered the Petitioner prays that this Court order the relief he is entitled as a matter of law.

State of Alabama

County of Barbour

Sworn to and subscribed before my hand on this _16_ day of

_August_ 2003.

_Douglas E. Stevenson_
Douglas Stevenson

_Bryant K. Davins_
Notary public

My commission expires: _5-7-2006_

Address of the Petitioner:

228063
P. O. Box 10
Easterling Correctional Facility
Clio, Alabama 36017-0010

-4-

23

Case Number
CC-00-1170
ID   YR   NUMBER
(To be completed
by Court Clerk)

# IN FORMA PAUPERIS DECLARATION

### IN THE CIRCUIT COURT OF HOUSTON COUNTY, ALABAMA

(insert appropriate court)

DOUGLAS STEVENSON #228063
(Petitioner)

vs.

STATE OF ALABAMA
(Respondent(s)

### DECLARATION IN SUPPORT OF REQUEST TO PROCEED
### IN FORMA PAUPERIS

I, _____DOUGLAS STEVENSON_____, declare that I am the petitioner in the above entitled case; that in support of my motion to proceed without being required to prepay fees, costs, or give security therefor, I state that because of my poverty I am unable to pay the costs of said proceeding or to give security therefor; that I believe I am entitled to relief.

1.  Are you presently employed?     Yes _____     No __X__

   a.  If the answer is "yes", state the amount of your salary or wages per month, and give the name and address of your employer.

   _____

   _____

   b.  If the answer is "no", state the date of last employment and the amount of the salary and wages per month which you received.

   _____N/A_____

   _____

2.  Have you received within the past twelve months any money from any of the following sources?

   a.  Business, profession, or other form of self-employment?

      Yes _____          No __X__

   b.  Rent payments, interest, or dividends?

      Yes _____          No __X__

   c.  Pensions, annuities, or life insurance payments?

      Yes _____          No __X__

   d.  Gifts or inheritances?

      Yes _____          No __X__

   e.  Any other sources?

      Yes _____          No __X__

9/9/03 Free *filing* *and paid*

*(signature)*

7-10-03
N *Rept*, DA.

21

If the answer to any of the above is "yes", describe each source of money and state the amount received from each during the past twelve months.

_____

_____

_____

_____

3.  Do you own cash, or do you have money in a checking or savings account?

    Yes  X                    NO _____

    (Include any funds in prison accounts.)    ( S E E   P R I S O N   A C C O U N T   Attach

    If the answer is "yes", state the total value of the items owned.

    _____

    _____

    _____

4.  Do you own any real estate, stocks, bonds, notes, automobiles, or other valuable property (excluding ordinary household furnishings and clothing)?

    Yes _____                No  X

    If the answer is "yes", describe the property and state its approximate value.

    _____

    _____

    _____

5.  List the persons who are dependent upon you for support, state your relationship to those persons, and indicate how much you contribute toward their support.

    N/A

    _____

    _____

    I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.

Executed on  *August 20, 2003*
                    (Date)

                    *Dauphen E. Stevenson*
                    Signature of Petitioner

## CERTIFICATE

I hereby certify that the petitioner herein has the sum of $ *0.34* on account to his credit at the institution where he is confined. I further certify that petitioner likewise has the foregoing securities to his credit according to the records of said *Easterling* institution:

*See Attached*

_____

*8-18-03*
   DATE                *Brenda Harbuck ASA I*

STATE OF ALABAMA
DEPARTMENT OF CORRECTIONS
EASTERLING CORR. FACILITY

AIS #: 228063     NAME: STEVENSON, DOUGLAS EDWARD     AS OF: 08/18/2003

| MONTH | # OF DAYS | AVG DAILY BALANCE | MONTHLY DEPOSITS |
|-------|-----------|-------------------|------------------|
| AUG | 13 | $0.00 | $0.00 |
| SEP | 30 | $0.00 | $0.00 |
| OCT | 31 | $0.00 | $0.00 |
| NOV | 30 | $0.00 | $0.00 |
| DEC | 31 | $0.00 | $0.00 |
| JAN | 31 | $0.00 | $0.00 |
| FEB | 28 | $0.00 | $0.00 |
| MAR | 31 | $0.00 | $0.00 |
| APR | 30 | $0.00 | $0.00 |
| MAY | 31 | $0.07 | $0.47 |
| JUN | 30 | $6.28 | $50.00 |
| JUL | 31 | $0.72 | $0.00 |
| AUG | 18 | $0.34 | $0.00 |

26

9/9/03 Free filing antepaid,
Johnson, Jr

7-10-03
N Rept, QA.

EX PARTE,                                    )          IN THE CIRCUIT COURT OF

DOUGLAS EDWARD STEVENSON )                   HOUSTON COUNTY, ALABAMA

VS.                                          )

STATE OF ALABAMA                             )          CASE NO.  CC 2002-165.60,
                                                                  CC2002-1166.60,
                                                                  CC2002-1168.60,
                                                                  CC 2002-1169.60 &
                                                                  CC2002-1170.60


## MOTION FOR SUMMARY DISPOSITION

Comes now the State of Alabama and moves the Court for an order summarily dismissing the petition filed herein and for reason alleges the following:

1. The petition fails to state a claim for which relief may be granted.

2. The grounds alleged in the petition either were raised at trial or could have been but were not raised at trial.

3. The grounds alleged in the petition either were raised on appeal or could have been but were not raised on appeal.

4. The grounds alleged and facts stated do not amount to newly discovered evidence.

5. The defendant admitted in open court on the record that he had three prior felony convictions for habitual offender purposes. This admission was prior to the Court's acceptance of his guilty pleas.

6. The State denies each and every material allegation contained within the petition.

25

Respectfully submitted this _____ day of September, 2003.

FILED

SEP 2 3 2003

*Judy Byrd*

JUDY BYRD, CLERK
HOUSTON CO., AL

*Gary R. Maxwell*
Gary R. Maxwell
Chief Assistant District Attorney

CERTIFICATE OF SERVICE

I, Gary R, Maxwell, Chief Assistant District Attorney, hereby certify that I have placed a copy of the same in the U.S. mail, postage prepaid to Douglas Edward Stevenson, # 228063, Easterling Correctional, P.O. Box 10, Clio, Al. 36017 this 23rd day of September, 2003.

*Gary R. Maxwell*
Gary R. Maxwell
Chief Assistant District Attorney

| 9/26/03 | *[handwritten note, illegible]* |

1          STATE OF ALABAMA
    IN THE CIRCUIT COURT FOR THE COUNTY OF HOUSTON          30
2          TWENTIETH JUDICIAL CIRCUIT
                CRIMINAL

3

4

    THE STATE OF ALABAMA,
5
          PLAINTIFF,
6
    VS.                          CC-02-165, 1166, 1168,
7                                     1169, 1170

8   DOUGLAS EDWARD STEVENSON,

9         DEFENDANT.

10   _____/

11

12

13          REPORTER'S OFFICIAL TRANSCRIPT

14

15   Before:

16               Honorable Edward Jackson
                     Dothan, Alabama
17                   March 11, 2003

18   APPEARANCES:

19   FOR THE STATE:
    HENRY D. BINFORD, ESQ.
20   Assistant District Attorney

21   FOR THE DEFENDANT:

22   HAMP BAXLEY, ESQ.
    Attorney at Law
23   Dothan, Alabama

24   JOHN BYRD, JR.
    Attorney at Law
25   Dothan, Alabama

3

31

1                    I N D E X

2

3     MARCH 11, 2003 -- TITLE PAGE          2

4     INDEX                                 3

5     PLEA OF GUILTY                        4

6     STATEMENT OF FACTS                    6

7     SENTENCING                           11

8     CERTIFICATE OF REPORTER              13

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

4

<u>PROCEEDINGS</u>                              32

1
2      THE COURT:  You are Douglas Edward Stevenson?

3      THE DEFENDANT:  Yes, sir.

4      THE COURT:  Mr. Stevenson, you are here in cases

5   case CC-2002-165, where you are charged with receiving

6   stolen property in the second degree.  And that is --

7   normally, that is a Class C felony for which you can

8   receive from a year and a day up to ten years and a

9   fine of up to five thousand dollars.  But under the

10  Habitual Offender Act, with at least three prior

11  felonies, the minimum is fifteen years, and the

12  maximum is ninety-nine years or life.  And do you

13  understand that range of punishment, and do you

14  understand that you have at least one -- you have

15  three prior felony convictions?

16     THE DEFENDANT:  Yes, I do.

17     THE COURT:  Now, in cases CC-2002-1166, 68, 69

18  and 70, you are charged with possession of a forged

19  instrument, also, in the second degree.  And the

20  ranges of punishment are the same as in the other

21  cases.  Do you understand that?

22     THE DEFENDANT:  Yes.

23     THE COURT:  So, basically, the -- applying the

24  Habitual Offender Act, the range of punishment is up

25  to -- is fifteen years to ninety-nine years or life

1    and a fine of up to twenty thousand dollars in each of

2    the cases. Do you understand that?

3    THE DEFENDANT: Yes.

4    THE COURT: Now, have you -- how old are you,

5    first of all?

6    THE DEFENDANT: Forty-five.

7    THE COURT: Forty-five. And how much school have

8    you completed?

9    THE DEFENDANT: Twelve.

10    THE COURT: Are you undergoing any psychiatric

11    treatment or having any mental or emotional problems?

12    THE DEFENDANT: No.

13    THE COURT: Are you under the influence of any

14    drugs, medication or alcohol today?

15    THE DEFENDANT: No, not today.

16    THE COURT: Have you had explained to you the

17    rights which you will give up by entering a plea of

18    guilty as set out on the Explanation of Rights form?

19    THE DEFENDANT: Very clearly.

20    THE COURT: And have you signed the forms

21    voluntarily, and do you understand them?

22    THE DEFENDANT: Yes, I had.

23    THE COURT: Have you had enough time to discuss

24    these cases with your attorneys and for them to advise

25    you of your rights?

6

1    THE DEFENDANT:  Yeah.  We have had sufficient

2    time.

3    THE COURT:  And has anyone done anything to

4    threaten you or harass you or make you plead guilty?

5    THE DEFENDANT:  No.

6    THE COURT:  Has anyone made you any promises or

7    any inducements or any offers of reward of any type to

8    get you to plead guilty?

9    THE DEFENDANT:  No.

10    THE COURT:  Has anyone promised you that you

11    would get probation or a suspended sentence if you

12    pled guilty?

13    THE DEFENDANT:  No.

14    THE COURT:  Based upon what you have told me here

15    today, I find that your offer to plea guilty is

16    willingly, knowingly and intelligently made, and I

17    will accept your pleas if the offer given.

18    Mr. Binford, could you give the recitation of

19    facts giving rise to the Indictments in Mr.

20    Stevenson's cases?

21    MR. BINFORD:  Judge, in the receiving stolen

22    property second degree case, the State's evidence

23    would be that the defendant, within a year before the

24    finding of the Indictment, was stopped by Officer Doug

25    McGill with the Dothan Police Department.  He was in a

1    vehicle which was valued at approximately three

2    hundred dollars.  That vehicle had been taken from

3    Country Auto Sales.  The vehicle had only been stolen

4    several days before the defendant was found to be in

5    the vehicle.  When stopped by the police, the

6    defendant fled.  He was later apprehended by the

7    police.  Also, the passenger fled and was able to

8    escape while the police were chasing Mr. Stevenson.

9         The State's evidence also, with regard to the

10   receiving stolen property case, will be that, at the

11   time the car was stopped, that a tag was on the

12   vehicle which was not registered to that particular

13   vehicle.  And Mr. Henry Quillam Smith, from Country

14   Auto Sales, will testify at trial, we expect, that the

15   defendant -- no one had permission to be driving that

16   car and that it was, in fact, stolen.

17        And the possession of a forged instrument second

18   degree case, which I will identify as the Grand Jury

19   case number 55, the State's evidence will be that the

20   defendant cashed at Chandler's Check Cashing, or Jimmy

21   Chandler's business, check number 677488 in the amount

22   of $465.88.  That was cashed on August 6th of 2002.

23   The check was written on an account purportedly drawn

24   on Ansell's account here in Dothan.  Ms. Joyce Martin

25   from Ansell will testify, we expect, that the

defendant had no permission to be in possession of any checks on the Ansell account and that they were, in fact, forgeries.

In Grand Jury case number 58, the State's evidence will be that the defendant was stopped by Officer Duhaime and Parrish with the Dothan Police Department. Sergeant Willie Williamson was called to the scene. Upon arriving to the scene, a search was conducted of the defendant's person. They found on the defendant check number 677466, dated 5/9/02, in the amount of $455.00 drawn on that same Ansell account. Again, Ms. Joyce Martin will testify that that check was a forgery and that the defendant had no permission to have that check in his possession.

In Grand Jury case number 59, again, an Ansell check was cashed at Mr. Jimmy Chandler's business, check number 677464, cashed on 5/14/02 in the amount of $455.00.

In Grand Jury case number 116, the State's evidence will be that Ms. Catherine Cody from the U-Save Food Outlet will testify that check number 677479 was cashed at her store by the defendant on 5/9/02 in the amount of $455.00.

Also, with respect to the Jimmy Chandler cases, the State's evidence will be that at the time those

1    checks were cashed, that an ID card was obtained by

2    that Chandler's business and Xeroxed or photocopied

3    and that this ID card, which was not in the name of

4    Mr. Stevenson, but in another name, was found on the

5    defendant's person when he was stopped by Officers

6    Duhaime and Parrish.  And we would expect that Mr.

7    Chandler and Ms. Cody would identify the defendant in

8    court as being the gentleman who cashed these checks

9    at their respective businesses.

10        And all of these offenses took place in Houston

11   County, Alabama.

12        THE COURT:  Based upon the recitations of facts,

13   I find that there are foundations for the Indictments

14   in these cases.  And are you familiar with the

15   contents of the Indictments, and have you and your

16   lawyers gone over them?

17        THE DEFENDANT:  Yes, we have.

18        THE COURT:  Do you waive the reading of the

19   Indictments?

20        THE DEFENDANT:  Yes, I do.

21        THE COURT:  To the Indictments in these cases,

22   how do you plead, guilty or not guilty?

23        THE DEFENDANT:  Guilty.

24        THE COURT:  Upon your pleas of guilty, it is the

25   judgment of the Court that you are guilty.  Do you

38

1    have anything to say as to why a sentence of law

2    should not be pronounced upon you at this time?

3        THE DEFENDANT:  Let's get it over with.  No.

4        THE COURT:  What is the State's recommendation in

5    these cases?

6        MR. BINFORD:  Judge, we recommend a sentence in

7    each case of fifteen years.  We recommend that those

8    sentences run concurrently, for a total sentence of

9    fifteen years.  We recommend a fine of $1500.00 in

10   each case, Victim's Comp of 750 in each case.  And,

11   Judge, the total restitution, which the State is

12   requesting as part of the plea agreement, is

13   $9,904.19.  And, Judge, could I just state this on the

14   record -- I will submit a written order within the

15   next week or so.  But that restitution was broken

16   down -- Herman and Ann's, $2,284.58; U-Save Food

17   Outlet, $1,834.95; Cherokee IGA, $1,730.58;

18   Chandler's, $920.58; Winn-Dixie, 911; Linden Grocery,

19   $2,222.50.  That should come up to $9,904.19.  And if

20   I could, Judge, I will submit a written proposed order

21   to that effect.

22       THE COURT:  That will be better.  And is that the

23   recommendation, Mr. Stevenson, as you understood it

24   would be on these cases?

25       THE DEFENDANT:  According to the lawyers, yes.

39

1    THE COURT:  And your understanding, Mr. Baxley?

2    MR. BAXLEY:  Yes, Your Honor.

3    THE COURT:  And, Mr. Byrd?

4    MR. BYRD:  Yes, sir.

5    THE COURT:  Based upon the State's

6    recommendation, I sentence you to fifteen years in

7    each case to run concurrently, a fine of $1500.00 in

8    each case and $750.00 to the Victim's Compensation

9    Fund, and restitution of $9,904.19 to cover all of the

10   cases.

11       MR. BINFORD:  Judge, can I say one thing, also?

12       THE COURT:  Yes.

13       MR. BINFORD:  We agree to not take any more cases

14   to the Grand Jury.  We could have made other cases,

15   additional cases, but our agreement is that we will

16   not indict him on any cases or checks that we know

17   about today -- if something comes up today that we did

18   not know about, that may have happened, you know, a

19   year ago, but we don't know about it, we reserve the

20   right to, you know, prosecute him on that.  But

21   anything that we know about today, we agree not to

22   take that to the Grand Jury.

23       THE COURT:  Do you understand that, Mr.

24   Stevenson?  They will not be indicting you on any of

25   the other cases that have arisen?

12

1              THE DEFENDANT:  Yes, I do.

2              THE COURT:  With that, then, you are back in the

3       custody of the sheriff.  Thank you.

4              MR. BYRD:  Thank you, Your Honor.

5

6                          END OF PROCEEDINGS

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

40

CERTIFICATE OF REPORTER

STATE OF ALABAMA

HOUSTON COUNTY

    I, Chani A. Muller, Court Reporter, and Notary Public, State at Large, do hereby certify that I have correctly reported in stenotype the proceedings in the above-styled cause, and I later reduced by stenotype notes into typewriting, and that the foregoing pages, beginning with the word "Proceedings" where the same appears in the center of the page, contain a true and correct transcription of the evidence, including objections, oral motions, rulings of the Court and the oral charge of the Court, where applicable, as therein set out.

    I further certify that I have no interest in this matter, financial or otherwise, or how it may develop or what its outcome may be.  I further certify that I am not of counsel for any of the parties, nor am I related to counsel or litigants or associated with anyone connected with this cause to my knowledge.

    I further certify that I have filed all exhibits offered in the trial of this cause with the Clerk of the Circuit Court for incorporation in the Record.

14

1      I further certify that I have on this day filed

2      with the Clerk of the Court of Criminal Appeals of

3      Alabama and the parties here involved a Certificate of

4      Completion of Reporter's Transcript.  I further

5      certify that I have filed the original and three

6      copies of this transcript in the office of the Clerk

7      of the Circuit Court of Houston County, Houston County

8      Courthouse, Dothan, Alabama.

9

10      This 15th day of September, 2003.

11

12      Chani A. Muller, Court Reporter,
        Notary Public, State at Large

13

14

15

16

17

18

19

20

21

22

23

24

25

43

| | |
|---|---|
| 10/3/03 | D_'s Petition is denied as he has failed to state a claim. His allegation that the report does not reflect his prior convictions is contrary to his admission same on page 4 of the last 2 pages. [signature] |
| | 10-8-03 |
| | N. Dyt. DA |

IN THE CIRCUIT COURT OF HOUSTON COUNTY, ALABAMA

DOUGLAS EDWARD STEVENSON,           )

    PETITIONER,                      )

                        )

                        )    CASE NO. CC-02-165.60

VS.                                                      CC-02-1166.60
                        )          CC-02-1168.60
                        )          CC-02-1169.60 &
                        )          CC-02-1170.60

STATE OF ALABAMA,                   )

    RESPONDENT.                      )

## PETITIONER'S OPPOSITION TO THE MOTION FOR SUMMARY DISPOSITION

COMES NOW the Petitioner, Douglas Edward Stevenson, by and through himself in the above entitled cause, and moves this Court to set aside the "motion for Summary Disposition" filed by the District Attorney's Office, and set this matter for an evidentiary hearing. The Petitioner states in support the following:

The Respondents assertion reflected in items 1, 2, 3, 4, and 6 are without merits and should not be considered in the determination of the petition. Respondents allegation in item 5 are false and unsupported.



FILED

OCT 1 0 2003

JUDY BYRD, CLERK
HOUSTON CO.

15

The respondents failed to address the issues submitted by the Petitioner in his Petition. Petitioner supports his claim using the case of <u>Andersch v. State</u>, 716 So.2d 242 (Ala.Crim.App. 1997), whereas it is quoted, as support for his claim that the trial court did not have jurisdiction to render the judgment or to impose the sentence, the appellant argued that he was improperly sentenced as a habitual felony offender because, he claimed, the prior convictions that were used to enhance his sentence had been dismissed before he was sentenced.

The appellant's allegation that he was improperly sentenced as a habitual felon is also not necessarily precluded. An issue regarding the imposition of a sentence that exceeds the maximum allowed by law may be raised at anytime. <u>Kaska v. State</u>, 709 So.2d 500, 502 (Ala.Crim.App.1997).

Because the record did not show whether the State responded to defendant's allegations in his post conviction relief petition, the unrefuted facts set out by the petitioner must be taken as true; therefore, the petition was meritorious on its face and cause must be remanded to the circuit court for an evidentiary hearing. <u>Teat v. State</u>, 589 So.2d 815 (Ala.Crim.App.1991).

46

Wherefore, the premises considered, the Petitioner prays this Court order an evidentiary hearing and grant the appropriate relief.

Dated: *10 - 2 - 03*

Respectfully submitted,

*Douglas Edward Stevenson*

Douglas Stevenson
228063
P. O. Box 10
Clio, Alabama 36017-0010

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing upon the Office of the District Attorney, by placing a copy of the same in the Prison Mail Room for United States Mail, postage prepaid on this *2* day of October, 2003.

*Douglas Edward Stevenson*
Petitioner

IN THE CIRCUIT COURT OF _____HOUSTON_____ COUNTY, ALABAMA
NOTICE OF APPEAL TO THE COURT OF CRIMINAL APPEALS OF ALABAMA


__DOUGLAS EDWARD STEVENSON__ ,  :
APPELLANT,

VS.                                :

                                   :     CASE NO. __CC-02-165 thru 170__

STATE OF ALABAMA,                  :     __10/03/03__
            APPELLEE.                    DATE OF DENIAL
                                   :


NOTICE OF APPEAL

    Notice is hereby given that ____Douglas Stevenson____

appeals to the above - named court from the judgment of denial

of _____Rule 32 Petition_____

ENTERED IN THIS CAUSE ON THE __3rd__ day of ____October____ ,

20__03__ .

_____    _____

_____    _____


Dated: __10 Oct 03__


    I am, this date, serving a copy of the foregoing on all parties

required by the A.R.A.P., via United States Mail, first class and

proberly addressed.


                            Respectfully submitted,

                            Douglas Stevenson
                            228063
                            P. O. Box 10
                            Clio, Al. 36017-0010

**FILED**
OCT 17 2003
JUDY BYRD, CCLERK
HOUSTON COO., AL

| State of Alabama<br>Unified Judicial System<br>Form ARAP-1C        8/91 | REPORTER'S TRANSCRIPT ORDER -- CRIMINAL<br>See Rules 10(c) and 11(b) of the<br>Alabama Rules of Appellate Procedure (A.R.App.P.) | Criminal Appeal Number<br><br>_____  _____ |

TO BE COMPLETED BY COUNSEL FOR THE APPELLANT OR BY THE APPELLANT IF NOT REPRESENTED AND FILED WITH THE WRITTEN NOTICE OF APPEAL OR FILED WITHIN 7 DAYS AFTER ORAL NOTICE OF APPEAL IS GIVEN.

[X] CIRCUIT COURT   [ ] DISTRICT COURT   [ ] JUVENILE COURT OF _____ Houston _____ COUNTY

_____ Douglas Stevenson _____, Appellant

V.   [X] STATE OF ALABAMA   [ ] MUNICIPALITY OF _____

| Case Number<br>CC-02-165.60 thru 170 | Date of Judgment/Sentence/Order<br>10/03/03 |
| Date of Notice of Appeal<br>Oral:                    Written: 10/10/03 | Indigent Status Granted:<br>[ ] Yes   [ ] No |

PART 1. TO BE SIGNED IF THE APPEAL WILL NOT HAVE A COURT REPORTER'S TRANSCRIPT:

I CERTIFY THAT NO REPORTER'S TRANSCRIPT IS EXPECTED AND THAT THE RECORD ON APPEAL SHALL CONSIST OF THE CLERK'S RECORD ONLY. IF THE APPEAL IS FROM DISTRICT COURT OR JUVENILE COURT, I ALSO CERTIFY (1) THAT A STIPULATION OF FACTS WILL BE INCLUDED IN THE CLERK'S RECORD AND THAT THE APPELLANT WAIVES HIS RIGHT TO A JURY TRIAL IF SO ENTITLED, OR (2) THAT THE PARTIES HAVE STIPULATED THAT ONLY QUESTIONS OF LAW ARE INVOLVED AND THAT THE QUESTIONS WILL BE CERTIFIED BY THE JUVENILE/DISTRICT COURT FOR INCLUSION IN THE CLERK'S RECORD (SEE RULE 28(A)(1), ALABAMA RULES OF JUVENILE PROCEDURE, AND §12-12-72, CODE OF ALABAMA 1975).

| _Douglas E. Stevenson_ | 10/10/03 | Douglas Stevenson |
| Signature | Date | Print or Type Name |

PART 2. DESIGNATION OF PROCEEDINGS TO BE TRANSCRIBED. Request is hereby made to the court reporter(s) indicated below for a transcript of the following proceedings in the above referenced case (see Rule 10(c)(2), Alabama Rules of Appellate Procedure (A.R.App.P.)).

MARK PROCEEDINGS REQUESTED:                                                          COURT REPORTER(S)

A. [ ] TRIAL PROCEEDINGS - Although this designation will include the judgment and sentence         _____
proceedings, a transcript of the organization of the jury and arguments of counsel must       _____
be designated separately                                                                      _____

B. [ ] ORGANIZATION OF THE JURY - This designation will include voir dire examination and       _____
challenges for cause. Note that in noncapital cases the voir dire of the jury will not be     _____
recorded unless the trial judge so directs. (See Rule 19.4, ARCrP.)                           _____

C. [ ] ARGUMENTS OF COUNSEL - Note that in noncapital cases the arguments of counsel will        _____
not be recorded unless the trial judge so directs. (See Rule 19.4, ARCrP.)                    _____

IN ADDITION TO ANY PROCEEDINGS DESIGNATED ABOVE, SPECIAL REQUEST IS HEREBY MADE TO INCLUDE THE FOLLOWING PROCEEDINGS IN THE REPORTER'S TRANSCRIPT PORTION OF THE RECORD ON APPEAL. (ATTACH ADDITIONAL PAGES IF NECESSARY):

| ADDITIONAL PROCEEDINGS REQUESTED | DATE | COURT REPORTER(S) |
| D. _____ | _____ | _____ |
| E. _____ | _____ | _____ |
| F. _____ | _____ | _____ |
| G. _____ | _____ | _____ |

IMPORTANT NOTICE: The court reporter who reported the proceedings for which a transcript is requested must be identified on this form to be effective. Additionally, it is important to note that the appellant may not be permitted to raise any issue on appeal relating to any proceedings in the case that are not specifically designated on this form for inclusion in the reporter's transcript. A general designation such as "all proceedings" is not sufficient. (See Rule 10(c)(2), A.R.App.P.)

PART 3. MUST BE SIGNED IF THE APPEAL WILL HAVE A COURT REPORTER'S TRANSCRIPT:

I CERTIFY THAT I HAVE DISTRIBUTED THIS FORM AS SET OUT BELOW. I ALSO CERTIFY (1) THAT I HAVE MADE SATISFACTORY FINANCIAL ARRANGEMENTS WITH EACH COURT REPORTER LISTED ABOVE FOR PREPARING HIS OR HER PORTION OF THE REPORTER'S TRANSCRIPT HEREIN REQUESTED; OR (2) THAT THE APPELLANT PROCEEDED AT TRIAL AS AN INDIGENT AND THAT THAT STATUS HAS NOT BEEN REVOKED; OR, (3) THAT THE APPELLANT HAS BEEN GIVEN PERMISSION TO PROCEED ON APPEAL IN FORMA PAUPERIS

| _____ | _____ | _____ |
| Signature | Date | Print or Type Name |

DISTRIBUTION: Original filed with Clerk of Trial Court and copies mailed to: (1) Clerk of the Court of Criminal Appeals, (2) the District Attorney, (3) the Attorney General or the municipal prosecutor, and

State of Alabama
Unified Judicial System
Form ARAP- 26 (front)      8/91

# COURT OF CRIMINAL APPEALS
## DOCKETING STATEMENT

Criminal Appeal Number
_____

## A. GENERAL INFORMATION:

[X] CIRCUIT COURT  [ ] DISTRICT COURT  [ ] JUVENILE COURT OF ___Houston_____ COUNTY

--- Douglas Stevenson _____ - Appellant

V.  [X] STATE OF ALABAMA  [ ] MUNICIPALITY OF _____

| Case Number | Date of Complaint or Indictment | Date of Judgment/Sentence Order |
|---|---|---|
| CC-02-165 thru 170 | N/A | 10/03/03 |
| Number of Days of Trial/Hearing  0  Days | Date of Notice of Appeal  Oral: | Written: 10/13/03 |

Indigent Status Requested: [X] Yes [ ] No          Indigent Status Granted: [ ] Yes [ ] No

## B. REPRESENTATION:

Is Attorney Appointed or Retained?  [ ] Appointed  [ ] Retained..   If no attorney, will appellant represent self? [X] Yes [ ] No

| Appellant's Attorney (Appellant if pro se) (Attach additional pages if necessary) | Telephone Number |
|---|---|
| Douglas Stevenson, pro se | N/A |

| Address | City | State | Zip Code |
|---|---|---|---|
| P. O. Box 10 | Clio | AL 36017 | |

## C. CODEFENDANTS: List each CODEFENDANT and the codefendant's case number.

| Codefendant | Case Number |
|---|---|
| Codefendant | Case Number |
| Codefendant | Case Number |

## D. TYPE OF APPEAL: Please check the applicable block.

1 [ ] State Conviction  4 [ ] Pretrial Order  7 [ ] Juvenile Transfer Order  10 [ ] Other (Specify)
2 [X] Post-Conviction Remedy  5 [ ] Contempt Adjudication  8 [ ] Juvenile Delinquency
3 [ ] Probation Revocation  6 [ ] Municipal Conviction  9 [ ] Habeas Corpus Petition

## E. UNDERLYING CONVICTION/CHARGE: Regardless of the type of appeal checked in Section D, please check the box beside each offense category for which the appellant has been convicted or charged as it relates to this appeal. Also include the applicable section of the Code of Alabama for State convictions.

1 [ ] Capital Offense - §  6 [ ] Trafficking in Drugs - §  11 [ ] Fraudulent Practices - §
2 [ ] Homicide - §  7 [ ] Theft - §  12 [ ] Offense Against Family - §
3 [ ] Assault - §  8 [ ] Damage or Intrusion to Property - §  13 [ ] Traffic - DUI - §
4 [ ] Kidnapping/Unlawful Imprisonment - §  9 [ ] Escape - §  14 [ ] Traffic - Other - §
5 [ ] Drug Possession - §  10 [ ] Weapons/Firearms - §  15 [ ] Miscellaneous (Specify): §

## F. DEATH PENALTY:

Does this appeal involve a case where the death penalty has been imposed?  [ ] Yes [X] No

## G. TRANSCRIPT:

1. Will the record on appeal have a reporter's transcript?  [ ] Yes [X] No
2. If the answer to question "1" is "Yes," state the date the Reporter's Transcript Order was filed. _____ (Date)
3. If the answer to question "1" is "No":
   (a) Will a stipulation of facts be filed with the circuit clerk? [ ] Yes [ ] No
   (b) Will the parties stipulate that only questions of law are involved and will the trial court certify the questions? [ ] Yes [ ] No

NOTE: If the appeal is from the district or juvenile court and the answer to question "1" is "No," then a positive response is required for question 3(a) or 3(b).

Form ARAP-26 (sub)    8-91    COURT OF CRIMINAL APPEALS DOCKETING STATEMENT

H. POST-JUDGMENT MOTIONS: List all post-judgment motions by date of filing, type, and date of disposition (whether by trial court order or by the provisions of Rules 20.3 and 24.4 (ARCrP)):

| DATE OF FILING | | | TYPE OF POST-JUDGMENT MOTION | DATE OF DISPOSITION | | |
|---|---|---|---|---|---|---|
| Month | Day | Year | | Month | Day | Year |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

I. NATURE OF THE CASE: Without argument, briefly summarize the facts of the case.

Denial of Rule 32 Petition

J. ISSUE(S) ON APPEAL: Briefly state the anticipated issues that will be presented on appeal. (Attach additional pages if necessary.)

WHETHER THE TRIAL COURT ERRED TO REVERSAL FOR SUMMARILY DENYING THE APPELLANT'S RULE 32 PETITION?

SIGNATURE:

_____          _____
Date                                 Signature of Attorney/Party Filing this Form

51

10/22/03 - Free Transcript ordered
11-6-03N. Dpt.                    Edward Hutton, Judge

ACR371           ALABAMA JUDICIAL DATA CENTE              52
NOTICE OF APPEAL TO THE ALABAMA COURT OF CRIMINAL APPEALS
BY THE TRIAL COURT CLERK
IN THE CIRCUIT COURT OF    HOUSTON COUNTY
STATE OF ALABAMA VS STEVENSON DOUGLAS EDWARD    JUDGE: SIDNEY E. JACKSON

---

| APPEAL DATE: 10/17/2003

---

| INDIGENCY STATUS:
|    GRANTED INDIGENCY STATUS AT TRIAL COURT:      __X__ YES      _____ NO
|    APP. TRIAL COUNSEL PERMITTED TO W/D ON APPEAL:   __X__ YES    _____ NO
|    INDIGENT STATUS REVOKED ON APPEAL:      __?__ YES   __X__ NO
|    INDIGENT STATUS GRANTED ON APPEAL:      __?__ YES    _____ NO
|
| DEATH PENALTY: NO
|
| APPEAL TYPE: RULE 32 PETITION    Defendant handling Appeal Pro-Se

---

| THIS APPEAL IS FROM AN ORDER DENYING A PETITION (I.E., RULE 32 PETITION,
| WRIT OF HABEAS CORPUS, ETC) OR FROM ANY OTHER ISSUED BY THE TRIAL JUDGE.
|
| CO/CASE NUMBER: 38/CC 2002 000165.60     10-3-03 Petiton Dismissed
|
| ORDER ENTERED(DATE): 10032003 PETITION: X_ DISMISSED  X DENIED __GRANTED

---

| POST-JUDGMENT MOTIONS FILED:   DT FILED       DT DENIED      CON BY AGREE
| ___ MOTION FOR NEW TRIAL      _____      _____    _____
| ___ MOTION FOR JUDG. OF ACQUIT   _____      _____    _____
| ___ MOTION TO W/D GUILTY PLEA    _____      _____    _____
| ___ MOTION FOR ATTY TO W/DRAW    _____      _____    _____
| ___ OTHER

---

| COURT REPORTER(S):                  _____
| ADDRESS:                       _____
|                            _____
|
| APPELLATE COUNSEL #1:            _____
| ADDRESS:                       _____
|                            _____
|                            _____
| PHONE NUMBER:                  _____
|
| APPELLATE COUNSEL #2:            _____
| ADDRESS:                       _____
|                            _____
|                            _____
| PHONE NUMBER:                  _____
|
| APPELLANT (PRO SE):             STEVENSON DOUGLAS EDWARD
| ADDRESS:                       EASTERLING CORR. FAC.
|                            CLIO         , AL   360170000
| AIS #:
|
| APPELLEE (IF CITY APPEAL):       _____
| ADDRESS:                       _____
|                            _____

---

| I CERTIFY THAT THE INFORMATION PROVIDED          OPERATOR: STW
ABOVE IS ACCURATE TO THE BEST OF MY          PREPARED: 11/06/2003
KNOWLEDGE AND I HAVE SERVED A COPY OF
THIS NOTICE OF APPEAL ON ALL PARTIES TO
THIS ACTION ON THIS 6th DAY OF __November__ 2003     CIRCUIT COURT CLERK

**Court of Criminal Appeals**

H. W. "BUCKY" McMILLAN
Presiding Judge
SUE BELL COBB
PAMELA W. BASCHAB
GREG SHAW
A. KELLI WISE
Judges

State of Alabama
Judicial Building, 300 Dexter Avenue
P. O. Box 301555
Montgomery, AL 36130-1555

Lane W. Mann
Clerk
Wanda K. Ivey
Assistant Clerk
(334) 242-4590
Fax (334) 242-4689

November 25, 2003

Hon. Judy Byrd
Circuit Clerk Houston
P. O. Drawer 6406
Dothan  AL  36302

Re: **CR-03-0200**
   Douglas Edward Stevenson v. State of Alabama  (Appeal from Houston Circuit Court:
   CC02-165.60; CC02-1166.60; CC02-1168.60; CC02-1169.60; CC02-1170.60).

Dear Ms. Byrd:

   The notice of appeal in the above referenced case was filed on October 17, 2003. According to our records, this appeal will not have a reporter's transcript of the evidence. Pursuant to Rule 11(b) of the Alabama Rules of Appellate Procedure (ARAP), if there is no reporter's transcript, the record on appeal should be filed with the Clerk of the appellate court within 28 days of the filing of the notice of appeal.  Based on Rule 11(b), ARAP, it appears that the record on appeal is late.

   Please advise this Court if our records are incorrect.  Otherwise, the Court of Criminal Appeals respectfully requests that you take all necessary action required to complete and file the record on appeal by December 2, 2003.

   Your assistance with this matter will certainly be appreciated.  Please let me know if you have any questions.

Sincerely yours,

Lane W. Mann, Clerk
Court of Criminal Appeals

**cc:** Douglas Edward Stevenson, Pro Se
   Office of Attorney General

51



# JUDY BYRD

CIRCUIT CLERK
AND
DISTRICT COURT CLERK
HOUSTON COUNTY
DOTHAN, ALABAMA 36302

Elaine Love
Chief Clerk

(334) 677-4858
P.O. Drawer 6406

November 25, 2003

Court of Criminal Appeals
State of Alabama Judicial Building
300 Dexter Ave.
P. O. Box 301555
Montgomery, Alabama   36130-1555

RE:  Douglas Stevens CR 03 0200
Richard Benefield CR 03 0198

Dear Mr. Mann:

I have received your request for these transcript, I have been
extreamly busy with other transcripts, as well as my other duties.
I beg for a time extension in these two cases, I realize there will
not be a Court Reporter's Transcript, and I will get these to you
very quickly.

Please execept my apology for having let this matter get
this far without having talked with you before.

Any consideration will be appreciated.

Sincerely,

Judy Byrd, Clerk

sw

TRANSMISSION VERIFICATION REPORT

| | |
|---|---|
| DATE,TIME | 11/26 15:09 |
| FAX NO./NAME | 92424689 |
| DURATION | 00:00:38 |
| PAGE(S) | 02 |
| RESULT | OK |
| MODE | STANDARD |
| | ECM |

AP 14-3 Certificate of Completion and Transmittal of Record on Appeal by Trial Clerk

## CERTIFICATE OF COMPLETION AND TRANSMITTAL
## OF RECORD ON APPEAL BY TRIAL CLERK

No. 56

TOTAL of 56 PAGES

DOUGLAS EDWARD STEVENSON

Appellant

V.

State of Alabama
Appellee

TO: The Clerk of the Court of
   Criminal Appeals of Alabama

Case No. ___CC-2002-165.60, 2002-1166.60___
            thur 2002-1170.60

Date of Notice of Appeal ___10-17-03___

I certify that I have this date completed and transmitted herewith to the appellate court the record on appeal by

assembling ____56____ pages of the Clerk's record, and ____0____ pages of

the Court Reporter's transcript, and that one copy of each of the record on appeal
has been served on the defendant and the Attorney General of the State of Alabama for the preparation of briefs.

I certify that a copy of this certificate has this date been served on counsel for each party to the appeal.

DATED this ___3rd___ day of ___December___ , ___2003___ .

_Judy Byrd_
                    Circuit Clerk

HOUSTON
                    County



# THE STATE OF ALABAMA - - JUDICIAL DEPARTMENT
## THE ALABAMA COURT OF CRIMINAL APPEALS

**CR-03-0200**

Douglas Edward Stevenson v. State of Alabama  (Appeal from Houston  Circuit Court:
CC02-165.60; CC02-1166.60; CC02-1168.60; CC02-1169.60; CC02-1170.60).

## CERTIFICATE OF JUDGMENT

WHEREAS, the appeal in the above referenced cause has been duly submitted and considered by the Court of Criminal Appeals; and

WHEREAS, the judgment indicated below was entered in this cause on January 23rd 2004:

### Affirmed by Memorandum.

NOW, THEREFORE, pursuant to Rule 41 of the Alabama Rules of Appellate Procedure, it is hereby certified that the aforesaid judgment is final.

Witness. Lane W. Mann, Clerk
Court of Criminal Appeals, on this
the 11th day of February, 2004.

**Clerk**
**Court of Criminal Appeals**
**State of Alabama**

cc: Hon. Sidney Edward Jackson, Circuit Judge
    Hon. Judy Byrd, Circuit Clerk
    Douglas Edward Stevenson, Pro Se
    John M. Porter, Asst. Atty. Gen.

EXHIBIT

A

| Form ARAP- 26 (back) | 8/91 | COURT OF CRIMINAL APPEALS DOCKETING STATEMENT |
|---|---|---|

**H. POST-JUDGMENT MOTIONS:** List all post-judgment motions by date of filing, type, and date of disposition (whether by trial court order or by the provisions of Rules 20.3 and 24.4 (ARCrP)):

| DATE OF FILING | | | TYPE OF POST-JUDGMENT MOTION | DATE OF DISPOSITION | | |
|---|---|---|---|---|---|---|
| Month | Day | Year | | Month | Day | Year |
| | | | | | | |
| | | | | | | |
| | | | | | | |

**I. NATURE OF THE CASE:** Without argument, briefly summarize the facts of the case.

**J. ISSUE(S) ON APPEAL:** Briefly state the anticipated issues that will be presented on appeal. *(Attach additional pages if necessary.)*

**K. SIGNATURE:**

_Lennie L. Brown_ PRO SE
Signature of Attorney/ Party Filing this Form

EXHIBIT
A

| State of Alabama<br>Unified Judicial System<br>Form ARAP- 1C        8/91 | REPORTER'S TRANSCRIPT ORDER -- CRIMINAL<br>See Rules 10(c) and 11(b) of the<br>Alabama Rules of Appellate Procedure (A.R. App.P.) | Criminal Appeal Number<br><br>_____ _____ |

TO BE COMPLETED BY COUNSEL FOR THE APPELLANT OR BY THE APPELLANT IF NOT REPRESENTED AND FILED WITH THE WRITTEN NOTICE OF APPEAL OR FILED WITHIN 7 DAYS AFTER ORAL NOTICE OF APPEAL IS GIVEN.

[X] CIRCUIT COURT    [ ] DISTRICT COURT    [ ] JUVENILE COURT of _____ COUNTY

_____ , Appellant

V.    [X] STATE OF ALABAMA    [ ] MUNICIPALITY OF _____

| Case Number | Date of Judgment/Sentence/Order |
|---|---|
| Date of Notice of Appeal<br>Oral:        Written: | Indigent Status Granted:<br>[X] Yes    [ ] No |

**PART 1. TO BE SIGNED IF THE APPEAL WILL NOT HAVE A COURT REPORTER'S TRANSCRIPT:**

I CERTIFY THAT NO REPORTER'S TRANSCRIPT IS EXPECTED AND THAT THE RECORD ON APPEAL SHALL CONSIST OF THE CLERK'S RECORD ONLY. IF THE APPEAL IS FROM DISTRICT COURT OR JUVENILE COURT, I ALSO CERTIFY (1) THAT A STIPULATION OF FACTS WILL BE INCLUDED IN THE CLERK'S RECORD AND THAT THE APPELLANT WAIVES HIS RIGHT TO A JURY TRIAL IF SO ENTITLED; OR (2) THAT THE PARTIES HAVE STIPULATED THAT ONLY QUESTIONS OF LAW ARE INVOLVED AND THAT THE QUESTIONS WILL BE CERTIFIED BY THE JUVENILE/DISTRICT COURT FOR INCLUSION IN THE CLERK'S RECORD (SEE RULE 28(A)(1), ALABAMA RULES OF JUVENILE PROCEDURE, AND §12-12-72, CODE OF ALABAMA 1975).

| | | |
|---|---|---|
| Signature | Date | Print or Type Name |

**PART 2. DESIGNATION OF PROCEEDINGS TO BE TRANSCRIBED.** Request is hereby made to the court reporter(s) indicated below for a transcript of the following proceedings in the above referenced case (see Rule 10(c)(2), Alabama Rules of Appellate Procedure (A.R.App.P.)):

MARK PROCEEDINGS REQUESTED:                                    COURT REPORTER(S)

A. [ ] TRIAL PROCEEDINGS - Although this designation will include the judgment and sentence    _____
proceedings, a transcript of the organization of the jury and arguments of counsel must    _____
be designated separately

B. [ ] ORGANIZATION OF THE JURY - This designation will include voir dire examination and    _____
challenges for cause. Note that in noncapital cases the voir dire of the jury will not be    _____
recorded unless the trial judge so directs (See Rule 19.4, ARCrP.)

C. [ ] ARGUMENTS OF COUNSEL - Note that in noncapital cases the arguments of counsel will    _____
not be recorded unless the trial judge so directs (See Rule 19.4, ARCrP.)    _____

IN ADDITION TO ANY PROCEEDINGS DESIGNATED ABOVE, SPECIAL REQUEST IS HEREBY MADE TO INCLUDE THE FOLLOWING PROCEEDINGS IN THE REPORTER'S TRANSCRIPT PORTION OF THE RECORD ON APPEAL. (ATTACH ADDITIONAL PAGES IF NECESSARY):

ADDITIONAL PROCEEDINGS REQUESTED                DATE                COURT REPORTER(S)

D. _____        _____        _____

E. _____        _____        _____

F. _____        _____        _____

G. _____        _____        _____

IMPORTANT NOTICE: The court reporter who reported the proceedings for which a transcript is requested must be identified on this form to be effective. Additionally, it is important to note that the appellant may not be permitted to raise any issue on appeal relating to any proceedings in the case that are not specifically designated on this form for inclusion in the reporter's transcript. A general designation such as "all proceedings" is not sufficient. (See Rule 10(c)(2), A.R.App.P.)

**PART 3. MUST BE SIGNED IF THE APPEAL WILL HAVE A COURT REPORTER'S TRANSCRIPT:**

I CERTIFY THAT I HAVE DISTRIBUTED THIS FORM AS SET OUT BELOW. I ALSO CERTIFY (1) THAT I HAVE MADE SATISFACTORY FINANCIAL ARRANGEMENTS WITH EACH COURT REPORTER LISTED ABOVE FOR PREPARING HIS OR HER PORTION OF THE REPORTER'S TRANSCRIPT HEREIN REQUESTED; OR (2) THAT THE APPELLANT PROCEEDED AT TRIAL AS AN INDIGENT AND THAT THAT STATUS HAS NOT BEEN REVOKED; OR, (3) THAT THE APPELLANT HAS BEEN GIVEN PERMISSION TO PROCEED ON APPEAL IN FORMA PAUPERIS.

| | | |
|---|---|---|
| Signature | Date | Print or Type Name |

DISTRIBUTION: Original filed with Clerk of Trial Court and copies mailed to:  (1) Clerk of the Court of Criminal Appeals,  (2) the District Attorney, (3) the Attorney General or the municipal prosecutor in lieu of the District Attorney and the Attorney General if the appeal is from a municipal conviction, and (4) to each Court Reporter who reported proceedings designated for inclusion in the reporter's transcript

*EXHIBIT A*

CERTIFICATE OF SERVICE

I Ronnie Lee Brown do hereby certify and confirm that on the date below I filed a NOTICE OF APPEAL with the Morgan County Circuit Court by placing the same in the inmate legal mail box addressed as below with proper postage prepaid and correctly addressed.

EXECUTED AND DONE this __1st__ DAY OF JUNE 2006

Ronnie Lee Brown 110936 Pro Se
Hamilton A&I and infirmed
223 Sasser Dr.
Hamilton, Alabama 35570

John Pat Orr
Clerk of the Circuit Court, Morgan County, Alabama
P.O. Box
Decatur, Alabama 35602

Exhibit A

7th

Ronnie L Brown

# CERTIFICATE OF SERVICE

I RONNIE LEE BROWN do hereby certify and confirm that on the date below I filed a WRIT OF MANDAMUS in the Court of Criminal Appeals of Alabama, with true copies being served on all parties to the cause by placing the same in the Inmate legal mail, postage prepaid and addressed as below.

EXECUTED AND DONE THIS __2th__ DAY OF SEPTEMBER 2006

_Ronnie L Brown_
RONNIE LEE BROWN   PRO SE   110936
Hamilton Aged and Infirmed Do1.247
323 Bossier Drive
HAMILTON, ALABAMA 35570

Lane Mann, Clerk Court of Criminal Appeals
    PO BOX 1555
Montgomery, Alabama 36102-1555

Gina Thompson Jones, Morgan County Clerk
Morgan County Circuit Court
    PO BOX 668
DECATUR, Alabama 35602

Office of the Alabama Attorney General
    Alabama State House
11 south union street
Montgomery, Alabama 36130-0152

PG. 8



**alacourt.com™**
The Alabama Trial Court System at your desk

**⋮ Main Menu**

Company Name: ATTORNEY GENERALS OFFICE          User ID: JMPORTER          Last login date: 5/6/

County: **52 - MORGAN**    [Monitor➤]    Case Number: 52-CC-2003-000205.61    [NOTICE]
Name: **BROWN RONNIE LEE (110936)**
Charge: **RULE 32-FELONY**

**Search**
☐ **Party Search**
☐ **Case Lookup**
☐ **Attorney Search**
☐ **Warrant Search**
☐ **Witness Search**
☐ **DocketSearch**
☐ **HotSheet™**

**Tracking**
☐ **Attorney Tracker**
☐ **Case Monitor**
☐ **Name Tracker**
☐ **Reminders**

**Desktop**
☐ **My Alacourt**

**Administration**
☐ **Update User Info**

## Case

See Case Detail Record from Alacourt.com version 1

### Case Information

| | | | | | |
|---|---|---|---|---|---|
| County: | 52 | Case Nº: | CC-2003-000205.61 | JID: | **GET JUDGE GLENN** |
| Filed: | **MORGAN** | AAGCY: | **C County** | Muni Nº: **00** | |
| | 10/23/2006 | | | | |
| Arrest date: | | Offe date: | | ORI: | **0520000** |
| Indict date: | | Grand jury: | | Atty 1: | |
| Tracking Nº's: | **0/0/0** | | | | |
| Date: | | Que: | | Time: | Desc: |

### Defendant Information

| | | | | | |
|---|---|---|---|---|---|
| Name: | **BROWN RONNIE LEE (110936)** | Alias 1: | | | |
| DOB: | **09/19/1954** | SSN: | **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** | Driv License Nº: | |
| Height : | **0"** | Weight: | **0** | Race/Sex: | **White /M** |
| SID: | **AL110936** | YDate: | | AIS: | |
| Address 1: | **HAMILTON AGED & INFIRMED** | | | Address 2: | **223 SASSER RD** |
| Zip: | **35570** | City: | **HAMILTON** | State: | **AL** |

### Prosecutor and Attorney Info

| | | | | | |
|---|---|---|---|---|---|
| Prosecutor: | BUR033 | | Name: | **BURRELL ROBERT L** | Prosecutor |
| Attorney 1: | | | Name: | | Attorney 1 |
| Attorney 2: | | | Name: | | Attorney 2 |

### Warrant Information

| | | | |
|---|---|---|---|
| Warrant Date: | | WARACT: | WARLO |
| Warrant Date Code: | - | WARACT Code: - | WARLO |
| BP ISS: | | BP RTN: | |

### Charges

| | | | | | |
|---|---|---|---|---|---|
| 1. Crime co: | **RULE** | Statute: | **RULE 32-FELONY** | Stat Name: | **RULE 32** |
| 2. Crime co: | | Statute: | | Stat Name: | |
| 3. Crime co: | | Statute: | | Stat Name: | |
| More: | **N** | Dom Viol: | | Case Type: | **F** |
| Comment: | | | | | |

### Bonding Information

| | | | |
|---|---|---|---|
| Bond amt: | **0.00** | Bond type: | Bond co: |
| Rel date: | | Sure: | CWIT: |
| Jury Demand: | | | Appeal Type |

**Settings**

**Disposition**

**Sentence**

## Enforcement

## Consolidated Case Action Summary

**Consolidated Case Action Summary** TC 52CC200030

| Date | Time | Code | Comments |
|---|---|---|---|
| 11/14/2006 | 08:16:35 | JUDG | ASSIGNED TO: (GET) JUDGE GLENN THOMPSON (AR01) |
| 11/14/2006 | 08:16:36 | FILE | CHARGE 01: RULE 32-FELONY/#CNTS: 001 (AR01) |
| 11/14/2006 | 08:16:37 | STAT | INITIAL STATUS SET TO: "P" - PRISON (AR01) |
| 11/14/2006 | 08:16:38 | FILE | FILED ON: 10/23/2006 (AR01) |
| 11/14/2006 | 08:16:42 | CASP | CASE ACTION SUMMARY PRINTED (AR10) |
| 03/29/2007 | 08:17:47 | DJID | DISPOSITION JUDGE ID CHANGED FROM: TO: GET |
| 03/29/2007 | 08:17:48 | COMM | OUT-OF-TIME APPEAL GRANTED (AR10) |
| 03/29/2007 | 08:17:49 | DISP | CHARGE 01: RULE 32-FELONY/#CNTS: 001 (AR10) |
| 03/29/2007 | 08:17:50 | DISP | CHARGE 01 DISPOSED BY: PET DENIED ON: 03/28/2007 |
| 03/29/2007 | 08:18:00 | DISP | CHARGE 01: RULE 32-FELONY/#CNTS: 001 (AR10) |
| 03/29/2007 | 08:18:01 | DISP | CHARGE 01 DISPOSED BY: PET GRANTED ON: 03/28/2007 |

**Images**   52-CC-2003-000205.61

## Witness List

## Financial

## Motions

COURT OF CRIMINAL APPEALS No. CR 04-1992

# APPEAL TO ALABAMA COURT OF CRIMINAL APPEALS

## FROM

### CIRCUIT COURT OF _____HOUSTON_____ COUNTY, ALABAMA

CIRCUIT COURT NO.   CC 2002-165.61

CIRCUIT JUDGE   EDWARD JACKSON

Type of Conviction / Order Appealed From: _____RULE 32_____

Sentence Imposed: _____PETITION DISMISSED_____

Defendant Indigent: ☒ YES  ☐ NO

STEVENSON, DOUGLAS EDWARD

PRO-SE          EASTERLING C.B.F.                    NAME OF APPELLANT
(Appellant's Attorney)                 (Telephone No.)
200 WALLACE DR
(Address)
CLIO,              AL.           36017
(City)          (State)        (Zip Code)

V.

## STATE OF ALABAMA

(State represented by Attorney General)          NAME OF APPELLEE
NOTE: If municipal appeal, indicate above, and enter
name and address of municipal attorney below.

_____

_____

(For Court of Criminal Appeals Use Only)



EXHIBIT

B

CLERK'S INDEX

CASE ACTION SUMMARY                                                          1-2

PETITION FOR RELIEF FROM CONVICTION OR SENTENCE                             3-20

ORDER DATED 5-12-05, ALTHOUGH THE STATE HAS NOT YET FILED A RESPONSE, THE    21
COURT DISMISSES DEFT'S PETITION AS SUCCESSIVE, BEYOND THE STATUTE OF
LIMATIONS, FAILS TO STATE A CLAIM AND PARTICULARLY AS IT RAISES THE SAME
ISSUE REGARDING THE APPLICATION OF THE HABITUAL OFFENDER ACT RULED ON BY THE
COURT 10-3-03.  THIS COURT HAS NEVER CONSIDERED ANY CONVICTION OF A DAVID
THOMAS BEING ATTRIBUTED TO THE DEFENDANT.

MOTION TO SHOW CAUSE ORDER AND TO VACATE ORDER OF DISMISSAL                  22-24

AMENDED RULE 32 FOR FACTS AND TO CORRECT RECORDS                            25-34

ORDER DATED 6-16-05, MOTION DENIED                                          35

WRITTEN NOTICE OF APPEAL                                                    36

COURT OF CRIMINAL APEPALS DOCKETING STATEMENT                               37-38

COURT REPORTER'S TRANSCRIPT ORDER -- CRIMINAL                               39

ORDER DATED 6-30-05, FREE TRANSCRIPT ORDERED                                40

CLERK'S NOTICE OF APPEAL                                                    41

CERTIFICATE OF COMPLETION                                                   42

```
ACR0372              ALABAMA JUDICIAL INFORMATION SYSTEM    CASE: CC 2002 000165.61
OPER: RHM                      CASE ACTION SUMMARY
  AGE:  1                       CIRCUIT  CRIMINAL              RUN DATE: 05/09/2005
IN THE CIRCUIT COURT OF  HOUSTON
                                                                      JUDGE: SEJ
STATE OF ALABAMA                      VS      STEVENSON DOUGLAS EDWARD
                                              EASTERLING CORR. FAC.
CASE: CC 2002 000165.61                       P. O. BOX 10
                                              CLIO, AL  36017 0000
DOB: 04/25/1957          SEX: M RACE: B HT: 5 08 WT: 180    HR: BLK EYES: BRO
SSN: 077506735  ALIAS NAMES:
===============================================================================
CHARGE01: RULE 32-FELONY        CODE01: RULE LIT: RULE 32-FELONY TYP: F #: 001
OFFENSE DATE:                           AGENCY/OFFICER:

DATE WAR/CAP ISS:                     DATE ARRESTED:
DATE      INDICTED:                   DATE     FILED: 05/05/2005
DATE      RELEASED:                   DATE   HEARING:
BOND      AMOUNT:          $.00       SURETIES:

DATE 1:          DESC:                TIME: 0000
DATE 2:          DESC:                TIME: 0000
TRACKING NOS:

  DEF/ATY:                       TYPE:                          TYPE:

                           00000                        00000
PROSECUTOR: VALESKA DOUGLAS A

===============================================================================
 TH CSE:  000000000000 CHK/TICKET NO:
 OURT REPORTER:                 SID NO:                 GRAND JURY:
DEF STATUS: JAIL                DEMAND: Y     000000000
                                                                     OPER: RHM
DATE           ACTIONS, JUDGEMENTS, AND NOTES
```

| DATE | ACTIONS, JUDGEMENTS, AND NOTES |
|---|---|
| 5-5-05 | Petition for Releif from Conviction or sentence. |
| 3/2/05 | Although the State has not yet filed a response the Court dismisses D's Petition as excessive [illegible] the State [illegible] fails to state a claim, and particularly as it raises the same issue regarding the application of the Habitual Offender Act ruled on by the Court 10/3/03. This Court has never convicted any [illegible] of a David [illegible] being attributed [illegible]. [signed] (5-17-05 N. Da & def) |
| 6-2-05 | Motion to show cause order and to vacate order of dismissal of Rule 32. |
| 6-9-05 | Amended Rule 32 for facts and to correct record. |
| 6/16/05 | Motion denied, [signed] (6-17-05 N. Da, def) |

1

STATE OF ALABAMA  VS  DOUGLAS E. STEVENSON    CC 2002-165.61

6-28-05    Written Notice of appeal, CCA docketing statement and CR transcript order.

6/30/05 Free transcript ordered. *[signature]*, Judge

7-5-05  Clerk's notice of appeal, CCA docketing statement and CR transcript order
        to CCA, Ag and deft.

07-05-05 Clerk's record on appeal to CCA, AG and deft.

# PETITION FOR RELIEF FROM CONVICTION OR SENTENCE

(Pursuant to Rule 32,
Alabama Rules of Criminal Procedure)

Case Number

|     | ID | YR | NUMBER |
|-----|----|----|--------|

IN THE ~~CRIMINAL~~ *CIRUIT* COURT OF *Houston Co,* ALABAMA

*Douglis E. Stevenson* ___ VS. *State of Alabama*
Petitioner (Full Name)         Respondent

[Indicate either the "State" or,
if filed in municipal court, the
name of the "Municipality"]

Prison Number *# 77 80 63* ___ Place of Confinement *Easterling Corr. Facility*

County of conviction *Houston County "Dothan" Alabama*

NOTICE: BEFORE COMPLETING THIS FORM, READ CAREFULLY
THE ACCOMPANYING INSTRUCTIONS.

1. Name and location (city and county) of court which entered the judgment of conviction or sentence under attack *Dothan Alabama* *Houston County, Alabama*

2. Date of judgment of conviction *March 11, 2003*

3. Length of sentence *15 Years*

4. Nature of offense involved (all counts) *Recv. Stolen Prop. 2nd And Poss. of Forged Entrement, 2nd.*

5. What was your plea? (Check one)

    (a) Guilty *X*

    (b) Not guilty ___

    (c) Not guilty by reason of mental disease or defect ___

    (d) Not guilty and not guilty by reason of mental disease or defect ___

3

6.  Kind of trial: (Check one)

    (a)  Jury _____              (b)  Judge only  _X_

7.  Did you testify at the trial?

    Yes _____              No _✓_

8.  Did you appeal from the judgment of conviction?

    Yes _____         No _X_

9.  If you did appeal, answer the following:

    (a)  As to the state court to which you first appealed, give the following information:

        (1)  Name of court _____ N/A _____

        _____ N/A _____

        (2)  Result _____ N/A _____

        (3)  Date of result _____ N/A _____

    (b)  If you appealed to any other court, then as to the second court to which you appealed, give the following information:

        (1)  Name of court _____ N/A _____

        (2)  Result _____ N/A _____

        (3)  Date of result _____ N/A _____

    (c)  If you appealed to any other court, then as to the third court to which you appealed, give the following information:

        (1)  Name of court _____ N/A _____

        (2)  Result _____ N/A _____

        (3)  Date of result _____ N/A _____

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, motions with respect to this judgment in any court, state or federal?

Yes _____          No _X̶_

11. If your answer to Question 10 was "yes", then give the following information in regard to the first such petition, application, or motion you filed:

   (a)  (1)  Name of court _____ N/A _____

        (2)  Nature of proceeding _____ N/A _____

        (3)  Grounds raised _____ N/A _____

             _____

             _____

             _____

             (attach additional sheets if necessary)

        (4)  Did you receive an evidentiary hearing on your petition, application, or motion?

             Yes _____          No N/A

        (5)  Result _____ N/A _____

        (6)  Date of result _____ N/A _____

   (b)  As to any second petition, application, or motion, give the same information:

        (1)  Name of court _____ N/A _____

        (2)  Nature of proceeding _____ N/A _____

        (3)  Grounds raised _____ N/A _____

             _____

             _____

             _____

             (attach additional sheets if necessary)

        (4)  Did you receive an evidentiary hearing on your petition, application, or motion?

             Yes _____          No X

        (5)  Result _____ N/A _____

        (6)  Date of result _____ N/A _____

   (c)  As to any third petition, application, or motion, give the same information (attach additional sheets giving the same information for any subsequent petitions, applications, or motions):

        (1)  Name of court _____ N/A _____

3

(2)    Nature of proceeding _____

(3)    Grounds raised _____ N/A _____

_____

_____

_____

_____

(attach additional sheets if necessary)

(4)    Did you receive an evidentiary hearing on your petition, application, or motion?

Yes _____          No _X_

(5)    Result _____ N/A _____

(6)    Date of result _____ N/A _____

(d)    Did you appeal to any appellate court the result of the action taken on any petition, application, or motion?

(1)    First petition, etc.          Yes __X__          No __X__

(2)    Second petition, etc.         Yes __X__          No __X__

(2)    Third petition, etc.          Yes _____        No _____

ATTACH ADDITIONAL SHEETS GIVING THE SAME INFORMATION
FOR ANY SUBSEQUENT PETITIONS, APPLICATIONS, OR MOTIONS.

(e)    If you did not appeal when you lost on any petition, application, or motion, explain briefly why you did not:

_____ N/A _____

_____

_____

12.    Specify every ground on which you claim that you are being held unlawfully, by placing a check mark on the appropriate line(s) below and providing the required information. Include all facts. If necessary, you may attach pages stating additional grounds and the facts supporting them.

# GROUNDS OF PETITION

Listed below are the possible grounds for relief under Rule 32. Check the ground(s) that apply in your case, and follow the instruction under the ground(s):

_____    A.    The Constitution of the United States or of the State of Alabama requires a new trial, a new sentence proceeding, or other relief.

For your information, the following is a list of the most frequently raised claims of constitutional violation:.

4

(1)  Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and consequences of the plea.

(2)  Conviction obtained by use of coerced confession.

(3)  Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.

(4)  Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.

(5)  Conviction obtained by a violation of the privilege against self-incrimination.

(6)  Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.

(7)  Conviction obtained by a violation of the protection against double jeopardy.

(8)  Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.

(9)  Denial of effective assistance of counsel.

This list is not a complete listing of all possible constitutional violations.

If you checked this ground of relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each constitutional violation that you claim, whether or not it is one of the nine listed above, and include under it each and every fact you feel supports this claim. Be specific and give details.

_yes_    B.    The court was without jurisdiction to render the judgment or to impose the sentence.

If you checked this ground or relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

_yes_    C.    The sentence imposed exceeds the maximum authorized by law, or is otherwise not authorized by law.

If you checked this ground or relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

_____    D.    Petitioner is being held in custody after his sentence has expired.

If you checked this ground or relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

_____    E.    Newly discovered material facts exist which require that the conviction or sentence be vacated by the court, because:

The facts relied upon were not known by petitioner or petitioner's counsel at the time of trial or sentencing or in time to file a post-trial motion pursuant to rule 24, or in time to be included in any previous collateral proceeding, and could not have been discovered by any of those times through the exercise of reasonable diligence; and

The facts are not merely cumulative to other facts that were known; and

5

7

The facts do not merely ? unt to impeachment evidence; and

If the facts had been known at the time of trial or sentencing, the result would probably have been different; and

The facts establish that petitioner is innocent of the crime for which he was convicted or should not have received the sentence that he did.

If you checked this ground or relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

_____ F.  The petitioner failed to appeal within the prescribed time and that failure was without fault on petitioner's part.

If you checked this ground or relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

13.  IMPORTANT NOTICE REGARDING ADDITIONAL PETITIONS RULE 32.2(b) LIMITS YOU TO ONLY ONE PETITION IN MOST CIRCUMSTANCES. IT PROVIDES:

"Successive Petitions. The court shall not grant relief on a second or successive petition on the same or similar grounds on behalf of the same petitioner. A second or successive petition on different grounds shall be denied unless the petitioner shows both that good cause exist why the new ground or grounds were not known or could not have been ascertained through reasonable diligence when the first petition was heard, and that failure to entertain the petition will result in a miscarriage of justice."

A.  Other than an appeal to the Alabama Court of Criminal Appeals or the Alabama Supreme Court, have you filed in state court any petition attacking this conviction or sentence?

Yes _____          No _X_

B.  If you checked "Yes," give the following information as to earlier petition attacking this conviction or sentence:

(a)  Name of court _____ X _N/A_____

(b)  Result _____ N/A_____

(c)  Date of result _____ N/A_____
      (attach additional sheets if necessary)

C.  If you checked the "Yes" line in 13A, above, and this petition contains a different ground or grounds of relief from an earlier petition or petitions you filed, attach a separate sheet or sheets labeled: "EXPLANATION FOR NEW GROUND(S) OF RELIEF."

On the separate sheet(s) explain why "good cause exists why the new ground or grounds were not known or could not have been ascertained through reasonable diligence when the first petition was heard, and [why the] failure to entertain [this] petition will result in a miscarriage of justice."

14.  Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack?

Yes _____          No _X_

6

Case Number

| ID | YR | NUMBER |
|----|----|--------|

(To be completed
by Court Clerk)

# IN FORMA PAUPERIS DECLARATION

_HOUSTON CIRCUIT COURT_
[Insert appropriate court]

_Douglas E. Stevenson_
(Petitioner)

vs.

_STATE of ALABAMA_
(Respondent(s)

## DECLARATION IN SUPPORT OF REQUEST TO PROCEED
## IN FORMA PAUPERIS

I, _DOUGLAS E. STEVENSON_ , declare that I am the petitioner in the above entitled case; that in support of my motion to proceed without being required to prepay fees, costs, or give security therefor, I state that because of my poverty I am unable to pay the costs of said proceeding or to give security therefor; that I believe I am entitled to relief.

1. Are you presently employed?    Yes _____    No _✓_

   a. If the answer is "yes", state the amount of your salary or wages per month; and give the name and address of your employer.

   _NONe_

   b. If the answer is "no", state the date of last employment and the amount of the salary and wages per month which you received.

   _NONe_

2. Have you received within the past twelve months any money from any of the following sources?

   a. Business, profession, or other form of self-employment?

      Yes _____    No _✓_

   b. Rent payments, interest, or dividends?

      Yes _____    No _✓_

   c. Pensions, annuities, or life insurance payments?

      Yes _____    No _✓_

   d. Gifts or inheritances?

      Yes _____    No _✓_

   e. Any other sources?

      Yes _____    No _✓_

2

If the answer to any of the above is "yes", describe each source of money and state the amount received from each during the past twelve months.

_____
_____
_____
_____

3.  Do you own cash, or do you have money in a checking or savings account?

Yes _____          No _X_

(Include any funds in prison accounts.)

If the answer is "yes", state the total value of the items owned.

_____
_____

4.  Do you own any real estate, stocks, bonds, notes, automobiles, or other valuable property (excluding ordinary household furnishings and clothing)?

Yes _____          No _X_

If the answer is "yes", describe the property and state its approximate value.

_____
_____
_____

5.  List the persons who are dependent upon you for support, state your relationship to those persons, and indicate how much you contribute toward their support.

_____ N/A _____
_____

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.

Executed on ~~_____~~, 2005
APril 18,        (Date)

_____
Douglas E. Stevenson
Signature of Petitioner                228063

## CERTIFICATE

I hereby certify that the petitioner herein has the sum of $ _0.05_ on account to his credit at the institution where he is confined. I further certify that petitioner likewise has the foregoing securities to his credit according to the records of said ___Easterling___ institution:

_See attached_
_____

_4.18.05_
DATE

_____
Myra K. Peters Acct Clerk
AUTHORIZED OFFICER OF INSTITUTION

Rule 32                                3

15. Give the name and address, if known, of each attorney who represented you at the following stages of the case that resulted in judgment under attack:

(a) At preliminary hearing _____

_____

(b) At arraignment and plea _____

(c) At trial _____

(d) At sentencing ___*See CLeRK RecoRD*_____

(e) On appeal _____

(f) In any post-conviction proceeding _____

_____

_____

(g) On appeal from adverse ruling in a post-conviction proceeding _____

_____

_____

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?

Yes _X_                     No _____

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?

Yes _____                  No _X_

(a) If so, give name and location of court which imposed sentence to be served in the future: _____
*NONE*

(b) And give date and length of sentence to be served in the future: _____
*NONE*

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?

Yes _____                  No _X_

18. What date is this petition being mailed?
___*3-22-06*___

Wherefore, petitioner prays that the court grant petitioner relief to which he may be entitled in this proceeding.

IN THE CIRCUIT COURT OF
HOUSTON COUNTY, ALabama

**FILED**

MAY 0 5 2005

JUDY BYRD, CLERK
HOUSTON CO., AL

Douglas E. Stevenson

    Petitioner

  - VS -

State of Alabama

    Respondent

Case No. CC-02-165-PO

## Rule 32 Petition

Come Now Douglas E. Stevenson, Petitioner, And Pursuant To Post Conviction Relief Petition The Honrable Court To Issue a full order Setting this Cause for a Hearing under Rule 32.9 (a).

The Following Grounds as Stated under Alabama Law Damand a Full Hearing, and the Resentencing of Petitioner the Following:

### Ground One

The Court Was without Jurisdiction to Impose a (15) Fiffthteen Year Term of Imprisonment for a Class "C" Felony.

12

PAGE 2

THE CIRCUIT COURT OF HOUSTON COUNTY, ALABAMA
UNDER CC-02-165 FOR RECU. STOLEN PROPERTY II
IMPOSED A 15 YEAR SENTENCE IN STATE PRISON
FOR A CLASS C FELONY IS A YEAR AND A DAY,
THE MAXIMUM TERM IS ONLY TEN YEARS.
THEREFORE THE COURT WAS WITHOUT JURISDICTION
TO IMPOSE A SENTENCE OF 15 YEARS FOR RECU.
STOLEN PROPERTY II, POSS. of forged instruments
    THE COURT HAD NO JURISDICTION where it
is MANDATORY UNDER THE STATUTE CODE OF
ALABAMA 1975 SECTION 13A-5-9 TO SHOW AND
PROVE CERTIFIED OUT OF STATE CONVICTIONS. THE
STATE OF ALABAMA IS REQUIRED TO SHOW AND
PROVE THAT I HAD PRIOR FELONY CONVICTIONS,
AND WAS SENTENCED, CONVICTED AND REPRESENTED
BY COUNSEL.
    PETITIONER Never Admitted TO ANY PRIOR
FELONY CONVICTIONS. I HAVE BEEN ARRESTED
BUT I DON'T HAVE ANY FELONY CONVICTIONS,
AND THE STATE NEVER SHOWED ANY TO THE
COURT FOR ME TO ADMIT TO. THEREFORE THE
SENTENCE FOR 15 YEARS IS CLEARLY ILLEGAL
CODE OF ALABAMA 1975 SECTION 13A-5-6(A)(C)
DEMANDS A MAXIMUM OF ONLY TEN YEARS.
EXHIBIT "C" IS PROOF THAT JUDGE JACKSON
DIDN'T HAVE ANY PRIORS BUT used FALSE INFORMATION
OF A PERSON NAMED DAVID THOMAS AND "AK".

PAGE 3

## GROUND TWO
## THE SENTENCE TO 15 YEARS FOR A
## CLASS -C- FELONY IS ILLEGAL

THE CIRCUIT COURT OF HOUSTON COUNTY, ALABAMA USED A PRIOR CONVICTION THAT IS NOT A DOCUMENT. TO WHICH BELONGS TO PETITIONER. [SEE EXHIBIT "A"] THE DOCUMENTS [SEE EXHIBIT "B"] WERE USED BY MOUTH TO ENHANCE PETITIONER'S CLASS "C" FELONY OFFENSE TO A TERM OF 15 YEARS.

THE MAXIMUM TERM FOR RECV. STOLEN PROPERTY II IS ONLY (10) TEN YEARS. THE CIRCUIT COURT IMPOSING A TERM OF 15 YEARS FOR A CLASS C FELONY IS ILLEGAL AND UNAUTHORIZED BY LAW.

THE TRUE FACTS IS YOUR PETITIONER HAS NEVER BEEN CONVICTED OF A FELONY OFFENSE IN ANY STATE OF THESE UNITED STATES, PRIOR TO THE CONVICTION IMPOSED FROM HOUSTON COUNTY, ALABAMA.

THE CIRCUIT COURT WAS WITHOUT JURISDICTION WHERE 13A-5-9 IS MANDATORY BY CONVICTIONS FROM OUT OF STATE, AND FORGEIN JURISDICTION. THE STATE DIDN'T INTRODUCE CERTIFIED PRIOR CONVICTIONS, AND THE RECORD IS SILENT OF ANY ENHANCEMENTS. THE CLASS C FELONY FOR 15 YEARS IS ILLEGAL.

14

PAGE 4

# RELIEF

1. THE COURT TO ISSUE A ORDER FOR THE STATE TO SHOW BEFORE THIS COURT THE PRIORS.

2. THE COURT SET THIS CASE FOR A FULL HEARING ON THE COURT'S DOCKET.

3. THE JUDGE TO ISSUE AN ORDER TO TRANSPORT PETITIONER BACK BEFORE THE COURT FOR A HEARING.

4. THE COURT TO APPOINT COUNSEL TO REPRESENT PETITIONER.

5. THE COURT TO TAKE JUDICIAL NOTICE THAT PETITIONER'S CLAIM IS JURISDICTIONAL.

RESPECTFULLY

*Douglas E. Stevenson*

DOUGLAS E. STEVENSON
200 WALLACE DR.
CLIO, AL. 36017

DATED MARCH 22 2005

15

JUL 01 2002 16:07.    STATE DEPT REG MGMT ·609 530 6121    99736935963         P.14
                      Are 2 (See Page 1 Ind, 2211-78 an      age 3, Ind. 2209-89)
    JAIL,             (Reason: Pages 5 and 6)

                                                    NEW JERSEY SUPERIOR COURT
                                                    ESSEX COUNTY LAW DIVISION-
          "A"                                       CRIMINAL
                                                    Indictment No. 2210-78
                                                    Accusation No. _____
                                                    S.B.I. No. _____
                                                    DATE OF ARREST _____

    THE STATE OF NEW JERSEY )
              v.              )                              JUDGMENT
    DAVID A. THOMAS           )
                              )
                              )

    The defendant on 3/30/79    having entered a plea of NOT GUILTY
    to indictment  #2210-78         for the crime of (CT. #1), RAPE
    (NJS: 2A:138-1); (CT. #2), ARMED, (NJS: 2A:151-5); (CT. #3), KIDNAPPING,
    (CT. #4), POSSESSION DANGEROUS WEAPON; (CT.#5), ROBBERY; (CT. #6);
    ARMED;

    and the defendant having on  7/27/79 RETRACTED PLEA OF NOT GUILTY AND
    ENTERED A PLEA OF GUILTY TO: (CT. #1), RAPE; (CT. #2), ARMED; . . . .

    It is therefore, on OCTOBER 30, 1979 Ordered and Adjudged that the
    defendant be and is sentenced to:
    (CT#1) -- STATE PRISON, TRENTON, FOR NOT LESS THAN FOUR (4) YEARS,
    NOR MORE THAN FIVE (5) YEARS. CONSECUTIVE TO SENTENCE ON COUNTS #2
    & #3 OF INDICTMENT #2211-78.
    (CT/2) -- STATE PRISON, TRENTON, FOR NOT LESS THAN FOUR (4) YEARS,
    NOR MORE THAN FIVE (5) YEARS. CONSECUTIVE TO SENTENCES ON COUNTS #2
    & #3 OF INDICTMENT #2211-78 AND COUNT# 1 OF INDICTMENT #2210-78

    DEFENDANT WAIVED RIGHTS TO BE SENTENCED UNDER HER CODE.

    INDICTMENT #2210-78 -- DAVID A. THOMAS -- (CT#3) KIDNAPPING; (CT#4)
    POSSESSION DANGEROUS WEAPON; (CT#5) ROBBERY; (CT#6) ARMED ENTILE
    CONVICTED ROBBERY; DISMISSED ON MOTION OF THE PROSECUTOR PURSUANT
    PLEA AGREEMENT ON 7-27-79

    STATEMENT OF REASONS REQUIRED BY          Defendant to receive
    R.3:21-4(a) APPEARS ON THE REVERSE SIDE   R.3:21-8 Credit for
                                              time spent in custody
    ATTORNEY FOR DEFENDANT                    From _____
    Upon entry of Guilty Plea or Conviction
    H. EGENBERG                               To _____
    ─────────────────────────                Days credit _____
    At time of Sentencing

    H. EGENBERG
    ─────────────────────────
                                              _____
                                              HON. EDWARD J. NEAGLE, JR., PRES.

    GLORIA MURPHY/STEVEN ROSENFELD            _____
            Prosecutor                              County Clerk

    LOIS R. GRAHAM                            OCTOBER 30, 1979
         Court Clerk                                Date

                                                           TRUE COPY

                            16

Front and Back

"B"

```
ACRO372            ALABAMA JUDICIAL INFORMATION SYSTEM
OPER: PHT              CASE ACTION SUMMARY          CASE: DC 2002 001939.0
PAGE:    1             DISTRICT   CRIMINAL
                                                    RUN DATE: 08/12/200
IN THE DISTRICT COURT OF  HOUSTON
STATE OF ALABAMA                  VS    THOMAS DAVID             JUDGE: MJ
                                        C/O HOUSTON CO JAIL
CASE: DC 2002 001939.00
                                        DOTHAN, AL  36302 0000
DOB: 10/15/1960        SEX: M  RACE: B  HT: 0 00  WT: 000   HR:     EYES:
SSN: 199581586  ALIAS NAMES:
CHARGE01: FUGITIVE-GOVERNOR'S  CODE01: FUGW  LII: FUGITIVE FROM  TYP: O #: 001
OFFENSE DATE: 05/21/2002              AGENCY/OFFICER: 0380000 S CULBR
DATE WAR/CAP ISS:
DATE    INDICTED:                     DATE ARRESTED: 05/28/2002
DATE    RELEASED:                     DATE   FILED: 08/10/2002
BOND    AMOUNT:            $.00 N.    DATE  HEARING:
                                         SURETIES:
DATE 1: 08/12/2002  DESC: APPD
DATE 2:             DESC:             TIME: 0200 P
                                      TIME: 0000
TRACKING NOS: WR 2002 003435 00  /
   DEF/ATY: Hon. Hamp Bayley         TYPE: R
                                                              TYPE: 
                          00000
PROSECUTOR:                                        00000

OTH CSE: WR200200343500 CHK/TICKET NO:
COURT REPORTER:                 SID NO:               GRAND JURY:
DEF STATUS: JAIL                DEMAND:   000000000
DATE                                                       OPER: PHT
          ACTIONS, JUDGEMENTS, AND NOTES
```

| Date | Actions, Judgements, and Notes |
|---|---|
| 11-15-02 | Motion to show cause |
| 11-18-02 | *[handwritten]* The defendant appeared in Ct. seeking dismissal of the warrant for lack of prosecution. Held finds the s has been in custody at least since May 21, 2002 and that he is wanted has been held in the Ct. since Jan July 11, 2002, Jun and NO Action has been taken by the state to verify that an warrant on the person of Edward Thomas David on any others. Case Dismissed *[signature]* |
| 11-18-02 2AW | |
| 11-19-02 | On State(s) motion for reconsideration a hearing is set for 11-20-2002 at 2:00pm. Clerk to notify. |
| 11-19-02 | Copy of CAS put in DA's H.B. box |

17

Exhibit B 1

3.

11-20-02 — After a hearing, the ct. finds that the Gov. cannot identify an S. Trull Thomas, and the finger print analysis is conclusive of the D's ident., the dismissal of 11-18-02 is hereby set aside and D to be held for N.J. authorities.

11-2002
JDavis

6-25-03 New Jersey having picked up the Defendant, case is hereby dismissed. Notify ___
JDavis
7/1/03

Judge

District Court

State of Alabama, Houston County
I Judy Byrd, Clerk of The District Court, hereby
certify that this is a true and correct copy of
_Case Action Summary_
filed in this Court on _Darrel T. Thomas_.
This the _10_ day of _June_, 20 04

Judy Byrd
District Clerk

18

ACR359

COPY

) ALABAMA JUDICIAL DATA Cr  JR   "C"
HOUSTON COUNTY
TRANSCRIPT OF RECORD
CONVICTION REPORT

CC 2002 000145.00 01
SIDNEY E. JACKSON

| CIRCUIT COURT OF HOUSTON COUNTY | COURT ORI: 038015 J |

STATE OF ALABAMA    VS.
STEVENSON DOUGLAS EDWARD   ALIAS
% HOUSTON COUNTY JAIL    ALIAS
DOTHAN, AL  36302

DC NO: DC 2001 002504.00
G.J.: 0000000052
SSN: 075984735
SID: 000000000
AIS:

DOB: 07/27/1957   SEX: M  HT: 5 08   WT: 180  HAIR: BLK   EYE: BRO
RACE: ( )W (X)B ( )O  COMPLEXION:   AGE: ___  FEATURES:

DATE OFFENSE: 10/09/2001  ARREST DATE: 10/13/2001  ARREST ORI: 0380100

CHARGES @ CONV    CITES          CT CL COURT ACTION         CA DATE
REC STOLEN PROP 2N 13A-008-018   01 C GUILTY PLEA           03/11/2003
                                 00                          00/00/0000
                                 00                          00/00/0000

JUDGE: SIDNEY E. JACKSON          PROSECUTOR: BINFORD HENRY D

PROBATION APPLIED   GRANTED  DATE       REARRESTED DATE   REVOKED  DATE
( )Y(X)N            ( )Y( )N            ( )Y( )N          ( )Y( )N

15-18-8, CODE OF ALA 1975   IMPOSED    SUSPENDED    TOTAL      JAIL CREDIT
( )Y (X)N  CONFINEMENT: 15 00 000  00 00 000  15 00 000  00 00 538
           PROBATION : 00 00 000            00 00 000
DATE SENTENCED: 03/11/2003   SENTENCE BEGINS: 03/11/2003

PROVISIONS

PENITENTIARY
HABITUAL OFDR

COSTS/RESTITUTION

|  | DUE | ORDERED |
|---|---|---|
| RESTITUTION | $0.00 | $0.00 |
| ATTORNEY FEE | $0.00 | $0.00 |
| CRIME VICTIMS | $750.00 | $750.00 |
| COST | $273.00 | $273.00 |
| FINE | $1500.00 | $1500.00 |
| MUNICIPAL FEES | $0.00 | $0.00 |
| DRUG FEES | $0.00 | $0.00 |
| ADDTL DEFENDANT | $0.00 | $0.00 |
| DA FEES | $0.00 | $0.00 |
| COLLECTION ACCT | $0.00 | $0.00 |
| JAIL FEES | $0.00 | $0.00 |
| TOTAL | $2523.00 | $2523.00 |

APPEAL DATE     SUSPENDED       AFFIRMED        REARREST
( )Y( )N        ( )Y( )N        ( )Y( )N        ( )Y( )N

REMARKS:
THIS IS TO CERTIFY THAT THE
ABOVE INFORMATION WAS EXTRACTED
FROM OFFICIAL COURT RECORDS
AND IS TRUE AND CORRECT
DEFENDANT TO SERVE 15 YEARS IN THE STATE OF ALABAMA PENITENTIARY
DEFENDANT SENTENCED UNDER THE HABITUAL OFFENDER ACT

Judy Byrd
JUDY BYRD
03/17/2003

Circuit Court

OPERATOR: AML
PREPARED: 03/17/2003

State of Alabama, Houston County
I Judy Byrd, Clerk of The Circuit Court, hereby
certify that this is a true and correct copy of
Transcript of Record
filed in this Court on Douglas Edward Stevenson
This the 17th day of March, 2003.

Judy Byrd
Circuit Clerk

19

# PETITIONER' VERIFICATION L.JDER OATH SUBJECT TO PENALTY FOR PERJURY

I swear (or affirm) under penalty of perjury that the foregoing is true and correct.

Executed on _~~March~~, 2005_
(Date)

_April 06, 20, 2005_

_Douglas E. Stevenson_
Signature of Petitioner

SWORN TO AND SUBSCRIBED before me this the _20_ day of _April_ _2005_

_Bn L. Gann_
Notary Public

## OR *

## ATTORNEY'S VERIFICATION UNDER OATH SUBJECT TO PENALTY FOR PERJURY

I Swear (or affirm) under penalty of perjury that, upon information and belief, the foregoing is true and correct. Executed on _____
(Date)

_____
Signature of Petitioner's Attorney

SWORN TO AND SUBSCRIBED before me this the _____ day of _____, 19_____.

_____
Notary Public

Name and address of attorney representing petitioner in this proceeding (if any)

_____

_____

_____

_____

_____

* If petitioner is represented by counsel, Rule 32.6(a) permits either petitioner or counsel to verify the petition.

20

3/12/05  Although the State has not yet filed a response to the
Court's petition as discussed herein the statute
of limitation fails to state a claim, and particularly as
it raises the same issue regarding the application of
the Habitual Offender Act relied on by the court 10/3/03.
This court has never considered and correction
of a David Thomas being attributed to petitioner.

(5-17-05 N: Qa & dept)

IN THE CIRCUIT Court of Houston County

ALABAMA

Douglas E. Stevenson

Peititioner

VS.

State of Alabama,

Respondents

Case No. CC-02-0165.61

**FILED**

JUN 0 2 2005

*Judy Byrd*
JUDY BYRD, CLERK
HOUSTON CO., AL

Motion To Show Cause Order And
To Vacate order of Dismissal

Come Now Peititioner Douglas E. Stevenson And Petition The
Honorable Judge Jackson to Withdrew His order dismissing
the Rule 32. The Below listed Facts Show good Cause,
the following.

1. Code of Al. 1975 Section 13A-5-9 (c)(1) It is Required
That all Prior Convictions must be Shown to the Court.

2. The Sentence Maximum Allowed By Law for A Class C
Felony is only Ten Years. The Conviction for 15 Years for
a Class C Felony exceeds the Maximum Authorized By Law.

Continue on Next page
1 of 2

IC.No. CC-02-0165.

3. The State Has Not Respond to the Merits Because they Know the Sentence to 15 years is UnAuthorized. And Exceeds the Maximum allowed By Law. The Maximum that I Could Have Received is only Ten Years for a Class C Felony.

4. The Law in the State of Alabama has been Settled See John v. State, 724 So. 2d 75 (Ala. Crim. App. 1998) The Courts have Long held that an illegal Sentence is Jurisdictional And must Be Heard and address on the Merits. The Court Further Held that these is no Bar Based on Successive Petition.

5. The Judge's order don't Show the Priors that Douglas E. Stevenson has been Convicted of. The Reason the State, Nor the Court Has Not presented Any in the Records. Your Petitioner don't Have the First Felony From Any State to use for Enhancement.

Therefore the 15 Year Sentence for a Class C Felony Offense is illegal And must be Vacated.

Continue on The Next page
2 - of - 3 ---

Case No. CC-02-0165.61

RELIEF DUE BY LAW

1. The Judge to Enter a Full order Showing The Documents of Prior Convictions For Enhancement under The HFOA Act.

2. The Judge to Vacate the order dismissing And to Place this Cause on The Court Docket For a Hearing.

3. The Judge to Issue an order for the State to produce and Provide each Prior Felony Conviction of Douglas E. Stevenson as Required By Law.

The Court is Bond By Law to Withdraw the order Entered on May 12, 2005 And to Set this matter for a Hearing.

Respectfully Submitted

Douglas E. Stevenson
#228063 - 7-13-99
Easterling Corr. Facility
200 Wallace Drive
Clio, Alabama 36017

3 of 3 P...

IN THE CIRCUIT COURT OF HOUSTON COUNTY

STATE OF ALABAMA.

Douglas E. Stevenson
Petitioner, Defendant
        Pro Se,
        VS,

Case No. CC-2002-165, ~~165~~ 1166,
        1168→70,

State of Alabama
Respondent

**FILED**

JUN 09 2005

Judy Byrd
JUDY BYRD, CLERK
HOUSTON CO., AL

AMENDED RULE 32 FOR Facts
AND TO CORRECT RECORDS

Comes Now Douglas Edward Stevenson And Amend The Rule
32 For Facts That Must be Corrected BASED ON Code of
Alabama, 1975 Section 13A-5-9 Which is Mandatory, And
Alabama Rules of Court. It is Mandated that the Court must
Inform the defendant to the Law and how it APPLY. The
Court Failed to Inform Your Defendant at Sentencing
the Following:

1. The State Must Prove that you have Felony PRIORS.

2. The State Must Prove That you were Represented By Counsel
   at Sentencing.

3. The out of State Felonies must be Considered to be
   EITHER MISDERMEANORS OR Felonies For the State of
   Alabama.

1 of 3.    Continue on Next Page

# LEGAL FACTS THAT HAVE NOT BEEN PLACED IN THE GUITY PLEA TRANSCRIPT.

1. Petitioner's Admission to Priors Were For the Misdemeanors From NEW YORK.

2. Petitioner Was Never Convicted of Any Prior Felony Convictions IN The State of New York. See Exhibit "A" 6 pgs.

3. The State of Alabama Never INVoked any Felony Priors From New York, Nor, Alabama.

4. The Judge at NO TIME DURING THE TAKING OF THE GUILTY PLEA PROVIDED ANY STATUTORY LANGUAGE OF 13 A-5-9 AS to how the HFOA IS APPLIED IN The State of ALABAMA.

The Sentence IS Illegal Due to Petitioner's Admissions OF Misdemeanors From the State of New York don't Constitute Priors For Enhancement Purposes.

The Sentence IS Illegal Due to Alabama Law Under Out of State Convictions By Statutes Mandatory Requirements

Therefore. The Court IS Bound to Resentence
Petitioner to the Minimum And Maximum of A Class
"C" Felony. The State Can't Produce Any Priors
to Show Any Felony Convictions, And Petitioner's
Admission is FALSE FOR FELONY CONVICTIONS AS
Exhibits Clearly proves.
The 15 Year Sentence is Illegal.


Respectfully.

Douglas E. Stevenson

Douglas E. Stevenson
#ZZ8063 - 7-B-99
200 Wallace Drive
Clio, Alabama 36017


cc/file.
D.E.S

3 of 3 pgs.
27

*EXHIBIT*

*-A-  6 pages.*

**EXHIBIT**

*A*
28

Exhibit - 1 - of 6.

STATE OF NEW YORK
DIVISION OF CRIMINAL
JUSTICE SERVICES
4 TOWER PLACE
ALBANY, NY 12203-3764

Ph. # (518- 485-7675)

NYSID# 351.4934-Y

Douglas Stevenson 228063-7-B-1/0

Easterling Correctional Facility
200 Wallace Drive
Clio, Alabama
36017

29

DCJS-1897 (2/98)                *Exhibit 2 of 6.*                    *4 - of copy*



### STATE OF NEW YORK
### DIVISION OF CRIMINAL JUSTICE SERVICES
#### 4 TOWER PLACE
#### ALBANY, NEW YORK 12203- 3764

**TO:**       Record Review Requestor

**FROM:**     Supervisor, Administration Unit - Identification
              and Criminal History Bureaus

**SUBJECT:**  Review of Personal Criminal History Record

---

Enclosed is a copy of your criminal history record as maintained by the New York State Division of Criminal Justice Services (DCJS). As you will observe, that it does not contain any personal identifying information which could be used to link the record to you in the event that it falls out of your possession.

If you wish to challenge the accuracy or completeness of any information contained in your record, please complete the enclosed **Record Review and Statement of Challenge** form, and return it to the attention of the Supervisor, Administration Unit at the above address.

Challenges to case disposition information, or its absence, must be supported by the submission to DCJS of a certified disposition document from the court of adjudication. The document must be an original containing the embossed seal of the court and the signature of either the presiding judge or court clerk.

Challenges to arrest charges should be directed to the law enforcement agency that reported the charges to DCJS. We cannot modify arrest charges unless written authorization to do so is received from the reporting agency.

If your record is corrected or completed as a result of a successful challenge, you will receive a corrected copy of your criminal history record from DCJS.

GB/kmc

30

*Exhibit -3- of 6*                    *8-copies*

NY State Division of Criminal Justice Services
Record Review/Challenge Unit - 5th Floor
4 Tower Place
Albany, New York 12203-3702

| DATE:12/16/04 | NAME:STEVENSON,DOUGLAS | ID#228063 |

| FACILITY:EASTERLING CORR FAC. 200 WALLACE DR., CLIO, ALABAMA 36017 | NYSID#:3914934Y |

RESPONSE TO CHALLENGE/CORRESPONDENCE DATED:    11/22/04

Event Date(s):   Criminal History Record

Attached is the "Request for Record Review" form that you submitted for your "Record Review". I have highlighted the NOTE found on the request form advising you that no personal identifying information would be included on our response. The sole purpose of a "Record Review" is to review the criminal history information, maintained on file at the NYS Division of Criminal Justice Services, for completeness and correctness.

DCJS is New York State's repository for criminal history information. To receive criminal history information from another state you will need to do a FBI - Record Review. The address is 1000 Custer Hollow Road, Clarksburg, West Virginia  26306.    Please contact them to resolve this issue.

DCJS is the repository for criminal history information. You will need to contact the issuing agency ( courts, police departments etc.)  in regard to parole violations, detainers, holds, etc.

James W. Stanco
Chief, Special Services Bureau

*Exhibit - 4 - of 6.*

```
DATE    12-14-04                STATE OF NEW YORK                    TRAN NO    RM076
TIME    1058          D1  SION OF CRIMINAL JUSTICE  RVICES           PAGE       1
        CONFIDENTIAL TO:      RECORD REVIEW
```

```
                                        --------------------
                                        !NYSID  3914934Y !
                                        --------------------
```

```
------------------------------------------------------------------------------------
                    < < < < < < CRIMINAL HISTORY > > > > > >
------------------------------------------------------------------------------------
|       ARREST        |                                |     DISPOSITION AND         |
|    INFORMATION      |  ARREST/ARRAIGNMENT CHARGES    |     RELATED DATA            |
------------------------------------------------------------------------------------
ARR DT/PL 10-03-75 |        - - ARREST - -           | 10-03-75  - - DISPOSITION - -
BRONX              | PETIT LARCENY                   |          CRIM CRT BRONX
                   | PL    155.25        NO SUB      |          DKT # X532006
CRM DATE: 10-03-75 | CLASS A MISD        NCIC 2399   | INITIAL REPORT OF DOCKET
CRIME PLACE:       |                                 | NUMBER
BRONX              | CRIMINAL MISCHIEF-4TH           |
                   | PL    145.00        NO SUB      |
ARR#/AGY  04234424 | CLASS A MISD        NCIC 2999   |
NYCPD PCT 042      |                                 |
                   |                                 |
CRT CON# 02008142L |                                 |
                   |                                 |
FAX NO    B024368  |                                 |
------------------------------------------------------------------------------------
ARR DT/PL 03-10-79 |        - - ARREST - -           | 11-29-79  - - DISPOSITION - -
BRONX              | POSSESSION STOLEN PROPERTY-1ST  |          CRIM CRT BRONX
                   | PL    165.50        NO SUB      |          DKT # X908257
CRM DATE: 03-10-79 | CLASS D FEL         NCIC 2804   | DISMISSED CPL160.50
CRIME PLACE:       |                                 |
BRONX              | CRIMINAL MISCHIEF-4TH           | THE FOLLOWING CHARGE(S):
                   | PL    145.00        NO SUB      | CRIM MIS:INTENT DAMAGE PROPRTY
ARR#/AGY  04407512 | CLASS A MISD        NCIC 2999   | PL    145.00         SUB 01
NYCPD PCT 044      |                                 | CLASS A MISD
                   |                                 | UNAUTHORIZED USE OF A VEHICLE
CRT CON# 04342537Z |                                 | PL    165.05        NO SUB
                   |                                 | CLASS A MISD        NCIC 2411
 T NO    B005362   |                                 |
                   |                                 | POSSESSION STOLEN PROPERTY-3RD
                   |                                 | PL    165.40        NO SUB
                   |                                 | CLASS A MISD        NCIC 2804
                   |                                 | (REDUCED FROM:
                   |                                 | POSSESSION STOLEN PROPERTY-1ST
                   |                                 | PL    165.50        NO SUB
                   |                                 | CLASS D FEL         NCIC 2804)
                   |                                 |
                   |                                 |
                   |                                 | 06-14-93   CRIM CRT BRONX
                   |                                 |           DKT # X908257
                   |                                 | SEALED UPON TERMINATION OF
                   |                                 | CRIMINAL ACTION IN FAVOR OF
                   |                                 | THE ACCUSED CPL160.50
                   |                                 |
                   |                                 | 06-22-79  CRIM CRT BRONX
                   |                                 |           DKT # X908258
                   |                                 | BENCH WARRANT ISSUED
                   |                                 |
                   |                                 | 05-10-79  CRIM CRT BRONX
                   |                                 |           DKT # X908258
                   |                                 | BENCH WARRANT ISSUED
(CONT. NEXT PAGE)
```

*Exhibit - 5 - of 6.*

DATE    12-14-04                                              PAGE    2
                                        NYSID   3914934Y

< < < < < < CRIMINAL HISTORY > > > > > >

| ARREST INFORMATION | ARREST/ARRAIGNMENT CHARGES | DISPOSITION AND RELATED DATA |
|---|---|---|
| | | 05-25-79   CRIM CRT BRONX<br>DKT # X908258<br>RETURNED ON WARRANT |
| | | 03-11-79   CRIM CRT BRONX<br>DKT # X908257<br>INITIAL REPORT OF DOCKET<br>NUMBER |
| | | 05-10-79   CRIM CRT BRONX<br>DKT # X908257<br>BENCH WARRANT ISSUED,<br>DISPOSITION PENDING |
| ARR DT/PL 03-26-80<br>MOUNT VERNON<br><br>CRM DATE: 03-26-80<br>CRIME PLACE:<br>MOUNT VERNON<br><br>°°R#/AGY  B12843<br>VERNON PD<br><br>CRT CON# 06447751J | - - ARREST - -<br>PETIT LARCENY<br>PL  155.25              NO SUB<br>CLASS A MISD           NCIC 2399<br><br>CRIM POSS CONTRL SUBST<br>PL  220.03              NO SUB<br>CLASS A MISD           NCIC 3599 | ATTORNEY TYPE: LEGAL AID<br>- - DISPOSITION - -<br>05-05-80   MT VERNON CITY CRT<br>DKT # 477-80<br>CONVICTED UPON PLEA OF GUILTY<br><br>THE FOLLOWING CHARGE(S):<br>DIS/CON:CREATING DANGEROUS ACT<br>PL  240.20              SUB 07<br>VIOL              NCIC 5311<br>SENT: CONDITIONAL DISCHARGE<br>FINE:       $25 |
| | | 05-05-80   MT VERNON CITY CRT<br>DKT # 477-80<br>CONVICTED UPON PLEA OF GUILTY<br><br>THE FOLLOWING CHARGE(S):<br>DISORDERLY CONDUCT<br>PL  240.20              NO SUB<br>VIOL              NCIC 5311<br>SENT: CONDITIONAL DISCHARGE<br>FINE:       $25  FINE PAID |
| | | 05-05-80   MT VERNON CITY CRT<br>DKT # 477-80<br>DISMISSED<br><br>THE FOLLOWING CHARGE(S):<br>CRIM POSS CONTRL SUBST-7TH<br>PL  220.03              NO SUB<br>CLASS A MISD           NCIC 3599 |
| (CONT. NEXT PAGE) | | 05-05-80   MT VERNON CITY CRT<br>DKT # 477-80 |

33

DATE    12-14-04            )    *EXhiLit - 6 - ? 6 pages.*    PAGE        3
                                       NYSID  3914934Y

                  < < < < < < CRIMINAL HISTORY > > > > > > >

| ARREST INFORMATION | ARREST/ARRAIGNMENT CHARGES | DISPOSITION AND RELATED DATA |
|---|---|---|
| | | DISMISSED<br>THE FOLLOWING CHARGE(S):<br>CRIM POSS CONTRL SUBST-7TH<br>PL  220.03        NO SUB<br>CLASS A MISD      NCIC 3599 |

WHERE AN INDIVIDUAL IS SENTENCED JUNE 1, 1981, OR LATER, ON MORE THAN ONE
CHARGE WITHIN A DOCKET, THE SENTENCES MAY BE CONSIDERED TO BE CONCURRENT
UNLESS IDENTIFIED AS CONSECUTIVE.

34

6/16/05    Motion denied, _Gibson, judge_

(6-17-05 N'Da, deft)

IN THE CIRCUIT COURT IN HOU n County
Alabama

**FILED**

Douglas E. Stevenson
Appellant

JUN 2 8 2005

Judy Byrd
JUDY BYRD, CLERK
HOUSTON CO., AL

Vs

Case No. CC-02-165.61

State of Alabama

Written Notice of Appeal

Come Now, Douglas Edward Stevenson, and file Written
Notice of Appeal; To the Denial of Rule 32 Petition.
Final Dismissal Done June 16, 2005. Appellant Request
Indigency on Appeal.

Respectfully

Douglas E. Stevenson

Douglas E. Stevenson
200 Wallace Drive
Clio, Alabama 36017

36

| State of Alabama Unified Judicial System Form ARAP-26 (front) 8/91 | COURT OF CRIMINAL APPEALS DOCKETING STATEMENT | Criminal Appeal Number _____ |
|---|---|---|

## A. GENERAL INFORMATION:

[X] CIRCUIT COURT  [ ] DISTRICT COURT  [ ] JUVENILE COURT OF  *Houston*  COUNTY

*Douglas Edward Stevenson* _____ Appellant

v. [X] STATE OF ALABAMA  [ ] MUNICIPALITY OF  *State of Alabama*

| Case Number *CC-02-165. 61* | Date of Complaint or Indictment | Date of Judgment/Sentence/Order *6-16-05* |
|---|---|---|
| Number of Days of Trial/Hearing _____ Days | Date of Notice of Appeal Oral: | Written: *6-16-05* |
| Indigent Status Requested: [X] Yes [ ] No | | Indigent Status Granted: [X] Yes [ ] No |

## B. REPRESENTATION:

Is Attorney Appointed or Retained?  [ ] Appointed  [ ] Retained.    If no attorney, will appellant represent self? [X] Yes [ ] No

Appellant's Attorney (Appellant if pro se) (Attach additional pages if necessary)

*Douglas E. Stevenson # 228603 - 713-99*    Telephone Number

| Address *200 Wallace Drive* | City *Clio,* | State *AL* | Zip Code *36017* |
|---|---|---|---|

## C. CODEFENDANTS: List each CODEFENDANT and the codefendant's case number.

| Codefendant | Case Number |
|---|---|
| Codefendant | Case Number |
| Codefendant | Case Number |

## D. TYPE OF APPEAL: Please check the applicable block.

1 [X] State Conviction  
2 [ ] Post-Conviction Remedy  
3 [ ] Probation Revocation  
4 [ ] Pretrial Order  
5 [ ] Contempt Adjudication  
6 [ ] Municipal Conviction  
7 [ ] Juvenile Transfer Order  
8 [ ] Juvenile Delinquency  
9 [ ] Habeas Corpus Petition  
10 [ ] Other (Specify) _____

## E. UNDERLYING CONVICTION/CHARGE: Regardless of the type of appeal checked in Section D, please check the box beside each offense category for which the appellant has been convicted or charged as it relates to this appeal. Also include the applicable section of the Code of Alabama for State convictions.

1 [ ] Capital Offense - § _____  
2 [ ] Homicide - § _____  
3 [ ] Assault - § _____  
4 [ ] Kidnapping/Unlawful Imprisonment - § _____  
5 [ ] Drug Possession - § _____  
6 [ ] Trafficking in Drugs - § _____  
7 [X] Theft - § _____  
8 [ ] Damage or Intrusion to Property - § _____  
9 [ ] Escape - § _____  
10 [ ] Weapons/Firearms - § _____  
11 [ ] Fraudulent Practices - § _____  
12 [ ] Offense Against Family - § _____  
13 [ ] Traffic - DUI - § _____  
14 [ ] Traffic - Other - § _____  
15 [ ] Miscellaneous (Specify): _____ - § _____

## F. DEATH PENALTY:

Does this appeal involve a case where the death penalty has been imposed?  [ ] Yes [X] No

## G. TRANSCRIPT:

1. Will the record on appeal have a reporter's transcript?  [ ] Yes [X] No
2. If the answer to question "1" is "Yes," state the date the Reporter's Transcript Order was filed. _____ (Date)
3. If the answer to question "1" is "No":
   (a) Will a stipulation of facts be filed with the circuit clerk?  [ ] Yes [ ] No
   (b) Will the parties stipulate that only questions of law are involved and will the trial court certify the questions?  [ ] Yes [ ] No

NOTE: If the appeal is from the district or juvenile court and the answer to question "1" is "No," then a positive response is required to question _____

27

Form ARAP- 26 (back)     8/91     COURT OF CRIMINAL APPEALS DOCKETING STATEMENT

**POST-JUDGMENT MOTIONS:** List all post-judgment motions by date of filing, type, and date of disposition (whether by trial court order or by the provisions of Rules 20.3 and 24.4 (ARCrP)):

| DATE OF FILING | | | TYPE OF POST-JUDGMENT MOTION | DATE OF DISPOSITION | | |
|------|-----|------|------|------|-----|------|
| Month | Day | Year | | Month | Day | Year |
| 5 | 5 | 05 | Rule 32 Petition | 6 | 16 | 05 |
| | | | | | | |
| | | | | | | |
| | | | | | | |

**I. NATURE OF THE CASE:** Without argument, briefly summarize the facts of the case.

Illegal Sentence
Appelant Do not Have ANY Prior Felony Convictions.

**J. ISSUE(S) ON APPEAL:** Briefly state the anticipated issues that will be presented on appeal. (Attach additional pages if necessary.)

Appellent is Entitled to Relief Where there are No Prior Felony convictions

Where out of State Misdemeanor Are Grounds To Enhance Sentence.

_Dwayne E. Stevenson_

**K. SIGNATURE:**

6 - 21 - 05

38

| State of Alabama Unified Judicial System Form ARAP-1C     8/91 | REPORTER'S TRANSCRIPT ORDER -- CRIMINAL See Rules 10(c) and 11(b) of the Alabama Rules of Appellate Procedure (A.R. App.P.) | Criminal Appeal Number ___ - ___ |

TO BE COMPLETED BY COUNSEL FOR THE APPELLANT OR BY THE APPELLANT IF NOT REPRESENTED AND FILED WITH THE WRITTEN NOTICE OF APPEAL OR FILED WITHIN 7 DAYS AFTER ORAL NOTICE OF APPEAL IS GIVEN.

☒ CIRCUIT COURT   ☐ DISTRICT COURT   ☐ JUVENILE COURT OF  _CIRCUIT HOUSTON_  COUNTY

_DOUGLAS E. STEVENSON_ , Appellant

v.   ☒ STATE OF ALABAMA   ☐ MUNICIPALITY OF _STATE OF ALABAMA_

| Case Number _CC-02-165.61_ | Date of Judgment/Sentence/Order _6-16-05_ |
| Date of Notice of Appeal Oral: _____   Written: _6-21-05_ | Indigent Status Granted: ☒ Yes   ☐ No |

**PART 1. TO BE SIGNED IF THE APPEAL WILL NOT HAVE A COURT REPORTER'S TRANSCRIPT:**

I CERTIFY THAT NO REPORTER'S TRANSCRIPT IS EXPECTED AND THAT THE RECORD ON APPEAL SHALL CONSIST OF THE CLERK'S RECORD ONLY. IF THE APPEAL IS FROM DISTRICT COURT OR JUVENILE COURT, I ALSO CERTIFY (1) THAT A STIPULATION OF FACTS WILL BE INCLUDED IN THE CLERK'S RECORD AND THAT THE APPELLANT WAIVES HIS RIGHT TO A JURY TRIAL IF SO ENTITLED; OR (2) THAT THE PARTIES HAVE STIPULATED THAT ONLY QUESTIONS OF LAW ARE INVOLVED AND THAT THE QUESTIONS WILL BE CERTIFIED BY THE JUVENILE/DISTRICT COURT FOR INCLUSION IN THE CLERK'S RECORD (SEE RULE 28(A)(1), ALABAMA RULES OF JUVENILE PROCEDURE, AND §12-12-72, CODE OF ALABAMA 1975).

_6-21-05_                _DOUGLAS E. STEVENSON_
Signature            Date            Print or Type Name

**PART 2. DESIGNATION OF PROCEEDINGS TO BE TRANSCRIBED.** Request is hereby made to the court reporter(s) indicated below for a transcript of the following proceedings in the above referenced case (see Rule 10(c)(2), Alabama Rules of Appellate Procedure (A.R.App.P.)):

MARK PROCEEDINGS REQUESTED:                                    COURT REPORTER(S)

A. ☐ TRIAL PROCEEDINGS - Although this designation will include the judgment and sentence     _____
proceedings, a transcript of the organization of the jury and arguments of counsel must     _____
be designated separately.     _____

B. ☐ ORGANIZATION OF THE JURY - This designation will include voir dire examination and     _____
challenges for cause. Note that in noncapital cases the voir dire of the jury will not be     _____
recorded unless the trial judge so directs. (See Rule 19.4, ARCrP.)     _____

C. ☐ ARGUMENTS OF COUNSEL - Note that in noncapital cases the arguments of counsel will     _____
not be recorded unless the trial judge so directs. (See Rule 19.4, ARCrP.)     _____

IN ADDITION TO ANY PROCEEDINGS DESIGNATED ABOVE, SPECIAL REQUEST IS HEREBY MADE TO INCLUDE THE FOLLOWING PROCEEDINGS IN THE REPORTER'S TRANSCRIPT PORTION OF THE RECORD ON APPEAL. (ATTACH ADDITIONAL PAGES IF NECESSARY):

ADDITIONAL PROCEEDINGS REQUESTED            DATE            COURT REPORTER(S)

D. _____    _____    _____

E. _____    _____    _____

F. _____    _____    _____

G. _____    _____    _____

IMPORTANT NOTICE: The court reporter who reported the proceedings for which a transcript is requested must be identified on this form to be effective. Additionally, it is important to note that the appellant may not be permitted to raise any issue on appeal relating to any proceedings in the case that are not specifically designated on this form for inclusion in the reporter's transcript. A general designation such as "all proceedings" is not sufficient. (See Rule 10(c)(2), A.R.App.P.)

**PART 3. MUST BE SIGNED IF THE APPEAL WILL HAVE A COURT REPORTER'S TRANSCRIPT:**

I CERTIFY THAT I HAVE DISTRIBUTED THIS FORM AS SET OUT BELOW. I ALSO CERTIFY (1) THAT I HAVE MADE SATISFACTORY FINANCIAL ARRANGEMENTS WITH EACH COURT REPORTER LISTED ABOVE FOR PREPARING HIS OR HER PORTION OF THE REPORTER'S TRANSCRIPT HEREIN REQUESTED; OR (2) THAT THE APPELLANT PROCEEDED AT TRIAL AS AN INDIGENT AND THAT THAT STATUS HAS NOT BEEN REVOKED; OR, (3) THAT THE APPELLANT HAS BEEN GIVEN PERMISSION TO PROCEED ON APPEAL IN FORMA PAUPERIS.

_____    _____    _____
Signature            Date     39     Print or Type Name

STATE OF ALABAMA   VS   DOUGLAS E. STEVENSON     CC 2002-165.61

6-28-05   Written Notice of appeal, CCA docketing statement, and CR transcript order.

6/30/05 Free transcript ordered. *[signature] Judge*

```
ACR371              ALABAMA JUDICIAL DATA CENTER
            NOTICE OF APPEAL  TO THE ALABAMA COURT OF CRIMINAL APPEALS
                        BY THE TRIAL COURT CLERK
            IN THE CIRCUIT COURT  OF  HOUSTON COUNTY
STATE OF ALABAMA VS STEVENSON DOUGLAS EDWARD  JUDGE: SIDNEY E. JACKSON
-----------------------------------------------------------------------
| APPEAL DATE: 06/28/2005                                             |
|---------------------------------------------------------------------|
| INDIGENCY STATUS:                                                   |
|    GRANTED INDIGENCY STATUS AT TRIAL COURT:                         |
|    APP. TRIAL COUNSEL PERMITTED TO W/D ON APPEAL:   __X__ YES _____ NO |
|    INDIGENT STATUS REVOKED ON APPEAL:              __X__ YES __X__ NO |
|    INDIGENT STATUS GRANTED ON APPEAL:              __X__ YES __X__ NO |
|                                                                     |
| DEATH PENALTY: NO                                                   |
|                                                                     |
| APPEAL TYPE: RULE 32 PETITION                                       |
|---------------------------------------------------------------------|
| THIS APPEAL IS FROM AN ORDER DENYING A PETITION (I.E., RULE 32 PETITION, |
| WRIT OF HABEAS CORPUS, ETC) OR FROM ANY OTHER ISSUED BY THE TRIAL JUDGE. |
|                                                                     |
| CO/CASE NUMBER: 38/CC 2002 000165.61                                |
|                                                                     |
| ORDER ENTERED(DATE): 05122005 PETITION: X DISMISSED __DENIED __GRANTED |
|---------------------------------------------------------------------|
| POST-JUDGMENT MOTIONS FILED:  DT FILED      DT DENIED  . CON BY AGREE |
| ___ MOTION FOR NEW TRIAL                                            |
| ___ MOTION FOR JUDG. OF ACQUIT  ---------    ---------   ----------- |
| ___ MOTION TO W/D GUILTY PLEA   ---------    ---------   ----------- |
| ___ MOTION FOR ATTY TO W/DRAW   ---------    ---------   ----------- |
| ___ OTHER _____      ---------    ---------   ----------- |
|---------------------------------------------------------------------|
| COURT REPORTER(S):                          ----------------------- |
| ADDRESS:                                    ----------------------- |
|                                             ----------------------- |
| APPELLATE COUNSEL #1:                                               |
| ADDRESS:                                    PRO SE                  |
|                                                                     |
|                                                               00000 |
| PHONE NUMBER:                               000-000-0000            |
|                                                                     |
| APPELLATE COUNSEL #2:                       ----------------------- |
| ADDRESS:                                    ----------------------- |
|                                             ----------------------- |
| PHONE NUMBER:                               ----------------------- |
|                                                                     |
| APPELLANT (PRO SE):                         STEVENSON DOUGLAS EDWARD |
| ADDRESS:                                    EASTERLING CORR. FAC.   |
|                                             CLIO        , AL 360170000 |
| AIS #:                                                              |
|                                                                     |
| APPELLEE (IF CITY APPEAL):                  ----------------------- |
| ADDRESS:                                    ----------------------- |
|                                             ----------------------- |
-----------------------------------------------------------------------
I CERTIFY THAT THE INFORMATION PROVIDED                    OPERATOR: RHM
ABOVE IS ACCURATE TO THE BEST OF MY                   PREPARED: 07/05/2005
KNOWLEDGE AND I HAVE SERVED A COPY OF
THIS NOTICE OF APPEAL ON ALL PARTIES TO
THIS ACTION ON THIS 5th DAY OF July 2005    ___CIRCUIT COURT CLERK___
```

41

AP 14-3 Certificate of Completion and Transmittal of Record on Appeal by Trial Clerk

## CERTIFICATE OF COMPLETION AND TRANSMITTAL
## OF RECORD ON APPEAL BY TRIAL CLERK

DOUGLAS EDWARD STEVENSON
Appellant

TO: The Clerk of the Court of
Criminal Appeals of Alabama

V.

Case No. CC2002-165.61

State of Alabama
Appellee

Date of Notice of Appeal ___06-28-05___

I certify that I have this date completed and transmitted herewith to the appellate court the record on appeal by assembling ___41___ pages of the Clerk's record, and ___0___ pages of the Court Reporter's transcript, and that one copy of each of the record on appeal has been served on the defendant and the Attorney General of the State of Alabama for the preparation of briefs.

I certify that a copy of this certificate has this date been served on counsel for each party to the appeal.

DATED this ___5TH___ day of ___JULY___, ___2005___

_Judy Byrd_
Circuit Clerk

HOUSTON _____ County

Doc No 17310l

CR 04-1992

Part 1 of 1

DOCUMENT NAME: *Stevenson, Douglas Edward*

CLIENT & MATTER: 83045-001

DESCRIPTION: *Houston*
County: *Houston*
CC#s: 2002-165.61
Attorney: *Attorney Not Assigned*

Circle: (TRANSCRIPT)   CASE FILE   BOTH

LWOP:   Yes   (No)

1 VOL

## **CERTIFICATION**

I hereby certify that the preceding imaged records and documents

are a true, accurate, and complete image of the original records or

documents as received by the Office of the Attorney General of

the State of Alabama.

This the 14th day of September, 2006.

Signed: *Melisa A. Martin*

Notary: *Juan Scott Watson*



99488

## IN THE COURT OF CRIMINAL APPEAL OF ALABAMA

EX PARTE: RONNIE LEE BROWN
INRE: RONNIE LEE BROWN
PETITIONER.
-Vs-
STATE OF ALABAMA
RESPONDENT.

FROM THE CIRCUIT COURT
OF MORGAN COUNTY ALABAMA
CASE # CC-03-205.60

RONNIE LEE BROWN
PETITIONER.
-Vs-
GLENN THOMPSON, JUDGE
AND JOHN PAT ORR, CLERK
CIRCUIT COURT OF MORGAN
COUNTY, ALABAMA
RESPONDENTS.

IN THE COURT OF
CRIMINAL APPEAL
STATE OF ALABAMA
CASE # __BY THE CLERK__

## PETITION FOR WRIT OF MANDAMUS

COMES NOW the Petitioner RONNIE LEE BROWN (PRO SE)
PURSUANT TO RULE 21 A.R.A.P And PETITIONS this Court
FOR A WRIT OF MANDAMUS to ISSUE upon Glenn Thompson,
Judge And John Pat Orr CLERK, CIRCUIT COURT OF Morgan
County, ALABAMA, FOR the RESPONDENTS to comply with
the Administration OF JUSTICE in PERMITTING YOUR
PETITIONER Access to the Courts through APPEAL
UNDER Rule OF law; [CODE OF ALABAMA 1975 TITLE 12-
22-130]. IN SUPPORT OF ISSUANCE OF WRIT, BROWN

PG. 1

Shows unto the Court as follows:

## FACTS

In May 2004, Brown filed a petition under Rule 32 A.R.CRIM.P. the Rule 32 on April 28th 2006 was denied. In May 2006 Brown entered a motion with the Court for Reconsideration of the Courts Ruling, this was also denied. On June 1st 2006, a time within the 42 day period within which to file notice of Appeal, using the proper forms as follows:

1) Form 11, Notice of Appeal to the Court of Criminal Appeal of Alabama;

2) Form, A.R.A.P. I   Reporters Transcript Order-Criminal.

3) Form 26   Court of Criminal Appeals Docketing Statement.

(See Exhibit A) Place a properly addressed ~~envelope~~ envelopes containing these forms in the custody of Prison Officals by placing it in the inmate Legal Mail Box at Hamilton Aged and Infirmed, a Alabama state Prison. After Brown waited a Reasonable amount of time he contacted the Circuit Clerks office asking about the status of his Appeal, the Clerks

PG. 2

office responded And stated that no APPEAL has not been filed with this COURT. (see Exhibit B). Because Brown is incarcerated and was filing his Appeal Pro se his notice of Appeal should be considered filed the day he placed it in the CARE of the Prison Officials by placing it in the Prisoners Legal mail Box. see Ex Parte Powell 674 so 2d 1259, Holland v. State 621 so 2d; Houston v. Lack 487 us 266 101 L ED 2d. If Brown is not Allowed to proceed with Appeal it will deny him Procedural and Substantive DUE PROCESS under the Fourteenth Amendment to the United States Constitution.

Of this Brown COMPLAINS and seeks Access to the Courts through the issuance of A SUPERVISORY Order granting An out of time Appeal.

---

## REASONS WHY THE WRIT SHOULD ISSUE

### I

The Respondents by not filing Petitioners notice of Appeal are denying Petitioner access to the Courts

### II

For Any final Judgement of the Circuit Court An Appeal lies to the Appropriate Appellete Court As A matter of Right by either PARTY CODE OF

PG. 3

ALABAMA TITLE 12-22-1, CODE OF ALABAMA TITLE 12-22-130) violates DUE PROCESS under the Fourteenth Amendment to the United States Constitution.

Mandamus is a drastic and extraordinary writ that will be issued only when there is:

1) A clear legal right in the Petition to the order sought

2) An imperative duty upon the Respondent to perform ACCOMPANIED by a refusal to do so

3) Lack of another adequate remedy; and

4) Properly invoked Jurisdiction of the Court from which Relief is sought.

Petitioner sets forth below the law and facts showing Petitioners Circumstances fall squarely within the ARENA of Mandamus Relief.

CLEAR LEGAL RIGHT TO ORDER SOUGHT

IN EX PARTE RICE 565 so 2d 606-608 (ALA. 1990) this Distinguished Court established that Rule 32 Petitioners are intitled to process due them as A

PG. 4

Right Inherant under the Fourteenth Amendment to the Constitution of the United States. In the case Lub Justice the Court and its Parties state that no Notice of Appeal was filed in the Court (see Exhibit B) Certificate of service shows the date that the notice of appeal was Posted in the Inmate Legal mail handled by Prison Officials, being incarcerated Petitioner is Restricted to this way of filing legal documents, and being indigent Petitioner could not certify the document to the Court (see Exhibit B). Ex Parte Bouch and so adding days. When a Petitioner is incarcerated and is filing his notice of Appeal those his Notice of Appeal should be considered file when Prison Officials take custody of Appeal, HOLLARD vs STATE 621 SO 2d, HOUSTON vs LACK 487 US 266  101 L ED 2d, EX PARTE WILLIAMS 651 SO 2d 569

An out of time Appeal or a Rule 32 Petition is an issue that Mandamus would lie to permit Post conviction Petitioner to pursue an out of time Appeal. Rule 32.1 Circuit Court does not have Jurisdiction to grant an out of time Appeal on a Rule 32 Petition. Mandamus is the only Remedy to see an Out of time Appeal, EX PARTE FOUNTAIN 820 SO 2d 726, EX PARTE JOHNSON 806 SO 2d 1195, BROOKS vs STATE 892 SO 2d, MARSHALL vs STATE 884 SO 2d 900, EX PARTE WEEKS 611 SO 2d 262.

Fairness in administration and the elimination of unnecessary delay and expense and to protect the Rights of the individual while Preserving the Public Welfare see BLOUNT vs STATE 570 SO 2d 498, 501 (Ala Crim App)

PG. 5

IMPERATIVE DUTY TO RESPOND AND REFUSAL TO DO SO

By RESPONDENTS own admission they have filed no notice of appeal

LACK OF ANOTHER ADEQUATE REMEDY

BROWN CANNOT APPEAL TO THE CIRCUIT COURT, AS it has NO JURISDICTION to GRANT OUT OF TIME APPEAL OF A RULE 32 Petition

JURISDICTION

THIS Court has Jurisdiction to hear this Mandamus Petition Pursuant to section 12-2-7 CODE OF ALABAMA [1975] and section 12-1-7 (4) CODE OF ALABAMA [1975] (EVERY COURT SHALL HAVE THE POWER TO CONTROL, IN FURTHERANCE OF JUSTICE TO CONDUCT OF ITS PROCEEDINGS BEFORE IT IN EVERY MATTER APPERTAINING THERE TO ) THIS PATICULAR CASE Also provides Jurisdiction PERSUANT to Rule 21 (E) (1) A.R.A.P.

PG. 6

# INJURY TO PETITIONER

BROWN has a right under the Fourteenth AMENDMENT to procedural and substantive due PROCESS OF LAW A SUPERVISORY mandamus IS PROPER IN THIS CASE.

## RELEIF REQUESTED

Wherefore Petitioner PRAYS that this COURT WILL ORDER An out of time APPEAL and/or act on the Pleadings on the positions asserted and GRANT BROWN Relief.

RESPECTFULLY SUBMITTED

*Lonnie L Brown*

RONNIE LEE BROWN 110936 Pro SE
Hamilton AGED and INFIRMED D.W 24T
223 SASSER DRIVE
Hamilton, Alabama 35570

RONNIE BROWN 110936
HAMILTON AGED AND INFIRMED DW24T
223 SASSER DR
HAMITON, Al. 35570
AUGUST 10th 2006

JOHN PAT ORR
CLERK OF THE CIRCUIT COURT MORGAN County
P.O. BOX 668
DECATUR, Al. 35602

SUBJECT:
        STATUS OF NOTICE OF APPEAL.
CASE NO: CC 03-205-6

MR. ORR,
        I have Recieved no notification
FROM my notice of APPEAL to date.
        I REQUEST at this time to be
informed of the STATUS of the appeal,

                    Respectfully Submitted

8-14-06             Ronnie Brown
                    RONNIE BROWN 110936

Notice of Appeal has not been
filed with this Court.

                              EX Hibit
                                 B

# FORM 11.  NOTICE OF APPEAL TO THE COURT OF CRIMINAL APPEALS OF ALABAMA

_____

Appellant

v.

State of Alabama

Appellee

In the Circuit Court of _____ County

Case No. _____

_____

Date of Judgment

&

_____

Post Judgment Order

Notice is hereby given that _____ appeals to the above-named court from the judgment of conviction (_____) entered in this case on the

[or other order describing it]

_____ of _____, 19___, adjudging the defendant to be guilty of the offense of _____ and as punishment thereof sentencing the defendant as follows: _____

Appellant:

[  ] moves for an order fixing bail on appeal and for suspension of execution of sentence (T. 15, § 372).

[  ] waives benefit of suspended sentence (T. 15, § 373).

Filed _____

Date

Certified as a true copy:

_____

_____

_____

Address        Phone No.

_____

Circuit Clerk

_____

Attorney for Appellant

Exhibit A

| State of Alabama<br>Unified Judicial System<br>Form ARAP-26 (front)    8/91 | COURT OF CRIMINAL APPEALS<br>DOCKETING STATEMENT | Criminal Appeal Number<br>_____ - _____ |
|---|---|---|

**A. GENERAL INFORMATION:**

☐ CIRCUIT COURT  ☐ DISTRICT COURT  ☐ JUVENILE COURT OF _____ COUNTY

_____ , Appellant

V.  ☐ STATE OF ALABAMA    ☐ MUNICIPALITY OF _____

| Case Number | Date of Complaint or Indictment | Date of Judgment/Sentence/Order |
|---|---|---|
| Number of Days of Trial/Hearing _____ Days | Date of Notice of Appeal Oral: | Written: |

Indigent Status Requested:  ☐ Yes ☐ No        Indigent Status Granted: ☐ Yes ☐ No

**B. REPRESENTATION:**

Is Attorney Appointed or Retained?  ☐ Appointed ☐ Retained.    If no attorney, will appellant represent self?  ☐ Yes ☐ No

Appellant's Attorney (Appellant if pro se) (Attach additional pages if necessary) | Telephone Number

Address | City | State | Zip Code

**C. CODEFENDANTS:** List each CODEFENDANT and the codefendant's case number.

| Codefendant | Case Number |
|---|---|
| Codefendant | Case Number |
| Codefendant | Case Number |

**D. TYPE OF APPEAL:** Please check the applicable block.

1 ☐ State Conviction  4 ☐ Pretrial Order  7 ☐ Juvenile Transfer Order  10 ☐ Other (Specify)
2 ☐ Post-Conviction Remedy  5 ☐ Contempt Adjudication  8 ☐ Juvenile Delinquency
3 ☐ Probation Revocation  6 ☐ Municipal Conviction  9 ☐ Habeas Corpus Petition

**E. UNDERLYING CONVICTION/CHARGE:** Regardless of the type of appeal checked in Section D, please check the box beside each offense category for which the appellant has been convicted or charged as it relates to this appeal. Also include the applicable section of the Code of Alabama for State convictions.

1 ☐ Capital Offense - § _____  6 ☐ Trafficking in Drugs - § _____  11 ☐ Fraudulent Practices - § _____
2 ☐ Homicide - § _____  7 ☐ Theft - § _____  12 ☐ Offense Against Family - § _____
3 ☐ Assault - § _____  8 ☐ Damage or Intrusion to Property - § _____  13 ☐ Traffic - DUI - § _____
4 ☐ Kidnapping/Unlawful Imprisonment - § _____  9 ☐ Escape - § _____  14 ☐ Traffic - Other - § _____
5 ☐ Drug Possession - § _____  10 ☐ Weapons/Firearms - § _____  15 ☐ Miscellaneous (Specify): _____ - § _____

**F. DEATH PENALTY:**

Does this appeal involve a case where the death penalty has been imposed?  ☐ Yes ☐ No

**G. TRANSCRIPT:**

1. Will the record on appeal have a reporter's transcript?  ☐ Yes ☐ No
2. If the answer to question "1" is "Yes," state the date the Reporter's Transcript Order was filed. _____ (Date)
3. If the answer to question "1" is "No":
   (a) Will a stipulation of facts be filed with the circuit clerk?  ☐ Yes ☐ No
   (b) Will the parties stipulate that only questions of law are involved and will the trial court certify the questions?  ☐ Yes ☐ No

NOTE: If the appeal is from the district or juvenile court and the answer to question "1" is "No," then a positive response is required for question 3(a) or 3(b).

EXHIBIT A

COURT OF CRIMINAL APPEALS NO. _____ CR 05-0321 _____

# APPEAL TO ALABAMA COURT OF CRIMINAL APPEALS

### FROM

CIRCUIT COURT OF _____ HOUSTON _____ COUNTY, ALABAMA

CIRCUIT COURT NO   CC02-165.62;CC02-1166.62

CIRCUIT JUDGE   SIDNEY EDWARD JACKSON

Type of Conviction/ Order Appealed From: _____ RULE 32 PETITION   SUPPLEMENT

Sentence Imposed: _____ PETITION DENIED

Defendant Indigent:   ☑ YES   ☐ NO

## DOUGLAS EDWARD STEVENSON

NAME OF APPELLANT

PRO-SE _____ #228063 _____
(Appellant's Attorney)                                    (Telephone No.)

200 WALLACE DR _____
(Address)

_____ CLIO, _____ AL _____ 36017 _____
(City)              (State)              (Zip Code)

### V.

## STATE OF ALABAMA

NAME OF APPELLEE

(State represented by Attorney General)

NOTE: If municipal appeal, indicate above, and enter

name and address of municipal attorney below.

_____

_____

(For Court of Criminal Appeals Use Only)

EXHIBIT

C

PENGAD 800-631-6989

CLERK'S INDEX
SUPPLEMENT

CASE ACTION SUMMARY                                          1-2

ORDER FROM CCA – TRIAL  COURT TO DISPOSE OF APPELLANT'S      3
MOTION TO SUPPLEMENT WITHIN 14 DAYS

APPELLANT'S MOTION                                          4-7

TRIAL COURT'S ORDER – THE 3/11/03 GUILTYY PLEA COLLOQUEY    7A
IS ORDERED MADE A PART OF THE RECORD IN THAT CASE.  THIS IS
THE SAME COLLOQUEY REVIEWED BY THE COURT OF CRIMINAL
APPEALS IN THE 1/23/04 AFFIRMANCE OF THE DEFT'S CONVICTION ON
HIS FIRST RULE 32.

REPORTER'S OFFICIAL TRANSCRIPT                             8-20

CERTIFICATE OF COMPLETION                                   21

```
ACRO372              ALABAMA JUDICIAL INFORMATION SYSTEM      CASE: CC 2002 000165.62
   R: RHM                    CASE ACTION SUMMARY
   GE:    1                  CIRCUIT  CRIMINAL               RUN DATE: 09/16/2005
=====================================================================================
IN THE CIRCUIT COURT OF   HOUSTON
                                                             JUDGE: SEJ
STATE  OF  ALABAMA                  VS        STEVENSON DOUGLAS EDWARD
                                              EASTERLING CORR. FAC.
CASE: CC 2002 000165.62                       P. O. BOX 10
                                              CLIO, AL  36017 0000
DOB: 04/25/1957          SEX: M  RACE: B  HT: 5 08  WT: 180   HR: BLK EYES: BRO
SSN: 077506735  ALIAS NAMES:
=====================================================================================
CHARGE01: RULE 32-FELONY        CODE01: RULE  LIT: RULE 32-FELONY TYP: F #: 001
OFFENSE DATE:                          AGENCY/OFFICER:
DATE WAR/CAP ISS:                      DATE ARRESTED:
DATE    INDICTED:                      DATE      FILED: 05/05/2005
DATE    RELEASED:                      DATE    HEARING:
BOND      AMOUNT:          $.00        SURETIES:
DATE 1:             DESC:              TIME: 0000
DATE 2:             DESC:              TIME: 0000
TRACKING NOS:                   /                       /
   DEF/ATY: PRO SE                 TYPE: A                        TYPE:
                         00000                          00000
PROSECUTOR: VALESKA DOUGLAS A
=====================================================================================
OTH CSE:   000000000000 CHK/TICKET NO:                    GRAND JURY:
COURT REPORTER:                    SID NO:  000000000
   STATUS: JAIL                   DEMAND: Y                    OPER: RHM
=====================================================================================
DATE     ACTIONS, JUDGEMENTS,  AND  NOTES
```

| DATE | ACTIONS, JUDGEMENTS, AND NOTES |
|---|---|
| 9-15-05 | Rule 32 Petition; Petition for Relief from Conviction or Sentence. |
| | In Forma Pauperis Declaration. |
| | 9/20/05 Free filing authorized. In that free filing has been previously authorized for petitions in the past, Defendant is allowed 15 additional days to amend his petition as to any additional or further claims which he might have as free filing will not be available in the future.     9-21-05 N: Da & dept |
| | CIRCUIT JUDGE |
| 09-27-05 | Motion for Summary Disposition. |
| 10/11/05 | This is Defendant's 2d Petition on this same issue. The dismissal of 1st Petition was affirmed 2/23/04. This Petition also fails to state a claim and is contrary to the record. Therefore, it is dismissed.     Johnson, Jerry |
| | 10/14/05 N: Dept |

1

STATE OF ALABAMA    VS  DOUGLAS EDWARD STEVENSON     CC2002-165.62

10-20-05  Reply and rebutal to State's Motion for Summary Disposition.

11-7-05  notice of appeal + transcript order. In forma Pauperis
         declaration. Reporters transcript order. CCA Docketing
         Statement.

11-15-05  Clerk's notice of appeal, CCA docketing statement and CR transcript
          order to CCA, AG and deft.

12-01-05  Clerk's record on appeal to CCA, AG and deft.

12-5-05  Appellant's brief due 12-29-05.

12-8-05  Order from CCA, deft having filed motion to supplement record on appeal with
         transcript from trial dated 3-11-03, trial court to dispose of motion within 14 days.

12/9/05  The 3/11/03 Guilt Plea colloquy is ordered made a part
         of the record in that case. This is the same colloquy
         reviewed by the Crim Court of Appeals in the
         1/23/04 affirmance of Def S. conviction on his
         first Rule 32.                        Johnson, Judy

2

# COURT OF CRIMINAL APPEALS
## STATE OF ALABAMA

H. W. "BUCKY" McMILLAN
Presiding Judge
SUE BELL COBB
PAMELA W. BASCHAB
GREG SHAW
A. KELLI WISE
Judges



Lane W. Mann
Clerk
Sonja McKnight
Assistant Clerk
(334) 242-4590
Fax (334) 242-4689

CR-05-0321

Douglas Edward Stevenson v. State of Alabama  (Appeal from Houston  Circuit Court: CC02-165.62; CC02-1166.62; CC02-1168.62; CC02-1169.62; CC02-1170.62)

## ORDER

The appellant in the above referenced appeal has filed a motion with this Court to supplement the record on appeal.  This motion should be considered by the trial court.

Upon consideration of the above, the Court of Criminal Appeals ORDERS that this motion be transferred to the trial court for that court to dispose of the appellant's motion to supplement the record within 14 days from the date of this order and, if a supplemental record is required, the trial court is requested to direct that it be prepared and filed with this Court at the earliest possible date and by no later than January 4, 2006; provided, however, that if the trial court finds that the supplemental record cannot be completed and filed with this Court by January 4, 2006, the trial court is requested to advise this Court of the earliest possible date thereafter by which the supplemental record will be filed.

Because this Court can consider on appeal only those matters that were presented to the trial court or otherwise considered by the trial court in connection with the judgment now being appealed, the trial court should be mindful not to direct that the record on appeal be supplemented with matters that are not properly reviewable on appeal.

This Court further orders that the appellant shall have 14 days from the filing of the supplemental record or from entry of the trial court's denial of the motion to supplement to file his brief.

Done this the 7th day of December, 2005.

H. W. "Bucky" McMillan, Presiding Judge
Court of Criminal Appeals

cc: Hon. Sidney Edward Jackson, Circuit Judge
Hon. Judy Byrd, Circuit Clerk
Douglas Edward Stevenson, Pro Se
Office of Attorney General

# FILED

DEC 0 8 2005

JUDY BYRD, CLERK
HOUSTON CO., AL

3

Case No: CR 15-0321

In The Criminal Court of Appeals
State of Alabama

FILED
DEC 6 2005
Rec'd 12/2/05
CLERK
ALA COURT CRIMINAL APP

Douglas Edward Stevenson
Appellant pro se

— Vs —

State of ALABAMA
Appellee

From The Circuit Court, Houston County
Case No.s CC.02-165.62, CC02-1166,62

Request and Motion For Court Order
by Appellant Douglas E. Stevenson

Douglas Edward Stevenson
Appellant Pro se
Easterling Corr. Fc. 7-B-99-B
200 Wallace Drive, Clio, Ala. 36017

I

4

In The Criminal Court of Appeals, Alabama

Douglas Edward Stevenson
        Appellant Pro Se

— vs —

State of Alabama
        Appellee

                Case No: CR-05-0321

        Emergency Motion For Court Order

        Comes now Appellant Douglas Edward Stevenson pro se with legal assistance from inmate John Strong and pursuant to the appropriate rule and authority herein respectfully moves this Honorable Appellate Court to as soon as possible enter an "order" directing the Circuit Courts clerk (Judy Byrd) to immediately prepare a true copy of the guilty plea and sentencing hearing held in the Circuit Court, Houston County on March 11th 2003 in the above refered to cases as that information is needed and refered to in this case on appeal.

                — 1 —

That on November 30Th 2005 Appellant filed his Request into The Trial Clerks office of Judy Byrd requesting a copy of his in Court Transcript of the March 11Th 2003 Court hearing in where The guilty plea and sentence occurred in this case on appeal — That Request was not granted nor was it answered.

What was said and not said in Court on March 11Th 2003 is The crucial factor in This case at bar and a copy thereof is needed in order to complete This Appeal. A review of the Transcript submitted here shows no Transcript of the March 11, 2003 hearing.

Therefore Appellant respectfully moves This Honorable Appellte Court to as soon as possible enter an Order directing The Trial Clerk Judy Byrd to prepare a true copy of the March 11, 2003 Transcript of The Trial and allow Appellant an additional period of Time to prepare and file his Brief on Appeal therewith.

It is so prayed

Respectfully Submitted

S/ Douglas Edward Stevenson
Douglas Edward Stevenson pro se

Subscribed and sworn to ~~before me on this date~~ under penalty of perjury

On December 8 2005
S/ Douglas Edward Stevenson
~~[scribbled]~~

~~[scribbled]~~                                    Doug Stevenson

~ 8 ~

<u>Certificate of Service</u>

Comes now Appellant Douglas Edward Stevenson pro se who avows and states under penalty of perjury That a true copy of the foregoing attach Request And Motion For A Court Order in case Number CR-05-0321 on appeal is being sent by mail properly addressed to the States Attorney General Troy King on December 6 2005

S/ Douglas Edward Stevenson

Douglas Edward Stevenson
Assiant - Appellant pro se
Easterling Corr.Fa 7-B-99-B
200 Wallace Drive, Clio, Ale 36017

DEC  7 2005  Transfer to circuit court.

- 3 -

12/9/05 The 3/11/03 Guilty Plea colloquy is orderd made a part
of the record in that Case. This is the same colloquy
Reviewed by the Crim Court of Appeals in the
1/23/04 affirmance of Def'S conviction on his
first Rule 32.

Johnson, Judge

1
<u>STATE OF ALABAMA</u>
<u>IN THE CIRCUIT COURT FOR THE COUNTY OF HOUSTON</u>
2
<u>TWENTIETH JUDICIAL CIRCUIT</u>
<u>CRIMINAL</u>
3

4

THE STATE OF ALABAMA,
5
     PLAINTIFF,
6
VS.                     CC-02-165, 1166, 1168,
7
                             1169, 1170
8
DOUGLAS EDWARD STEVENSON,
9
     DEFENDANT.
10
_____/
11

12

13
REPORTER'S OFFICIAL TRANSCRIPT
14

15
Before:

16
Honorable Edward Jackson
Dothan, Alabama
17
March 11, 2003

18
APPEARANCES:

19
<u>FOR THE STATE</u>:
HENRY D. BINFORD, ESQ.
20
Assistant District Attorney

21
<u>FOR THE DEFENDANT</u>:

22
HAMP BAXLEY, ESQ.
Attorney at Law
23
Dothan, Alabama

24
JOHN BYRD, JR.
Attorney at Law
25
Dothan, Alabama

3

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

<u>I N D E X</u>

MARCH 11, 2003 -- TITLE PAGE          2

INDEX                                 3

PLEA OF GUILTY                        4

STATEMENT OF FACTS                    6

SENTENCING                           11

CERTIFICATE OF REPORTER              13

4

<u>PROCEEDINGS</u>

1

2    THE COURT:  You are Douglas Edward Stevenson?

3    THE DEFENDANT:  Yes, sir.

4    THE COURT:  Mr. Stevenson, you are here in cases

5    case CC-2002-165, where you are charged with receiving

6    stolen property in the second degree.  And that is --

7    normally, that is a Class C felony for which you can

8    receive from a year and a day up to ten years and a

9    fine of up to five thousand dollars.  But under the

10   Habitual Offender Act, with at least three prior

11   felonies, the minimum is fifteen years, and the

12   maximum is ninety-nine years or life.  And do you

13   understand that range of punishment, and do you

14   understand that you have at least one -- you have

15   three prior felony convictions?

16   THE DEFENDANT:  Yes, I do.

17   THE COURT:  Now, in cases CC-2002-1166, 68, 69

18   and 70, you are charged with possession of a forged

19   instrument, also, in the second degree.  And the

20   ranges of punishment are the same as in the other

21   cases.  Do you understand that?

22   THE DEFENDANT:  Yes.

23   THE COURT:  So, basically, the -- applying the

24   Habitual Offender Act, the range of punishment is up

25   to -- is fifteen years to ninety-nine years or life

10

5

1    and a fine of up to twenty thousand dollars in each of

2    the cases.  Do you understand that?

3          THE DEFENDANT:  Yes.

4          THE COURT:  Now, have you -- how old are you,

5    first of all?

6          THE DEFENDANT:  Forty-five.

7          THE COURT:  Forty-five.  And how much school have

8    you completed?

9          THE DEFENDANT:  Twelve.

10          THE COURT:  Are you undergoing any psychiatric

11    treatment or having any mental or emotional problems?

12          THE DEFENDANT:  No.

13          THE COURT:  Are you under the influence of any

14    drugs, medication or alcohol today?

15          THE DEFENDANT:  No, not today.

16          THE COURT:  Have you had explained to you the

17    rights which you will give up by entering a plea of

18    guilty as set out on the Explanation of Rights form?

19          THE DEFENDANT:  Very clearly.

20          THE COURT:  And have you signed the forms

21    voluntarily, and do you understand them?

22          THE DEFENDANT:  Yes, I had.

23          THE COURT:  Have you had enough time to discuss

24    these cases with your attorneys and for them to advise

25    you of your rights?

11

1    THE DEFENDANT:  Yeah.  We have had sufficient

2    time.

3    THE COURT:  And has anyone done anything to

4    threaten you or harass you or make you plead guilty?

5    THE DEFENDANT:  No.

6    THE COURT:  Has anyone made you any promises or

7    any inducements or any offers of reward of any type to

8    get you to plead guilty?

9    THE DEFENDANT:  No.

10    THE COURT:  Has anyone promised you that you

11    would get probation or a suspended sentence if you

12    pled guilty?

13    THE DEFENDANT:  No.

14    THE COURT:  Based upon what you have told me here

15    today, I find that your offer to plea guilty is

16    willingly, knowingly and intelligently made, and I

17    will accept your pleas if the offer given.

18    Mr. Binford, could you give the recitation of

19    facts giving rise to the Indictments in Mr.

20    Stevenson's cases?

21    MR. BINFORD:  Judge, in the receiving stolen

22    property second degree case, the State's evidence

23    would be that the defendant, within a year before the

24    finding of the Indictment, was stopped by Officer Doug

25    McGill with the Dothan Police Department.  He was in a

1    vehicle which was valued at approximately three

2    hundred dollars.  That vehicle had been taken from

3    Country Auto Sales.  The vehicle had only been stolen

4    several days before the defendant was found to be in

5    the vehicle.  When stopped by the police, the

6    defendant fled.  He was later apprehended by the

7    police.  Also, the passenger fled and was able to

8    escape while the police were chasing Mr. Stevenson.

9        The State's evidence also, with regard to the

10    receiving stolen property case, will be that, at the

11    time the car was stopped, that a tag was on the

12    vehicle which was not registered to that particular

13    vehicle.  And Mr. Henry Quillam Smith, from Country

14    Auto Sales, will testify at trial, we expect, that the

15    defendant -- no one had permission to be driving that

16    car and that it was, in fact, stolen.

17        And the possession of a forged instrument second

18    degree case, which I will identify as the Grand Jury

19    case number 55, the State's evidence will be that the

20    defendant cashed at Chandler's Check Cashing, or Jimmy

21    Chandler's business, check number 677488 in the amount

22    of $465.88.  That was cashed on August 6th of 2002.

23    The check was written on an account purportedly drawn

24    on Ansell's account here in Dothan.  Ms. Joyce Martin

25    from Ansell will testify, we expect, that the

1    defendant had no permission to be in possession of any

2    checks on the Ansell account and that they were, in

3    fact, forgeries.

4        In Grand Jury case number 58, the State's

5    evidence will be that the defendant was stopped by

6    Officer Duhaime and Parrish with the Dothan Police

7    Department.  Sergeant Willie Williamson was called to

8    the scene.  Upon arriving to the scene, a search was

9    conducted of the defendant's person.  They found on

10   the defendant check number 677466, dated 5/9/02, in

11   the amount of $455.00 drawn on that same Ansell

12   account.  Again, Ms. Joyce Martin will testify that

13   that check was a forgery and that the defendant had no

14   permission to have that check in his possession.

15       In Grand Jury case number 59, again, an Ansell

16   check was cashed at Mr. Jimmy Chandler's business,

17   check number 677464, cashed on 5/14/02 in the amount

18   of $455.00.

19       In Grand Jury case number 116, the State's

20   evidence will be that Ms. Catherine Cody from the

21   U-Save Food Outlet will testify that check number

22   677479 was cashed at her store by the defendant on

23   5/9/02 in the amount of $455.00.

24       Also, with respect to the Jimmy Chandler cases,

25   the State's evidence will be that at the time those

1      checks were cashed, that an ID card was obtained by

2      that Chandler's business and Xeroxed or photocopied

3      and that this ID card, which was not in the name of

4      Mr. Stevenson, but in another name, was found on the

5      defendant's person when he was stopped by Officers

6      Duhaime and Parrish.  And we would expect that Mr.

7      Chandler and Ms. Cody would identify the defendant in

8      court as being the gentleman who cashed these checks

9      at their respective businesses.

10           And all of these offenses took place in Houston

11     County, Alabama.

12           THE COURT:  Based upon the recitations of facts,

13     I find that there are foundations for the Indictments

14     in these cases.  And are you familiar with the

15     contents of the Indictments, and have you and your

16     lawyers gone over them?

17           THE DEFENDANT:  Yes, we have.

18           THE COURT:  Do you waive the reading of the

19     Indictments?

20           THE DEFENDANT:  Yes, I do.

21           THE COURT:  To the Indictments in these cases,

22     how do you plead, guilty or not guilty?

23           THE DEFENDANT:  Guilty.

24           THE COURT:  Upon your pleas of guilty, it is the

25     judgment of the Court that you are guilty.  Do you

1    have anything to say as to why a sentence of law

2    should not be pronounced upon you at this time?

3            THE DEFENDANT:  Let's get it over with.  No.

4            THE COURT:  What is the State's recommendation in

5    these cases?

6            MR. BINFORD:  Judge, we recommend a sentence in

7    each case of fifteen years.  We recommend that those

8    sentences run concurrently, for a total sentence of

9    fifteen years.  We recommend a fine of $1500.00 in

10   each case, Victim's Comp of 750 in each case.  And,

11   Judge, the total restitution, which the State is

12   requesting as part of the plea agreement, is

13   $9,904.19.  And, Judge, could I just state this on the

14   record —— I will submit a written order within the

15   next week or so.  But that restitution was broken

16   down —— Herman and Ann's, $2,284.58; U—Save Food

17   Outlet, $1,834.95; Cherokee IGA, $1,730.58;

18   Chandler's, $920.58; Winn—Dixie, 911; Linden Grocery,

19   $2,222.50.  That should come up to $9,904.19.  And if

20   I could, Judge, I will submit a written proposed order

21   to that effect.

22           THE COURT:  That will be better.  And is that the

23   recommendation, Mr. Stevenson, as you understood it

24   would be on these cases?

25           THE DEFENDANT:  According to the lawyers, yes.

1         THE COURT: And your understanding, Mr. Baxley?

2         MR. BAXLEY: Yes, Your Honor.

3         THE COURT: And, Mr. Byrd?

4         MR. BYRD: Yes, sir.

5         THE COURT: Based upon the State's

6  recommendation, I sentence you to fifteen years in

7  each case to run concurrently, a fine of $1500.00 in

8  each case and $750.00 to the Victim's Compensation

9  Fund, and restitution of $9,904.19 to cover all of the

10  cases.

11        MR. BINFORD: Judge, can I say one thing, also?

12        THE COURT: Yes.

13        MR. BINFORD: We agree to not take any more cases

14  to the Grand Jury. We could have made other cases,

15  additional cases, but our agreement is that we will

16  not indict him on any cases or checks that we know

17  about today -- if something comes up today that we did

18  not know about, that may have happened, you know, a

19  year ago, but we don't know about it, we reserve the

20  right to, you know, prosecute him on that. But

21  anything that we know about today, we agree not to

22  take that to the Grand Jury.

23        THE COURT: Do you understand that, Mr.

24  Stevenson? They will not be indicting you on any of

25  the other cases that have arisen?

12

1          THE DEFENDANT:  Yes, I do.

2          THE COURT:  With that, then, you are back in the

3     custody of the sheriff.  Thank you.

4          MR. BYRD:  Thank you, Your Honor.

5

6                    END OF PROCEEDINGS

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

18

CERTIFICATE OF REPORTER

STATE OF ALABAMA

HOUSTON COUNTY


     I, Chani A. Muller, Court Reporter, and Notary

Public, State at Large, do hereby certify that I have

correctly reported in stenotype the proceedings in the

above-styled cause, and I later reduced by stenotype

notes into typewriting, and that the foregoing pages,

beginning with the word "Proceedings" where the same

appears in the center of the page, contain a true and

correct transcription of the evidence, including

objections, oral motions, rulings of the Court and the

oral charge of the Court, where applicable, as therein

set out.

     I further certify that I have no interest in this

matter, financial or otherwise, or how it may develop

or what its outcome may be.  I further certify that I

am not of counsel for any of the parties, nor am I

related to counsel or litigants or associated with

anyone connected with this cause to my knowledge.

     I further certify that I have filed all exhibits

offered in the trial of this cause with the Clerk of

the Circuit Court for incorporation in the Record.

14

1    I further certify that I have on this day filed

2    with the Clerk of the Court of Criminal Appeals of

3    Alabama and the parties here involved a Certificate of

4    Completion of Reporter's Transcript. I further

5    certify that I have filed the original and three

6    copies of this transcript in the office of the Clerk

7    of the Circuit Court of Houston County, Houston County

8    Courthouse, Dothan, Alabama.

9

10    This 15th day of September, 2003.

11

12    _____
      Chani A. Muller, Court Reporter,
      Notary Public, State at Large
13

14

15

16

17

18

19

20

21

22

23

24

25

20

| State of Alabama<br>Unified Judicial System<br><br>From ARAP - 14 Rev. 11 / 91 | CERTIFICATE OF COMPLETION AND<br>TRANSMITTAL OF RECORD ON<br>APPEAL BY TRIAL CLERK | Appellate Case Number<br><br>_____ |
|---|---|---|

| TO: THE CLERK OF<br>    THE COURT OF CRIMINAL APPEALS OF ALABAMA | DATE OF<br>NOTICE OF APPEAL: | 11-07-05 |
|---|---|---|
| APPELLANT<br><br>              DOUGLAS EDWARD STEVENSON | | |
| v. STATE OF ALABAMA | | |

I certify that I have this date completed and transmitted herewith to the appellate court the record on appeal by assembling in ( a single volume of ___21___ pages) (_____ volumes of 200 pages each and one volume of _____ pages) the clerk's record and the reporter's transcript and that one copy each of the record on appeal has been served on the defendant and the Attorney General of the State of Alabama for the preparation of brief.

I certify that a copy of this certificate has this date been served on counsel for each party to the appeal.

DATED this___16TH___ day of ___DECEMBER___ , ___2005___ .


_Judy Byrd_
Circuit Clerk



Notice: This unpublished memorandum should not be cited as precedent.  See Rule 54, Ala.R.App.P.  Rule 54(d), states, in part, that this memorandum "shall have no precedential value and shall not be cited in arguments or briefs and shall not be used by any court within this state, except for the purpose of establishing the application of the doctrine of law of the case, res judicata, collateral estoppel, double jeopardy, or procedural bar."

# Court of Criminal Appeals

State of Alabama

Judicial Building, 300 Dexter Avenue

**P. O. Box 301555**

**Montgomery, AL 36130-1555**



RELEASED

APR 21 2005

CLERK
ALA COURT CRIMINAL APPEALS

**H.W."BUCKY" McMILLAN**
Presiding Judge
**SUE BELL COBB**
**PAMELA W. BASCHAB**
**GREG SHAW**
**A. KELLI WISE**
Judges

Lane W. Mann
Clerk
Gerri Robinson
Assistant Clerk
(334) 242-4590
Fax (334) 242-4689

### MEMORANDUM

CR-05-0321 Houston Circuit Court 02-0165.62; 02-1166.62; 02-1168.62; 02-1169.62; 02-1170.62

<u>Douglas Edward Stevenson v. State</u>

McMILLAN, Judge.

The appellant appeals from the trial court's summary dismissal of his second Rule 32 petition for post-conviction relief.

The appellant's underlying convictions were based on his guilty pleas to the charges of one count of receiving stolen property in the second degree and four counts of possession of

1



EXHIBIT

C

a forged instrument in the second degree.  The record indicates, that prior to sentencing, the appellant admitted to the trial court that he had three prior felony convictions. The trial court sentenced the appellant as a habitual offender to five concurrent terms of fifteen years' imprisonment, and ordered him to pay a $1500 fine, $750 to the Victims Compensation Fund, and $9,904.19 in restitution.

In his first petition, the appellant argued that his sentence exceeded the maximum authorized by law because the record was silent as to his having any prior felonies. Additionally, he argues that the State failed to give him notice of its intent to proceed under the Habitual Felony Offender Act.  The trial court found that the appellant's claims were contradicted by the record and that his claim that the State failed to give notice of its intent to proceed under the HFOA was precluded under Rule 32.2(a)(3) and (5), A.R. Crim. P.  The trial court's judgment was affirmed by this Court in a memorandum opinion, <u>Stevenson v. State</u>, [Ms.CR-03-0200, January 23, 2004]___ So. 2d ___ (Ala. Crim. App. 2004)(table).

In this petition, the appellant argues the trial court was without jurisdiction to impose his fifteen-year sentence

2

because the prior convictions to which he admitted at his guilty plea hearing, were misdemeanors from New York. Additionally, he argues that the record's silence as to which felonies were being used to enhance his sentence rendered his sentence outside of the jurisdictional range. The trial court dismissed the petition finding that it was successive and contradicted by the record.

Although the appellant, in brief, argues that his prior convictions were either felonies from New Jersey that were not committed by him or misdemeanors from New York, the record reflects, as it did during his first Rule 32 petition, that he admitted to having three prior felony convictions prior to entering his guilty pleas. Because the arguments in the appellant's instant petition are essentially the same arguments he raised in his first Rule 32 petition, the instant petition constitutes a successive petition. Rule 32.2(b), A. R. Crim. P.; Ex parte Walker, 800 So. 2d 135 (Ala. 2000). Moreover, because the appellant's petition was filed beyond the one-year statute of limitations period, it is procedurally precluded from appellate review. Rule 32.2(c), A. R. Crim. P.

The remaining claims raised by the appellant, including that the prosecutor suppressed evidence, ineffective

3

assistance of counsel, and the State failed to provide proper notice under the HFOA, were not presented to the trial court and were, therefore, not preserved for appellate review.  See Straughn v. State, 876 So. 2d 492 (Ala. Crim. App. 2003).

The judgment of the trial court is affirmed.

AFFIRMED.

Cobb and Wise, JJ., concur.  Baschab and Shaw, JJ., concur in the result.

4

# COURT OF CRIMINAL APPEALS
## STATE OF ALABAMA

Lane W. Mann
  Clerk
Gerri Robinson
  Assistant Clerk



P. O. Box 301555
Montgomery, AL 36130-1555
(334) 242-4590
Fax (334) 242-4689

May 19, 2006

**CR-05-0321**

Douglas Edward Stevenson v. State of Alabama  (Appeal from Houston  Circuit Court:
CC02-165.62; CC02-1166.62; CC02-1168.62; CC02-1169.62; CC02-1170.62)

## <u>NOTICE</u>

You are hereby notified that on May 19, 2006 the following action was taken in the above
referenced cause by the Court of Criminal Appeals:

Application for Rehearing Overruled.

**Lane W. Mann, Clerk**
**Court of Criminal Appeals**

cc: Hon. Judy Byrd, Circuit Clerk
    Douglas Edward Stevenson, Pro Se
    John M. Porter, Asst. Atty. Gen.



EXHIBIT
C

# THE STATE OF ALABAMA - - JUDICIAL DEPARTMENT
# THE ALABAMA COURT OF CRIMINAL APPEALS

**CR-05-0321**

Douglas Edward Stevenson v. State of Alabama  (Appeal from Houston  Circuit Court: CC02-165.62; CC02-1166.62; CC02-1168.62; CC02-1169.62; CC02-1170.62)

## CERTIFICATE OF JUDGMENT

WHEREAS, the appeal in the above referenced cause has been duly submitted and considered by the Court of Criminal Appeals; and

WHEREAS, the judgment indicated below was entered in this cause on April 21st 2006:

### Affirmed by Memorandum.

NOW, THEREFORE, pursuant to Rule 41 of the Alabama Rules of Appellate Procedure, it is hereby certified that the aforesaid judgment is final.

**Witness. Lane W. Mann, Clerk**
**Court of Criminal Appeals, on this**
**the 7th day of June, 2006.**

**Clerk**
**Court of Criminal Appeals**
**State of Alabama**

cc: Hon. Sidney Edward Jackson, Circuit Judge
    Hon. Judy Byrd, Circuit Clerk
    Douglas Edward Stevenson, Pro Se
    John M. Porter, Asst. Atty. Gen.

EXHIBIT
C

88018 Porter

# COURT OF CRIMINAL APPEALS
## STATE OF ALABAMA

H. W. "BUCKY" McMILLAN
Presiding Judge
SUE BELL COBB
PAMELA W. BASCHAB
GREG SHAW
A. KELLI WISE
Judges



Lane W. Mann
Clerk
Gerri Robinson
Assistant Clerk
(334) 242-4590
Fax (334) 242-4689

**CR-05-0321**

Douglas Edward Stevenson v. State of Alabama  (Appeal from Houston  Circuit Court:
CC02-165.62; CC02-1166.62; CC02-1168.62; CC02-1169.62; CC02-1170.62)

## ORDER

The Court of Criminal Appeals ORDERS that the certificate of judgment issued by this
Court on June 7, 2006 be, and the same is hereby, recalled.

Done this the 22nd day of June, 2006.

H. W. "Bucky" McMillan, Presiding Judge
Court of Criminal Appeals

cc: Hon. Sidney Edward Jackson, Circuit Judge
    Hon. Judy Byrd, Circuit Clerk
    Douglas Edward Stevenson, Pro Se
    John M. Porter, Asst. Atty. Gen.



EXHIBIT

C

# THE STATE OF ALABAMA - - JUDICIAL DEPARTMENT
# THE ALABAMA COURT OF CRIMINAL APPEALS

CR-05-0321

Douglas Edward Stevenson v. State of Alabama  (Appeal from Houston  Circuit Court: CC02-165.62; CC02-1166.62; CC02-1168.62; CC02-1169.62; CC02-1170.62)

## CERTIFICATE OF JUDGMENT

WHEREAS, the appeal in the above referenced cause has been duly submitted and considered by the Court of Criminal Appeals; and

WHEREAS, the judgment indicated below was entered in this cause on April 21st 2006:

### Affirmed by Memorandum.

NOW, THEREFORE, pursuant to Rule 41 of the Alabama Rules of Appellate Procedure, it is hereby certified that the aforesaid judgment is final.

Witness. Lane W. Mann, Clerk
Court of Criminal Appeals, on this
the 15th day of September, 2006.

Clerk
Court of Criminal Appeals
State of Alabama

cc: Hon. Sidney Edward Jackson, Circuit Judge
Hon. Judy Byrd, Circuit Clerk
Douglas Edward Stevenson, Pro Se
John M. Porter, Asst, Atty. Gen.

EXHIBIT
C
PENGAD 800-631-6989

# IN THE SUPREME COURT OF ALABAMA



September 15, 2006

**1051347**

Ex parte Douglas Edward Stevenson.  PETITION FOR WRIT OF CERTIORARI TO THE COURT OF CRIMINAL APPEALS  (In re: Douglas Edward Stevenson v. State of Alabama)   (Houston Circuit Court: CC02-165.62; CC02-1166.62; CC02-1168.62; CC02-1169.62; CC02-1170.62; Criminal Appeals : CR-05-0321).

## <u>CERTIFICATE OF JUDGMENT</u>

## <u>Writ Denied</u>

    The above cause having been duly submitted, IT IS CONSIDERED AND ORDERED that the petition for writ of certiorari is denied.

    SEE, J. -  Nabers, C.J., and Harwood, Stuart, and Bolin, JJ., concur.

I Robert G. Esdale, Sr., as Clerk of the Supreme Court of Alabama, do hereby certify that the foregoing is a full, true and correct copy of the instrument(s) herewith set out as same appear(s) of record in said Court.

Witness my hand this 15th day of September, 2006

**Clerk, Supreme Court of Alabama**

EXHIBIT

*C*

PENGAD 800-631-6989

/bb

COURT OF CRIMINAL APPEALS NO. _____ CR 05-0321 _____

# APPEAL TO ALABAMA COURT OF CRIMINAL APPEALS

### FROM

CIRCUIT COURT OF ___ HOUSTON ___ COUNTY, ALABAMA

CIRCUIT COURT NO ___ CC02-165.62;CC02-1166.62 ___

CIRCUIT JUDGE ___ SIDNEY EDWARD JACKSON ___

Type of Conviction/ Order Appealed From: _____ RULE 32 PETITION _____

Sentence Imposed: _____ PETITION DENIED _____

Defendant Indigent: ☑ YES ☐ NO

## DOUGLAS EDWARD STEVENSON

NAME OF APPELLANT

PRO-SE               #228063

(Appellant's Attorney)                                    (Telephone No.)

200 WALLACE DR

(Address)

CLIO,          AL          36017

(City)          (State)          (Zip Code)

### V.

## STATE OF ALABAMA

NAME OF APPELLEE

(State represented by Attorney General)

NOTE: If municipal appeal, indicate above, and enter

name and address of municipal attorney below.

_____

_____

(For Court of Criminal Appeals Use Only)


EXHIBIT

CLERK'S INDEX

CASE ACTION SUMMARY CC 2002 165.62                                    1-2

CASE ACTION SUMMARY CC 2002 1166.62                                   3-4

CASE ACTION SUMMARY CC 2002 1168.62                                   5-6

CASE ACTION SUMMARY CC 2002 1169.62                                   7-8

CASE ACTION SUMMARY CC 2002 1170.62                                   9-10

PETITION FOR RELIEF FROM CONVICTION OR SENTENCE                       11-31

ORDER DATED 9-20-05, FREE FILING AUTHORIZED.                          32

MOTION FOR SUMMARY DISPOSITION                                        33-34

ORDER DATED 10-11-05, THIS IS DEFENDANT'S 2ND PETITION ON THIS        35
SAME ISSUE. THE DISMISSAL OF THAT PETITION WAS AFFIRMED
1-23-04. THIS PETITION ALSO FAILS TO STATE A CLAIM AND IS CONTRARY
TO THE RECORD. THEREFORE, IT IS DISMISSED.

REPLY AND REBUTTAL TO STATES MOTION FOR SUMMARY DISPOSITION           36-40

NOTICE OF APPEAL                                                      41

MOTION FOR LEAVE TO APPEAL IN FORMA PAUPERIS                          42

COURT OF CRIMINAL APPEALS DOCKETING STATEMENT                         43-44

REPORTER'S TRANSCRIPT ORDER – CRIMINAL                                45

CLERK'S NOTICE OF APPEAL CC 2002 165.62                               46

CLERK'S NOTICE OF APPEAL CC 2002 1166.62                              47

CLERK'S NOTICE OF APPEAL CC 2002 1168.62                              48

CLERK'S NOTICE OF APPEAL CC 2002 1169.62                              49

CLERK'S NOTICE OF APPEAL CC 2002 1170.62                              50

LETTER FROM DEFENDANT                                                 51

```
ACRO372              ALABAMA JUDICIAL INFORMATION SYSTEM      CASE: CC 2002 000165.62
    R: RHM                    CASE ACTION SUMMARY
    GE: 1                      CIRCUIT CRIMINAL               RUN DATE: 09/16/2005
====================================================================================
IN THE CIRCUIT COURT OF HOUSTON                                         JUDGE: SEJ
STATE  OF  ALABAMA                VS      STEVENSON DOUGLAS EDWARD
                                          EASTERLING CORR. FAC.
CASE: CC   2 000165.62                    P. O. BOX 10
                                          CLIO, AL  36017 0000
DOB: 04/25/1957          SEX: M  RACE: B  HT: 5 08  WT: 180  HR: BLK EYES: BRO
SSN: 077506735   ALIAS NAMES:
CHARGE01: RULE 32-FELONY         CODE01: RULE  LIT: RULE 32-FELONY TYP: F #: 001
OFFENSE DATE:                           AGENCY/OFFICER:
DATE WAR/CAP ISS:                       DATE ARRESTED:
DATE     INDICTED:                      DATE     FILED: 05/05/2005
DATE     RELEASED:                      DATE   HEARING:
BOND       AMOUNT:          $.00           SURETIES:
DATE 1:            DESC:                      TIME: 0000
DATE 2:            DESC:                      TIME: 0000
TRACKING NOS:                      /                   /
   DEF/ATY: PRO SE                     TYPE: A                       TYPE:
                         00000                              00000
PROSECUTOR: VALESKA DOUGLAS A
====================================================================================
OTH CSE:  000000000000 CHK/TICKET NO:                        GRAND JURY:
COURT REPORTER:                  SID NO:          000000000
   STATUS: JAIL              DEMAND: Y                           OPER: RHM
DATE         ACTIONS,  JUDGEMENTS,  AND  NOTES
```

| DATE | ACTIONS, JUDGEMENTS, AND NOTES |
|---|---|
| 9-15-05 | Rule 32 Petition; Petition for Relief from Conviction or Sentence. |
| | In Forma Pauperis Declaration. |
| | 9/20/05 Free filing authorized. In that free filing has been previously authorized for petitions in the past, Defendant is allowed 15 additional days to amend his petition as to any additional or further claims which he might have as free filing will not be available in the future.     9-21-05 N: Da & deft |
| | CIRCUIT JUDGE |
| 09-27-05 | Motion for Summary Disposition. |
| 10/11/05 | This is Defendant's 2d Petitions on this same issue. The dismissal of that Petition was on ___ 11/23/04. This Petition also fails to state a claim and is contrary to the record. Therefore, it is dismissed.   Johnson, Judge     10/14/05 N: Deft |

1

STATE OF ALABAMA    VS. DOUGLAS EDWARD STEVENSON    CC2002-165.62

10-20-05  Reply and rebutal to State's Motion for Summary Disposition.

11-7-05  notice of appeal + transcript order. In forma Pauperis
         declaration. Reporters transcript order. CCA Docketing
         Statement.

11-15-05  Clerk's notice of appeal, CCA docketing statement and CR transcript
          order to CCA, AG and deft.

```
  P0372            ALABAMA JUDICIAL INFORMATION SYSTEM      CASE: CC 2002 001166.62
  R: RHM                    CASE ACTION SUMMARY
  GE:    1                 CIRCUIT   CRIMINAL              RUN DATE: 09/16/2005
========================================================================================
IN THE CIRCUIT COURT OF  HOUSTON
                                                                     JUDGE: SEJ
STATE   OF   ALABAMA              VS      STEVENSON DOUGLAS EDWARD
                                          EASTERLING CORR. FAC.
CASE: CC 2002 001166.62                      200 WALLACE DR
                                          CLIO, AL  36017 0000
DOB: 04/25/1957        SEX: M  RACE: B  HT: 5 08  WT: 180  HR: BLK EYES: BRO
SSN: 077506735   ALIAS NAMES:
----------------------------------------------------------------------------------------
CHARGE01: RULE 32-FELONY        CODE01: RULE  LIT: RULE 32-FELONY TYP: F #: 001
OFFENSE DATE:                   AGENCY/OFFICER:
DATE WAR/CAP ISS:                    DATE ARRESTED:
DATE    INDICTED:                    DATE      FILED: 09/15/2005
DATE    RELEASED:                    DATE   HEARING:
BOND       AMOUNT:           $ .00   SURETIES:
DATE 1:          DESC:                    TIME: 0000
DATE 2:          DESC:                    TIME: 0000
TRACKING NOS: DC 2002 001355 00  /                    /
    DEF/ATY: PRO SE                TYPE: A
                                                                  TYPE:
                            00000                        00000
PROSECUTOR: VALESKA DOUGLAS A
```

```
========================================================================================
OTH CSE: DC200200135500 CHK/TICKET NO:                         GRAND JURY:
COURT REPORTER:                   SID NO:     000000000
   STATUS: JAIL               DEMAND: Y                          OPER: RHM
========================================================================================
```

| DATE | ACTIONS, JUDGEMENTS, AND NOTES |
|------|--------------------------------|
| 9-15-05 | Rule 32 Petition; Petition for Relief from Conviction or Sentence. |
| | In Forma Pauperis Declaration. |
| | *11-20-05* Free filing authorized. In that free filing has been previously authorized for petitions in the past, Defendant is allowed 15 additional days to amend his petition as to any additional or further claims which he might have as free filing will not be available in the future.  *9-21-05 N:Da & dept* |
| | CIRCUIT JUDGE |
| 09-27-05 | Motion for Summary Disposition. |
| 10-11-05 | This is defendant's 2nd petition on this same issue.  The dismissal of that petition was affirmed 1/23/04.  This petition also fails to state a claim and is contrary to the record, therefore it is dismissed. |
| | *10-14-05 N:Dept*                    /s/Jackson, Judge |

3

STATE OF ALABAMA  VS  DOUGLAS EDWARD STEVENSON        CC 2002-1166.62

11-07-05 Notice of appeal and transcript order.  In Forma Pauperis declaration.
        Reporter's transcript order and CCA docketing statement.

11-15-05  Clerk's notice of appeal, CCA docketing statement and CR transcript
        order to CCA, AG and deft.

4

```
? ?0372            ALABAMA JUDICIAL INFORMATION SYSTEM    CASE: CC 2002 001168.62
   R: RHM                  CASE ACTION SUMMARY
P.GE:   1                  CIRCUIT  CRIMINAL                RUN DATE: 09/16/2005
==============================================================================
IN THE CIRCUIT COURT OF  HOUSTON                                  JUDGE: SEJ
STATE  OF  ALABAMA              VS      STEVENSON DOUGLAS EDWARD
                                        EASTERLING CORR. FAC.
CASE: CC 2002 001168.62                 200 WALLACE DR
                                        CLIO, AL  36017 0000
DOB: 04/25/1957         SEX: M  RACE: B  HT: 5 08  WT: 180  HR: BLK EYES: BRO
SSN: 077506735  ALIAS NAMES:
------------------------------------------------------------------------------
CHARGE01: RULE 32-FELONY      CODE01: RULE  LIT: RULE 32-FELONY TYP: F #: 001
OFFENSE DATE:                 AGENCY/OFFICER:

DATE WAR/CAP ISS:                    DATE ARRESTED:
DATE     INDICTED:                   DATE     FILED: 09/15/2005
DATE     RELEASED:                   DATE   HEARING:
BOND        AMOUNT:        $.00      SURETIES:

DATE 1:          DESC:                  TIME: 0000
DATE 2:          DESC:                  TIME: 0000

TRACKING NOS: DC 2002 001328 00  /                  /

   DEF/ATY: PRO SE                  TYPE: A                    TYPE:

                         00000                        00000

PROSECUTOR: VALESKA DOUGLAS A
==============================================================================
OTH CSE: DC200200132800 CHK/TICKET NO:                    GRAND JURY:
COURT REPORTER:                   SID NO:     000000000
   STATUS: JAIL               DEMAND: Y                       OPER: RHM
DATE          ACTIONS,  JUDGEMENTS,  AND  NOTES
==============================================================================
```

| DATE | ACTIONS, JUDGEMENTS, AND NOTES |
|---|---|
| 9-15-05 | Rule 32 Petition; Petition for Relief from Conviction or Sentence. |
| | In Forma Pauperis Declaration. |
| | 9/22/05  Free filing authorized. In that free filing has been previously authorized for petitions in the past, Defendant is allowed 15 additional days to amend his petition as to any additional or further claims which he might have as free filing will not be available in the future.  9-21-05 N'DA & Deft |
| | CIRCUIT JUDGE |
| 09-27-05 | Motion for Summary Disposition. |
| 10-11-05 | This is defendant's 2nd petition on this same issue.  The dismissal of that petition was affirmed 1/23/04.  This petition also fails to state a claim and is contrary to the record, therefore it is dismissed. |

/s/Jackson, Judge

10/14/05 N: Deft

STATE OF ALABAMA    VS    DOUGLAS EDWARD STEVENSON        CC 2002-1168.62

11-07-05 Notice of appeal and transcript order.  In Forma Pauperis declaration.
         Reporter's transcript order and CCA docketing statement.

11-15-05 Clerk's notice of appeal, CCA docketing statement and CR transcript
         order to CCA, AG and deft.

```
  ?0372              ALABAMA JUDICIAL INFORMATION SYSTEM     CASE: CC 2002 001169.62
 R: RHM                      CASE ACTION SUMMARY
PAGE:   1                      CIRCUIT  CRIMINAL                 RUN DATE: 09/16/2005
===================================================================================
IN THE CIRCUIT COURT OF  HOUSTON
                                                                     JUDGE: SEJ
STATE  OF  ALABAMA                VS      STEVENSON DOUGLAS EDWARD
                                          EASTERLING CORR. FAC.
CASE: CC 2002 001169.62                     2100 WALLACE DR
                                          CLIO, AL  36017 0000
DOB: 04/25/1957         SEX: M  RACE: B  HT: 5 08  WT: 180   HR: BLK EYES: BRO
SSN: 077506735  ALIAS NAMES:
-----------------------------------------------------------------------------------
CHARGE01: RULE 32-FELONY      CODE01: RULE  LIT: RULE 32-FELONY TYP: F #: 001
OFFENSE DATE:                   AGENCY/OFFICER:

DATE WAR/CAP ISS:
DATE     INDICTED:                 DATE ARRESTED:
DATE     RELEASED:                 DATE    FILED: 09/15/2005
BOND         AMOUNT:        $ .00  DATE  HEARING:
                                   SURETIES:
DATE 1:          DESC:                     TIME: 0000
DATE 2:          DESC:                     TIME: 0000
TRACKING NOS: DC 2002 001329 00  /                    /
   DEF/ATY: PRO SE                 TYPE: A
                                                                     TYPE:
                          00000                           00000
PROSECUTOR: VALESKA DOUGLAS A

===================================================================================
OTH CSE: DC200200132900 CHK/TICKET NO:                   GRAND JURY:
COURT REPORTER:                   SID NO :     000000000
   STATUS: JAIL                    DEMAND: Y                 OPER: RHM
DATE          ACTIONS,  JUDGEMENTS,  AND  NOTES
===================================================================================
```

| DATE | ACTIONS, JUDGEMENTS, AND NOTES |
|---|---|
| 9-15-05 | Rule 32 Petition; Petition for Relief from Conviction or Sentence. |
| | In Forma Pauperis Declaration. |
| | ~~9/20/05  Free filing authorized.~~ |
| | ~~In that free filing has been previously~~ |
| | ~~authorized for petitions in the past,~~   9-21-05 N' Da & Dept |
| | ~~Defendant is allowed 15 additional days~~ |
| | ~~to amend his petition as to any additional~~ |
| | ~~or further claims which he might have as~~ |
| | ~~free filing will not be available in the future.~~ |
| | CIRCUIT JUDGE |
| 09-27-05 | Motion for Summary Disposition. |
| 10-11-05 | This is defendant's 2nd petition on this same issue.  The dismissal of that |
| | petition was affirmed 1/23/04.  This petition also fails to state a claim |
| | and is contrary to the record, therefore it is dismissed. |
| | 10/15/05 N' Dept                        /s/Jackson, Judge |

7

STATE OF ALABAMA  VS  DOUGLAS EDWARD STEVENSON    CC 2002-1169.62

11-07-05 Notice of appeal and transcript order.  In Forma Pauperis declaration.
         Reporter's transcript order and CCA docketing statement.

11-15-05 Clerk's notice of appeal, CCA docketing statement and CR transcript
         order to CCA, AG and deft.

8

```
'0372              ALABAMA JUDICIAL INFORMATION SYSTEM        CASE: CC 2002 001170.62
  R: RHM                      CASE ACTION SUMMARY
PAGE:    1                      CIRCUIT   CRIMINAL                RUN DATE: 09/16/2005
==================================================================================
IN THE CIRCUIT COURT OF  HOUSTON
                                                                      JUDGE: SEJ
STATE  OF  ALABAMA                     VS      STEVENSON DOUGLAS EDWARD
                                               EASTERLING CORR. FAC.
CASE: CC 2002 001170.62                        2100 WALLACE DR
                                               CLIO, AL  36017 0000

DOB: 04/25/1957        SEX: M  RACE: B  HT: 5 08  WT: 180   HR: BLK EYES: BRO
SSN: 077506735  ALIAS NAMES:
----------------------------------------------------------------------------------
CHARGE01: RULE 32-FELONY      CODE01: RULE  LIT: RULE 32-FELONY TYP: F #: 001
OFFENSE DATE:                        AGENCY/OFFICER:

DATE WAR/CAP ISS:                     DATE ARRESTED:
DATE      INDICTED:                   DATE      FILED: 09/15/2005
DATE     RELEASED:                    DATE   HEARING:
BOND         AMOUNT:          $.00    SURETIES:

DATE 1:           DESC:                         TIME: 0000
DATE 2:           DESC:                         TIME: 0000

TRACKING NOS: DC 2002 001489 00  /                     /

   DEF/ATY: PRO SE                      TYPE: A                      TYPE:

                        00000                           00000
PROSECUTOR: VALESKA DOUGLAS A
```

```
==================================================================================
OTH CSE: DC200200148900 CHK/TICKET NO:                      GRAND JURY:
COURT REPORTER:                        SID NO:
   STATUS: JAIL                       DEMAND: Y    000000000
                                                               OPER: RHM
DATE          ACTIONS, JUDGEMENTS, AND NOTES
==================================================================================
```

| DATE | ACTIONS, JUDGEMENTS, AND NOTES |
|---|---|
| 9-15-05 | Rule 32 Petition; Petition for Relief from Conviction or Sentence. |
|  | In Forma Pauperis Declaration. |
|  | 9/20/05 Free filing authorized. In that free filing has been previously authorized for petitions in the past, Defendant is allowed 15 additional days to amend his petition as to any additional or further claims which he might have as free filing will not be available in the future.    9-21-05 N. DA & Deft |
|  | CIRCUIT JUDGE |
| 09-27-05 | Motion for Summary Disposition. |
| 10-11-05 | This is defendant's 2nd petition on this same issue.  The dismissal of that petition was affirmed 1/23/04.  This petition also fails to state a claim and is contrary to the record, therefore it is dismissed. |
|  | 10-14-05 N. Deft                         /s/Jackson, Judge |

9

STATE OF ALABAMA   VS   DOUGLAS EDWARD STEVENSON    CC2002-1170.62

11-07-05  Notice of appeal and transcript order.  In Forma Pauperis declaration.
          Reporter's transcript order and CCA docketing statement.

11-15-05  Clerk's notice of appeal, CCA docketing statement and CR transcript
          order to CCA, AG and deft.

# PETITION FOR RELIEF FROM CONVICTION OR SENTENCE

(Pursuant to Rule 32,
Alabama Rules of Criminal Procedure)

Case Number

| ID | YR | NUMBER |
|---|---|---|

IN THE _CIRCUIT Court_ _____ COURT OF _Houston Co.,_ ALABAMA

_Douglas E. Stevenson_ _____ vs. _State of Alabama_
Petitioner (Full Name)                              Respondent

[Indicate either the "State" or,
if filed in municipal court, the
name of the "Municipality"]

Prison Number _# 22 80 63_ _____ Place of Confinement _Easterling Corr. Facility_

County of conviction _Houston County "Dothan" Alabama_

NOTICE:  BEFORE COMPLETING THIS FORM, READ CAREFULLY
THE ACCOMPANYING INSTRUCTIONS.

1.  Name and location (city and county) of court which entered the judgment of conviction
    or sentence under attack _Dothan, Alabama_
    _Houston County, Alabama_

2.  Date of judgment of conviction _March 11, 2003_

3.  Length of sentence _15 Years_

4.  Nature of offense involved (all counts) _Receiving Stolen Property and possession_
    _of forged Intrument II._

5.  What was your plea?  (Check one)

    (a)  Guilty _X_

    (b)  Not guilty _____

    (c)  Not guilty by reason of mental disease or defect _____

    (d)  Not guilty and not guilty by reason of mental disease or defect _____

11

6. Kind of trial: (Check one)

    (a)  Jury _____          (b)  Judge only __✗__

7. Did you testify at the trial?

    Yes _____          No __✓__

8. Did you appeal from the judgment of conviction?

    Yes _____          No __✓__

9. If you did appeal, answer the following:

    (a)  As to the state court to which you first appealed, give the following information:

        (1)  Name of court _____ *N/A* _____

        _____ *N/A* _____

        (2)  Result _____ *N/A* _____

        (3)  Date of result _____ *N/A* _____

        _____

    (b)  If you appealed to any other court, then as to the second court to which you appealed, give the following information:

        (1)  Name of court _____ *N/A* _____

        _____

        (2)  Result _____ *N/A* _____

        (3)  Date of result _____ *N/A* _____

        _____

    (c)  If you appealed to any other court, then as to the third court to which you appealed, give the following information:

        (1)  Name of court _____ *N/A* _____

        (2)  Result _____ *N/A* _____

        (3)  Date of result _____ *N/A* _____

        _____

2  12

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal?

Yes _____          No __X__

1. If your answer to Question 10 was "yes", then give the following information in regard to the first such petition, application, or motion you filed:

(a) (1) Name of court _____ N/A _____

(2) Nature of proceeding _____ N/A _____

(3) Grounds raised _____ N/A _____

_____

_____

_____

(attach additional sheets if necessary)

(4) Did you receive an evidentiary hearing on your petition, application, or motion?

Yes _____          No N/A

(5) Result _____ N/A _____

(6) Date of result _____ N/A _____

(b) As to any second petition, application, or motion, give the same information:

(1) Name of court _____ N/A _____

(2) Nature of proceeding _____ N/A _____

(3) Grounds raised _____ N/A _____

_____

_____

_____

(attach additional sheets if necessary)

(4) Did you receive an evidentiary hearing on your petition, application, or motion?

Yes _____          No X

(5) Result _____ N/A _____

(6) Date of result _____ N/A _____

(c) As to any third petition, application, or motion, give the same information (attach additional sheets giving the same information for any subsequent petitions, applications, or motions):

(1) Name of court _____ N/A _____

13    3

(2) Nature of proceeding ——————— N/A

(3) Grounds raised ————————————————

——————————————————————————————

——————————————————————————————

——————————————————————————————

(attach additional sheets if necessary)

(4)  Did you receive an evidentiary hearing on your petition, application, or motion?

Yes ——————        No __X__

(5)  Result ——————————— N/A

(6)  Date of result ——————————— N/A

(d)  Did you appeal to any appellate court the result of the action taken on any petition, application, or motion?

(1)  First petition, etc.        Yes ———        No ———

(2)  Second petition, etc..      Yes ———        No ———

(2)  Third petition, etc.        Yes ———        No ———

ATTACH ADDITIONAL SHEETS GIVING THE SAME INFORMATION
FOR ANY SUBSEQUENT PETITIONS, APPLICATIONS, OR MOTIONS.

(e)  If you did not appeal when you lost on any petition, application, or motion, explain briefly why you did not:

N/A ——————————————

——————————————————————————————

——————————————————————————————

12.  Specify every ground on which you claim that you are being held unlawfully, by placing a check mark on the appropriate line(s) below and providing the required information. Include all facts. If necessary, you may attach pages stating additional grounds and the facts supporting them.

# GROUNDS OF PETITION

Listed below are the possible grounds for relief under Rule 32. Check the ground(s) that apply in your case, and follow the instruction under the ground(s):

_____  A.  The Constitution of the United States or of the State of Alabama requires a new trial, a new sentence proceeding, or other relief.

For your information, the following is a list of the most frequently raised claims of constitutional violation:.

4

plead guilty, unless he does so voluntarily and knowingly and voluntarily with understanding of the nature of the charge and the consequences of the plea.

(2) Conviction obtained by use of coerced confession.

(3) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.

(4) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.

(5) Conviction obtained by a violation of the privilege against self-incrimination.

(6) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.

(7) Conviction obtained by a violation of the protection against double jeopardy.

(8) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.

(9) Denial of effective assistance of counsel.

   This list is not a complete listing of all possible constitutional violations.

If you checked this ground of relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each constitutional violation that you claim, whether or not it is one of the nine listed above, and include under it each and every fact you feel supports this claim. Be specific and give details.

*Yes* B.   The court was without jurisdiction to render the judgment or to impose the sentence.

   If you checked this ground or relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

*Yes* C.   The sentence imposed exceeds the maximum authorized by law, or is otherwise not authorized by law.

   If you checked this ground or relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

_____ D.   Petitioner is being held in custody after his sentence has expired.

   If you checked this ground or relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

_____ E.   Newly discovered material facts exist which require that the conviction or sentence be vacated by the court, because:

   The facts relied upon were not known by petitioner or petitioner's counsel at the time of trial or sentencing or in time to file a post-trial motion pursuant to rule 24, or in time to be included in any previous collateral proceeding, and could not have been discovered by any of those times through the exercise of reasonable diligence; and

   The facts are not merely cumulative to other facts that were known; and

5

The facts could not have been known by the exercise of reasonable diligence;

If the facts had been known at the time of trial or sentencing, the result would probably have been different; and

The facts establish that petitioner is innocent of the crime for which he was convicted or should not have received the sentence that he did.

If you checked this ground or relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

_____ F.   The petitioner failed to appeal within the prescribed time and that failure was without fault on petitioner's part.

If you checked this ground or relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

13.   IMPORTANT NOTICE REGARDING ADDITIONAL PETITIONS RULE 32.2(b) LIMITS YOU TO ONLY ONE PETITION IN MOST CIRCUMSTANCES. IT PROVIDES:

> "Successive Petitions. The court shall not grant relief on a second or successive petition on the same or similar grounds on behalf of the same petitioner. A second or successive petition on different grounds shall be denied unless the petitioner shows both that good cause exist why the new ground or grounds were not known or could not have been ascertained through reasonable diligence when the first petition was heard, and that failure to entertain the petition will result in a miscarriage of justice."

A.   Other than an appeal to the Alabama Court of Criminal Appeals or the Alabama Supreme Court, have you filed in state court any petition attacking this conviction or sentence?

Yes _____          No  X

B.   If you checked "Yes," give the following information as to earlier petition attacking this conviction or sentence:

(a)   Name of court _____ N/A

(b)   Result _____ N/A

(c)   Date of result _____ N/A
     (attach additional sheets if necessary)

C.   If you checked the "Yes" line in 13A, above, and this petition contains a different ground or grounds of relief from an earlier petition or petitions you filed, attach a separate sheet or sheets labeled: "EXPLANATION FOR NEW GROUND(S) OF RELIEF."

On the separate sheet(s) explain why "good cause exists why the new ground or grounds were not known or could not have been ascertained through reasonable diligence when the first petition was heard, and [why the] failure to entertain [this] petition will result in a miscarriage of justice."

14.   Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack?

Yes _____          No  X

15. Give the name and address, if known, of each attorney who represented you at the following stages of the case that resulted in the judgment under attack:

(a) At preliminary hearing _____

_____

(b) At arraignment and plea _____

_____

(c) At trial _____

(d) At sentencing _____ *Sec Clerk Record* _____

_____

(e) On appeal _____

(f) In any post-conviction proceeding _____

_____

(g) On appeal from adverse ruling in a post-conviction proceeding _____

_____

_____

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?

Yes _X_        No _____

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?

Yes _____        No _X_

(a) If so, give name and location of court which imposed sentence to be served in the future: _____

_____ *NONE* _____

(b) And give date and length of sentence to be served in the future: _____

_____ *NONE* _____

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?

Yes _____        No _X_

18. What date is this petition being mailed?

_____ *8-24-05* _____

Wherefore, petitioner prays that the court grant petitioner relief to which he may be entitled in this proceeding.

7

Case Number

_____
ID   YR   NUMBER
(To be completed
by Court Clerk)

# IN FORMA PAUPERIS DECLARATION

Circuit Court of Houston County Alabama
_____
(Insert appropriate court)

Douglas Edward Stevenson
_____
(Petitioner)

vs.

State of Alabama
_____
(Respondent(s)

## DECLARATION IN SUPPORT OF REQUEST TO PROCEED
## IN FORMA PAUPERIS

I, Douglas Edward Stevenson , declare that I am the petitioner in the above entitled case; that in support of my motion to proceed without being required to prepay fees, costs, or give security therefor, I state that because of my poverty I am unable to pay the costs of said proceeding or to give security therefor; that I believe I am entitled to relief.

1.  Are you presently employed?     Yes _____     No ✓_____

    a.  If the answer is "yes", state the amount of your salary or wages per month, and give the name and address of your employer.

    _____

    _____

    b.  If the answer is "no", state the date of last employment and the amount of the salary and wages per month which you received.

    _____

    _____

2.  Have you received within the past twelve months any money from any of the following sources?

    a.  Business, profession, or other form of self-employment?

        Yes _____          No ✓_____

    b.  Rent payments, interest, or dividends?

        Yes _____          No ✓_____

    c.  Pensions, annuities, or life insurance payments?

        Yes _____          No ✓_____

    d.  Gifts or inheritances?

        Yes _____          No ✓_____

    e.  Any other sources?

        Yes _____          No ✓_____

If the answer to any of the above is "yes", describe each source of money and state the amount received from each during the past twelve months.

_____
_____
_____
_____

3. Do you own cash, or do you have money in a checking or savings account?

   Yes _____          No _____

   (Include any funds in prison accounts.)

   If the answer is "yes", state the total value of the items owned.

   _____
   _____
   _____

4. Do you own any real estate, stocks, bonds, notes, automobiles, or other valuable property (excluding ordinary household furnishings and clothing)?

   Yes _____          No _____

   If the answer is "yes", describe the property and state its approximate value.

   _____
   _____
   _____

5. List the persons who are dependent upon you for support, state your relationship to those persons, and indicate how much you contribute toward their support.

   _____
   _____

   I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.

   Executed on _____
                    (Date)

                            _Douglas E. Stevenson_
                            Signature of Petitioner    228063

                    CERTIFICATE

   I hereby certify that the petitioner herein has the sum of $ _2.05_ on account to his credit at the institution where he is confined. I further certify that petitioner likewise has the foregoing securities to his credit according to the records of said _E asterling_ institution:

   _____
   _See attached_
   _____

   _8·18·05_
   DATE

                            _Myron K. Peters Acct Clerk_
                            AUTHORIZED OFFICER OF INSTITUTION

Rule 32
                        3
                        19

STATE OF ALABAMA
DEPARTMENT OF CORRECTIONS
EASTERLING CORR FACILITY

AIS #: 228063      NAME: STEVENSON, DOUGLAS EDWARD      AS OF: 08/18/2005

| MONTH | # OF DAYS | AVG DAILY BALANCE | MONTHLY DEPOSITS |
|-------|-----------|-------------------|------------------|
| AUG | 13 | $0.09 | $0.00 |
| SEP | 30 | $0.09 | $0.00 |
| OCT | 31 | $0.09 | $0.00 |
| NOV | 30 | $0.09 | $0.00 |
| DEC | 31 | $0.09 | $0.00 |
| JAN | 31 | $0.09 | $0.00 |
| FEB | 28 | $0.09 | $0.00 |
| MAR | 31 | $0.09 | $0.00 |
| APR | 30 | $5.90 | $42.00 |
| MAY | 31 | $2.05 | $0.00 |
| JUN | 30 | $2.05 | $0.00 |
| JUL | 31 | $2.05 | $0.00 |
| AUG | 18 | $2.05 | $0.00 |

20

In The Circuit Court of Houst **FILED**
County, Alabama

SEP 1 5 2005

*Judy Byrd*
JUDY BYRD, CLERK
HOUSTON CO., AL

State of Alabama
Plaintiff

~ VS ~

Douglas E. Stevenson
Defendant

1166, 1168, 1169, 1170
Case No: CC-02-165 ~thru: 170~

## Rule 32 Petition

Comes now Douglas E. Stevenson petitioner, and pursuant to post-conviction relief, petition the Honorable Court to issue a full order setting this cause for a hearing under Rule 32.9(a).

The following grounds as stated under Alabama Laws demand a full hearing, and the resentancing of Petitioner the following.

## Ground One

The Court was without jurisdiction to impose a 15 Fifteen Year Term of imprisonment for a Class "C" Felony.

The Circuit Court of Houston County, Alabama under CC-02-165 for Receiving Stolen Property II, Posession of Forged Instrument 2nd Degree. imposed a 15 year sentance in the State Prison for a Class "C" Felony. the minimum for a Class "C" is a year and A-day. the maximum term is only ten years.

Therefore the Court was without jurisdiction to impose a sentance of 15 years for Recieving Stolen Property and Posession

Rule 32

2.

of Forged Instrument's 2nd Degree Charge.

The Court had no jurisdiction where it is mandatory under the Statute Code of Alabama 1975 Section 13A-5-9 to show and prove certified out of State Convictions, the State of Alabama is required to show and prove that Petitioner had any Prior Felony Convictions, and was sentenced. Convicted. and represented by Counsel.

The State never showed any to the Court for me to admit to, therefore the Sentence for 15 years is clearly illegal, Code of Alabama 1975 Section 13A-5-6 (d) (B) demand's a minimum of only 10 years. however Defendant did admit in Court of having Prior Felony Conviction's from out of State but said admission's were based on his Public Defender's coercive advice telling Defendant that it was in his best interest to admit to prior's, otherwise the Defendant would face 99 years. or a Life Sentence. and Defendant at that time did'nt realize the difference in Illegal Sentencing between Alabama and his Home State New York where all his prior misdemeanors conviction were Fines.

SEE Exibit A - 7 pages.

Please Note:

The priors Defendant admitted to in open court were from the State of New York. which List misdemeanor's as Felony Misdemeanor's fines were paid and cases dismissed. Alabama Law is different and doesn't List them as felonies, this fact the Defendant did'nt Know at the time as he entered his guilty plea at issue here.

Rule 32

# GROUND TWO

The sentence to 15 years for a Class "C" Felony is illegal.

The Maximum term for Recieving Stolen Property II is only 10 years, the "Circuit Court" imposing a term of 15 years for a Class "C" Felony is illegal and unauthorized by law, the true fact is your petitioner has never been convicted of a Felony Offense in any State of the United States prior to the conviction imposed from Houston County Alabama.

# RELIEF

1. The Court to issue a order for the State to show before this Court the priors

2. The State must prove that i have Felony prior's.

3. The State must prove that i was represented by counsel at Sentencing.

4. The Out of State Felonies must be concidered to be either misdemeanor's or Felonies for the State of Alabama.

5. The Court set this case for a full hearing on the docket.

6. The Judge to issue an order to transport petitioner back to court for a hearing.

7. The Court to appoint Counsel to represent Petitioner.

8. The Court to take judicial notice that Petitioner claims is jurisdictional.

23

It is so prayed

Respectfully

Douglas E. Stevenson

Douglas E. Stevenson

EXHIBIT

"A"

7 pgs.



**STATE OF NEW YORK**
**DIVISION OF CRIMINAL JUSTICE SERVICES**
**4 TOWER PLACE**
**ALBANY, NEW YORK 12203- 3764**

**TO:**      Record Review Requestor

**FROM:**    Supervisor, Administration Unit - Identification
and Criminal History Bureaus

**SUBJECT:**    Review of Personal Criminal History Record

_____

Enclosed is a copy of your criminal history record as maintained by the New York State Division of Criminal Justice Services (DCJS). You will observe that it does not contain any personal identifying information which could be used to link the record to you in the event that it falls out of your possession.

If you wish to challenge the accuracy or completeness of any information contained in your record, please complete the enclosed **Record Review and Statement of Challenge** form, and return it to the attention of the Supervisor, Administration Unit at the above address.

Challenges to case disposition information, or its absence, must be supported by the submission to DCJS of a certified disposition document from the court of adjudication. The document must be an original containing the embossed seal of the court and the signature of either the presiding judge or court clerk.

Challenges to arrest charges should be directed to the law enforcement agency that reported the charges to DCJS. We cannot modify arrest charges unless written authorization to do so is received from the reporting agency.

If your record is corrected or completed as a result of a successful challenge, you will receive a corrected copy of your criminal history record from DCJS.

GB/kmc

**NY State Division of Criminal Justice Services**
**Record Review/Challenge Unit - 5th Floor**
**4 Tower Place**
**Albany, New York 12203-3702**

| DATE:12/16/04 | NAME:STEVENSON,DOUGLAS | ID#228063 |
|---|---|---|

| FACILITY:EASTERLING CORR FAC. 200 WALLACE DR., CLIO, ALABAMA 36017 | NYSID#:3914934Y |
|---|---|

RESPONSE TO CHALLENGE/CORRESPONDENCE DATED:    11/22/04

Event Date(s):   Criminal History Record

Attached is the "Request for Record Review" form that you submitted for your "Record Review". I have highlighted the NOTE found on the request form advising you that no personal identifying information would be included on our response. The sole purpose of a "Record Review" is to review the criminal history information, maintained on file at the NYS Division of Criminal Justice Services, for completeness and correctness.

DCJS is New York State's repository for criminal history information. To receive criminal history information from another state you will need to do a FBI - Record Review. The address is 1000 Custer Hollow Road, Clarksburg, West Virginia 26306.    Please contact them to resolve this issue.

DCJS is the repository for criminal history information. You will need to contact the issuing agency ( courts, police departments etc.) in regard to parole violations,detainers, holds, etc.

James W. Stanco
Chief, Special Services Bureau

27

```
DATE     12-14-04                    STATE OF NEW YORK              TRAN NO   RM076
TIME     1058          DIVISION OF CRIMINAL JUSTICE SERVICES        PAGE        1
         CONFIDENTIAL TO:      RECORD REVIEW
```

```
                                         ---------------
                                        !NYSID  3914934Y !
                                         ---------------
```

```
-----------------------------------------------------------------------------
            < < < < < < < CRIMINAL HISTORY > > > > > > >
-----------------------------------------------------------------------------
!         ARREST          | ARREST/ARRAIGNMENT CHARGES |    DISPOSITION AND
!      INFORMATION        |                            |    RELATED DATA
-----------------------------------------------------------------------------
ARR DT/PL 10-03-75!       - - ARREST - -              |    - - DISPOSITION - -
BRONX             !PETIT LARCENY                       |10-03-75   CRIM CRT BRONX
                  !PL   155.25          NO SUB         |           DKT # X532006
CRM DATE: 10-03-75!CLASS A MISD         NCIC 2399      |INITIAL REPORT OF DOCKET
CRIME PLACE:      !                                    |NUMBER
BRONX             !CRIMINAL MISCHIEF-4TH               |
ARR#/AGY 04234424 !PL   145.00          NO SUB         |
NYCPD PCT 042     !CLASS A MISD         NCIC 2999      |
                  !                                    |
CRT CON# 02008142L!                                    |
                  !                                    |
FAX NO    B024368 !                                    |
-----------------------------------------------------------------------------
ARR DT/PL 03-10-79!       - - ARREST - -              |    - - DISPOSITION - -
BRONX             !POSSESSION STOLEN PROPERTY-1ST      |11-29-79   CRIM CRT BRONX
                  !PL   165.50          NO SUB         |           DKT # X908257
CRM DATE: 03-10-79!CLASS D FEL          NCIC 2804      |DISMISSED CPL160.50
CRIME PLACE:      !                                    |
BRONX             !CRIMINAL MISCHIEF-4TH               |THE FOLLOWING CHARGE(S):
ARR#/AGY 04407512 !PL   145.00          NO SUB         |CRIM MIS:INTENT DAMAGE PROPRTY
NYCPD PCT 044     !CLASS A MISD         NCIC 2999      |PL   145.00          SUB 01
                  !                                    |CLASS A MISD         NCIC 2999
CRT CON# 04342537Z!                                    |
                  !                                    |UNAUTHORIZED USE OF A VEHICLE
  X NO    B005362 !                                    |PL   165.05          NO SUB
                  !                                    |CLASS A MISD         NCIC 2411
                  !                                    |
                  !                                    |POSSESSION STOLEN PROPERTY-3RD
                  !                                    |PL   165.40          NO SUB
                  !                                    |CLASS A MISD         NCIC 2804
                  !                                    |(REDUCED FROM:
                  !                                    |POSSESSION STOLEN PROPERTY-1ST
                  !                                    |PL   165.50          NO SUB
                  !                                    |CLASS D FEL          NCIC 2804)
                  !                                    |
                  !                                    |06-14-93   CRIM CRT BRONX
                  !                                    |           DKT # X908257
                  !                                    |SEALED UPON TERMINATION OF
                  !                                    |CRIMINAL ACTION IN FAVOR OF
                  !                                    |THE ACCUSED CPL160.50
                  !                                    |
                  !                                    |06-22-79   CRIM CRT BRONX
                  !                                    |           DKT # X908258
                  !                                    |BENCH WARRANT ISSUED
                  !                                    |
                  !                                    |05-10-79   CRIM CRT BRONX
                  !                                    |           DKT # X908258
                  !                                    |BENCH WARRANT ISSUED
(CONT. NEXT PAGE) !                                    |
```

DATE    12-14-04

NYSID    3914934Y

PAGE    2

< < < < < < CRIMINAL HISTORY > > > > > >

| ARREST INFORMATION | ARREST/ARRAIGNMENT CHARGES | DISPOSITION AND RELATED DATA |
|---|---|---|
| | | 05-25-79   CRIM CRT BRONX<br>DKT # X908258<br>RETURNED ON WARRANT |
| | | 03-11-79   CRIM CRT BRONX<br>DKT # X908257<br>INITIAL REPORT OF DOCKET NUMBER |
| | | 05-10-79   CRIM CRT BRONX<br>DKT # X908257<br>BENCH WARRANT ISSUED, DISPOSITION PENDING |
| | | ATTORNEY TYPE: LEGAL AID |

ARR DT/PL 03-26-80
MOUNT VERNON

CRM DATE: 03-26-80
CRIME PLACE:
MOUNT VERNON

ARR#/AGY  B12843
MT VERNON PD

ʃ CON# 06447751J

- - ARREST - -
PETIT LARCENY
PL    155.25              NO SUB
CLASS A MISD            NCIC 2399

CRIM POSS CONTRL SUBST
PL    220.03              NO SUB
CLASS A MISD            NCIC 3599

- - DISPOSITION - -
05-05-80   MT VERNON CITY CRT
DKT # 477-80
CONVICTED UPON PLEA OF GUILTY

THE FOLLOWING CHARGE(S):
DIS/CON:CREATING DANGEROUS ACT
PL    240.01            SUB 07
VIOL                NCIC 5311
SENT: CONDITIONAL DISCHARGE
FINE:      $25

05-05-80   MT VERNON CITY CRT
DKT # 477-80
CONVICTED UPON PLEA OF GUILTY

THE FOLLOWING CHARGE(S):
DISORDERLY CONDUCT
PL    240.20            NO SUB
VIOL                NCIC 5311
SENT: CONDITIONAL DISCHARGE
FINE:      $25   FINE PAID

05-05-80   MT VERNON CITY CRT
DKT # 477-80
DISMISSED

THE FOLLOWING CHARGE(S):
CRIM POSS CONTRL SUBST-7TH
PL    220.03            NO SUB
CLASS A MISD            NCIC 3599

05-05-80   MT VERNON CITY CRT
DKT # 477-80

(CONT. NEXT PAGE)

< < < < < < CRIMINAL HISTORY > > > > > >

| ARREST INFORMATION | ARREST/ARRAIGNMENT CHARGES | DISPOSITION AND RELATED DATA |
|---|---|---|
| | | DISMISSED |
| | | THE FOLLOWING CHARGE(S):  CRIM POSS CONTRL SUBST-7TH  PL    220.03          NO SUB  CLASS A MISD          NCIC 35 |

WHERE AN INDIVIDUAL IS SENTENCED JUNE 1, 1981, OR LATER, ON MORE THAN ONE
CHARGE WITHIN A DOCKET, THE SENTENCES MAY BE CONSIDERED TO BE CONCURRENT
UNLESS IDENTIFIED AS CONSECUTIVE.

JUN 14, 2005
TIME 11:25

CRIMINAL COURT OF THE CITY OF NEW YORK          PAGE    1
                COUNTY OF BRONX
              APPEARANCE HISTORY

C4342537Z    N391494934Y*              ARREST:    MAR 10, 1979
SS#: X907512/79  ARR: 04407512/79  X908257 (F)
DOB: 04/25/1957
RACE: BLACK              CRIME: 03/10/1979 INC:              SS#:

1075 EAST 179TH STREET              BRONX   NY
OFFICER: DONOHUE        28195   44PCT
ARRESTING AGENCY: NYPD

OTHER ARREST CHARGES: 1. 165.50 (DF)*  2. 145.00 (AM)*  3. 165.05 (AM)
                      5. 165.40 (AM)   6. VTL509.1 (I)

ARRAIGNED CHARGES: 4. VTL509 (I)
     ADDED CHARGES:

APPEARANCE HISTORY

05/25/1979 (OPEN) AP2  PLED TO:VTL 509.1  ROR  RPTR:SULLIVAN,M ROW   NT
   CVAF:W   PGSI $1-5D                   FINE:$25 ADJ        SURCH: NA
                          JDG:HECHT,B    ROR

05/10/1979 (OPEN) AP2    JDG:HECHT,B    RPTR:   NT   PRWO

04/26/1979 (OPEN) AP2    JDG:HECHT,B    RPTR:   NT.  C   PC

04/03/1979 (OPEN) AP2    JDG:HECHT,B    RPTR:   NT   C   PC

03/11/1979 (OPEN) APAR4  JDG:TEST,      RPTR:   ARR:PA   C   ROR

****MOTION INFORMATION****

NO MOTION INFORMATION ON FILE

VTL509 (I)            PG        $I           $25/005,
VTL509.1 (I)          PG        $I           $25/5D5,

9/20/05 — Free filing authorized.
In that free filing has been previously
authorized for petitions in the past,
Defendant is allowed 15 additional days
to amend his petition as to any additional
or further claims which he might have as
free filing will not be available in the future.

CIRCUIT JUDGE

9-21-05 N: Da & deft

32

EX PARTE,                          )        IN THE CIRCUIT COURT OF

DOUGLAS EDWARD STEVENSON   )        HOUSTON COUNTY, ALABAMA

VS.                                )

STATE OF ALABAMA                   )        CASE NO. CC 2002-165,1166,1168,1169
                                            &1170

## MOTION FOR SUMMARY DISPOSITION

Comes now the State of Alabama and moves the Court for an order summarily dismissing the petition filed herein and for reason alleges the following:

1. The petition fails to state a claim for which relief may be granted.

2. The grounds alleged in the petition either were raised at trial or could have been but were not raised at trial.

3. The grounds alleged in the petition either were raised on appeal or could have been but were not raised on appeal.

4. The grounds alleged and facts stated do not amount to newly discovered evidence.

5. The issues presented in the instant petition are identical to those presented in a previous petition filed on September 9, 2003, which was denied and appeal affirmed.

6. In the present petition the petitioner refers only to a New York conviction. The State relied on three convictions from the state of New Jersey. Further, the petitioner admitted in open court on the record these three priors.

7. The State denies each and every material allegation contained within the petition.

**FILED**

SEP 2 7 2005

*Judy Byrd*

JUDY BYRD, CLERK
HOUSTON CO., AL

33

Submitted this _2674_ day of September, 2005.

Gary R. Maxwell
Chief Assistant District Attorney


## CERTIFICATE OF SERVICE


I, Gary R. Maxwell, Chief Assistant District Attorney, hereby certify that I have placed a copy of the same in the U.S. mail, postage prepaid, to Douglas Edward Stevenson #228063, Easterling Correctional Facility, 200 Wallace Drive, Clio, AL 36017 _26ory_ day of September, 2005.

Gary R. Maxwell
Chief Assistant District Attorney

34

| 10/11/05 | This is Defendant's 2d Petitions on the same issue. The dismissal of that Petition was affirmed 1/23/04. This Petition also fail to State a claim and is contrary to the record. Therefore, it is dismissed. |
| | |

10/14/05  N. Dept

In The Circut Court of Houston County
Alabama

Douglas E. Stevenson          )
     Petititioner             )
     -Vs-                      )          Case No: CC-02-0165-70
                               )
State of Alabama              )
     Respondant:              )

**FILED**

OCT 2 0 2005

*Judy Byrd*

JUDY BYRD, CLERK
HOUSTON CO., AL

Reply and Rebuttal to States
Motion For Summary Disposition

Comes Now the petitioner Douglas E. Stevenson Pro se
pursuant to the appropriate rule and authority herein respect-
fully files his Reply and Rebuttal to States Attorney Gary
Maxwell's motion for Summary Disposition filed on Sept. 26, 2005
in the above referred Case and will reply thereto as follows:

First off Petitioner wishes to bring to this Honorable Court's
attion the key issue and the fact the Prosecuting Attorney is
misinforming this Honorable Court by claiming that Petitioner
has or had (3) prior Criminal Felony Conviction" in and from
the State of New Jersey - which is erroneous and false all-
gation, because the alleged prior" which the Prosecuting
Attorney in this Court used or referred to belong to a
different person. that is the case of mistaken identity with
a person who" name is David Thomas.

The only (3) priors the Petitioner admitted to during sen-

36

tancing in open Court are those he once had in the State of New York, which by the way were all misdemeanors, which were resolved by paying of fines, please see Petitioner's Criminal History as Exibit "-1- 7 pages.

Furthermore the Court Record" and Court Transcript" will clearly show that at no time during sentencing and Plaintiffs' guilty plea did the Prosecuting Attorney ever mention in what State the Defendant had those prior conviction", to further support Petitioner's claim The Honorable Judge Jackson himself plainly states the State never considered any conviction's of a David Thomas being attached to the Defendant "(Me), please see Case Action Summary CC-2002-145 dated 5-9-05. date Judge mentioned 5-12-05 as Exibit -2- (1 page).

Under the Code of Alabama 1975 Section 13-A-5-9 (c) (1) it is required that all prior convictions must be shown to Court. The Assistant D.A. during sentencing only verbalized Petitioner's three (3) prior' which are from the State of New York and those are only listed as misdemeanor's, to set the record straight, the Petitioner has never been arrested or convicted in the State of New Jersey for anything. SEE documented proof listed as petitioner's Exibit -3- (2 page).

"2"

37

Therefore, the Prosecuting Attorney used false and erroneous information to cause this Honorable Court to unlawfully enhance Petitioner's sentence, proof of no Felony Prior Offenses contained is sufficient in the Exibit's to allow this Honorable Court to order an evidentiary hearing to allow the record's to be examined and considered, Petitioner can offer proof positive of his innocense reguarding the "prior's" the Prosecuting Attorney is still using to justify his position.

The District Attorney was negligent in the original sentencing hearing by using false information to enhance Petitioner's Prison Sentence at issue here, Petitioner argues that the Prosecuting Attorney claim" are defective and erroneous all exept in his 5th numbered paragraph because as mentioned above Petitioner has proof that he never had any Prior Felony Criminal Conviction's, Petitioner argues he should be given an opportunity to clear the record's in an evidentiary hearing.

The sentence Maximum by law for a Class "C" Felony is only Ten (10) years, the conviction for (15) years for a Class "C" Felony exceeds the maximum that the Petititioner could have recieved is only (10) years for a Class C Felony. the Law in the State of Alabama has been settled see John -Vs- State 724 So 2d 75 (Ala Crim. App. 1993). Furthermore the Court's have long held that an illegal sentence is Jurisd-ictional and must be heard and addressed on the merit's.

38

. The Court's Further held that there is no Bar on successive petition, Harrison Vs State 465 So. 2d 475 (Ala. 1984) and trial Court errored in that the "D.A." did not show or prove petitioner has ever had any Prior Felonies.

. Petitioner' doesn't have any prior conviction's from any State of the United States that could have been used to justify an enhancement, therefore the (15) Year Sentence for a Class "C" Felony Offense is illegal and must be vacated by law.

## Conclusion And
## Relief due by Law

.1. The Petitioner humbly ask that this Court to enter a full order showing the document' of where Douglas E. Stevenson ever had or has prior conviction's. for an enhancement under the A.F.O.A act which is required by law.

.2. The Judge to vacate the order dismissing and to place this cause on the Court Docket for an Evidentiary Hearing.

. The Court is bound by law to withdraw the motion entered on September, 22, 2005 by the States Assistant District Attorney. and to set this matter for an Evidentiary Hearing.

Wherefore it is so prayed

Respectfully Submitted

Douglas E. Stevenson

Subscribed and Sworn to on October 4 2005

Notary

my commission expires on 5-7 2006

40

In The Circuit Court, Houston County
State of Alabama

**FILED**

OCT 2 6 2005

JUDY BYRD, CLERK
HOUSTON CO., AL

Douglas Edward Stevenson
Petitioner pro se

- vs -

State of Alabama
Respondent

Re: convictions and
Rule 32 denial
Case Nos: CC-2002- ~~165~~, 1166, 1168
Case Nos: CC-2004-1169-1170

**FILED**

NOV 0 7 2005

*Judy Byrd*

JUDY BYRD, CLERK
HOUSTON CO., AL

Notic of Appeal
And
Request Transcript Order

Comes now Douglas Edward Stevenson, Petitioner pro se pursuant to the appropriate Rule and authority herein respectfully gives Notice of Appeal in regards to This Honorable Courts' Order dated October 11th 2005 dismissing Petitioners latest Rule 32 in the above referred to convictions and cases and Petitioner request That it orders it's Clerk to prepare the necessary records for Petitioners appeal.

It is so prayed    Respectfully Submitted to under penalty of perjury on October 22 2005

s/ Douglas E. Stevenson

Douglas Edward Stevenson pro se
Easterling Corr. Fa. 7-B-
200 Wallace Drive, C/o, Al. 36017

In The Circuit Court, Houston County
State of Alabama

Douglas Edward Stevenson
    Petitioner pro se

- vs -

State of Alabama
    Respondent

Re: criminal convictions
and Rule 32 appeal
cases Nos. CC-2002-1165, 1166, 1168
cases Nos. CC-2002-1169 - 1170

Motion for Leave to Appeal In Forma Pauperis

Comes now Petitioner Douglas Edward Stevenson pro se pursuant to the appropriate Rule and authority herein respectfully moves this Honorable Court for leave and permission to proceed on appeal in and as a pauper, as Petitioner is a pauper and has been given permission to file his Rule 32 being appealed, as a pauper and nothing has changed to effect his financial status and situation and Petitioner believes in good faith that his claims have merit

It is so prayed    Respectfully Submitted
to under penalty of perjury on October 23, 2003
    S/ Douglas E. Stevenson
    Douglas Edward Stevenson Affiant
    Easterling Cor. Fa. 7-B
    200 Wallace Drive, Clio, Al. 36017

42

| State of Alabama<br>Unified Judicial System<br>Form ARAP- 26 (front)    8/91 | COURT OF CRIMINAL APPEALS<br>DOCKETING STATEMENT | Criminal Appeal Number<br>*1168 - 1167 - 1170*<br>*CC · 02-165· 1166 - 1167* |
|---|---|---|

## A. GENERAL INFORMATION:

☒ CIRCUIT COURT   ☐ DISTRICT COURT   ☐ JUVENILE COURT OF ___Houston___ COUNTY

___Douglas Edward STEVENSON   pro se___ , Appellant

V.   ☒ STATE OF ALABAMA   ☐ MUNICIPALITY OF ___

| Case Number<br>*CC-02-165, 1166 thru* 1170 | Date of Complaint or Indictment<br>*9-15-05* | Date of Judgment/Sentence/Order<br>*10-11-05* |
|---|---|---|
| Number of Days of Trial/Hearing<br>*None* Days | Date of Notice of Appeal<br>Oral: *10-20-05*   Written: *yes* | |
| Indigent Status Requested: ☒ Yes ☐ No | Indigent Status Granted: ☒ Yes ☐ No | |

## B. REPRESENTATION:

Is Attorney Appointed or Retained?   ☐ Appointed   ☐ Retained.   If no attorney, will appellant represent self? ☒ Yes ☐ No

Appellant's Attorney (Appellant if pro se) *(Attach additional pages if necessary)*
*Douglas Edward STEVENSon*

Telephone Number

Address *200 Wallace Dr.*   City *Clio*   State *AL*   Zip Code *36017*

## C. CODEFENDANTS:  List each CODEFENDANT and the codefendant's case number.

| Codefendant | Case Number |
|---|---|
| Codefendant | Case Number |
| Codefendant | Case Number |

## D. TYPE OF APPEAL:  Please check the applicable block.

1 ☒ State Conviction
2 ☐ Post-Conviction Remedy
3 ☐ Probation Revocation
4 ☐ Pretrial Order
5 ☐ Contempt Adjudication
6 ☐ Municipal Conviction
7 ☐ Juvenile Transfer Order
8 ☐ Juvenile Delinquency
9 ☐ Habeas Corpus Petition
10 ☐ Other (Specify)
___

## E. UNDERLYING CONVICTION/CHARGE:  Regardless of the type of appeal checked in Section D, please check the box beside each offense category for which the appellant has been convicted or charged as it relates to this appeal.  Also include the applicable section of the Code of Alabama for State convictions.

1 ☐ Capital Offense - § ___
2 ☐ Homicide - § ___
3 ☐ Assault - § ___
4 ☐ Kidnapping/Unlawful Imprisonment - § ___
5 ☐ Drug Possession - § ___
6 ☐ Trafficking in Drugs - § ___
7 ☐ Theft - § ___
8 ☐ Damage or Intrusion to Property - § ___
9 ☐ Escape - § ___
10 ☐ Weapons/Firearms - § ___
11 ☒ Fraudulent Practices - § ___
12 ☐ Offense Against Family - § ___
13 ☐ Traffic - DUI - § ___
14 ☐ Traffic - Other - § ___
15 ☐ Miscellaneous (Specify): ___ - § ___

## F. DEATH PENALTY:

Does this appeal involve a case where the death penalty has been imposed?   ☐ Yes ☒ No

## G. TRANSCRIPT:

1. Will the record on appeal have a reporter's transcript?   ☐ Yes ☒ No
2. If the answer to question "1" is "Yes," state the date the Reporter's Transcript Order was filed.   *N/A* (Date)
3. If the answer to question "1" is "No":
   (a)  Will a stipulation of facts be filed with the circuit clerk?   ☐ Yes ☒ No
   (b)  Will the parties stipulate that only questions of law are involved and will the trial court certify the questions?   ☐ Yes ☐ No

NOTE:  If the appeal is from the district or juvenile court and the answer to question "1" is "No," then a positive response is required for question 3(a) or 3(b).

43

| Form ARAP- 26 (back)    8/91 | COURT OF CRIMINAL APPEALS DOCKETING STATEMENT |
|---|---|

**H. POST-JUDGMENT MOTIONS:** List all post-judgment motions by date of filing, type, and date of disposition (whether by trial court order or by the provisions of Rules 20.3 and 24.4 (ARCrP)):

| DATE OF FILING | | | TYPE OF POST-JUDGMENT MOTION | DATE OF DISPOSITION | | |
|---|---|---|---|---|---|---|
| Month | Day | Year | | Month | Day | Year |
| 9 | 15 | 05 | Rule 32 | 9 | 27 | 05 |
| | | | STATE'S motion To dismiss | 9 | 27 | 05 |
| | | | Order of court | 10 | 11 | 05 |
| 10 | 22 | 05 | NOTICE of APPEAL | 10 | 26 | 05 |

**I. NATURE OF THE CASE:** Without argument, briefly summarize the facts of the case.

This is An Appeal of A Rule **32.**

**J. ISSUE(S) ON APPEAL:** Briefly state the anticipated issues that will be presented on appeal. *(Attach additional pages if necessary.)*

To be deTermined upon obtaining the Record on appeal

**K. SIGNATURE:**

_____
11-3-05
Date

Douglas E. Stevenson
Signature of Attorney/ Party Filing this Form

| State of Alabama<br>Unified Judicial System<br>Form ARAP-1C          8/91 | REPORTER'S TRANSCRIPT ORDER -- CRIMINAL<br>See Rules 10(c) and 11(b) of the<br>Alabama Rules of Appellate Procedure (A.R. App.P.) | Criminal Appeal Number<br>*156 8, 1170*<br>*CC - 02-165 1166* |
|---|---|---|

**TO BE COMPLETED BY COUNSEL FOR THE APPELLANT OR BY THE APPELLANT IF NOT REPRESENTED AND FILED WITH THE WRITTEN NOTICE OF APPEAL OR FILED WITHIN 7 DAYS AFTER ORAL NOTICE OF APPEAL IS GIVEN.**

☒ CIRCUIT COURT   ☐ DISTRICT COURT   ☐ JUVENILE COURT OF   *Houston*
_____ COUNTY

*Douglas Edward Stevenson    pro se*, Appellant

V.   ☒ STATE OF ALABAMA   ☐ MUNICIPALITY OF _____

| Case Number<br>*CC-165- 1166, 1168, 1169    1170* | Date of Judgment/Sentence/Order |
|---|---|
| Date of Notice of Appeal<br>Oral: *10-22-05*    Written: *yes* | Indigent Status Granted:<br>☒ Yes   ☐ No |

**PART 1. TO BE SIGNED IF THE APPEAL WILL NOT HAVE A COURT REPORTER'S TRANSCRIPT:**

I CERTIFY THAT NO REPORTER'S TRANSCRIPT IS EXPECTED AND THAT THE RECORD ON APPEAL SHALL CONSIST OF THE CLERK'S RECORD ONLY. IF THE APPEAL IS FROM DISTRICT COURT OR JUVENILE COURT, I ALSO CERTIFY (1) THAT A STIPULATION OF FACTS WILL BE INCLUDED IN THE CLERK'S RECORD AND THAT THE APPELLANT WAIVES HIS RIGHT TO A JURY TRIAL IF SO ENTITLED; OR (2) THAT THE PARTIES HAVE STIPULATED THAT ONLY QUESTIONS OF LAW ARE INVOLVED AND THAT THE QUESTIONS WILL BE CERTIFIED BY THE JUVENILE/DISTRICT COURT FOR INCLUSION IN THE CLERK'S RECORD (SEE RULE 28(A)(1), ALABAMA RULES OF JUVENILE PROCEDURE, AND §12-12-72, CODE OF ALABAMA 1975).

*Douglas Edward Stevenson*            *11-3-05*        X *Douglas Edward Stevenson*
‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾        ‾‾‾‾‾‾‾‾        ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾
Signature                                            Date                    Print or Type Name

**PART 2. DESIGNATION OF PROCEEDINGS TO BE TRANSCRIBED.** Request is hereby made to the court reporter(s) indicated below for a transcript of the following proceedings in the above referenced case (see Rule 10(c)(2), Alabama Rules of Appellate Procedure (A.R.App.P.)):

**MARK PROCEEDINGS REQUESTED:**

COURT REPORTER(S)

A. ☒ **TRIAL PROCEEDINGS** - Although this designation will include the judgment and sentence proceedings, a transcript of the organization of the jury and arguments of counsel must be designated separately.

_____
_____
_____

B. ☐ **ORGANIZATION OF THE JURY** - This designation will include voir dire examination and challenges for cause. Note that in noncapital cases the voir dire of the jury will not be recorded unless the trial judge so directs. (See Rule 19.4, ARCrP.)

_____
_____
_____

C. ☐ **ARGUMENTS OF COUNSEL** - Note that in noncapital cases the arguments of counsel will not be recorded unless the trial judge so directs. (See Rule 19.4, ARCrP.)

_____
_____

**IN ADDITION TO ANY PROCEEDINGS DESIGNATED ABOVE, SPECIAL REQUEST IS HEREBY MADE TO INCLUDE THE FOLLOWING PROCEEDINGS IN THE REPORTER'S TRANSCRIPT PORTION OF THE RECORD ON APPEAL. (ATTACH ADDITIONAL PAGES IF NECESSARY):**

ADDITIONAL PROCEEDINGS REQUESTED                DATE                COURT REPORTER(S)

D. _____    _____    _____

E. _____    _____    _____

F. _____    _____    _____

G. _____    _____    _____

**IMPORTANT NOTICE:** The court reporter who reported the proceedings for which a transcript is requested must be identified on this form to be effective. Additionally, it is important to note that the appellant may not be permitted to raise any issue on appeal relating to any proceedings in the case that are not specifically designated on this form for inclusion in the reporter's transcript. A general designation such as "all proceedings" is not sufficient. (See Rule 10(c)(2), A.R.App.P.)

**PART 3. MUST BE SIGNED IF THE APPEAL WILL HAVE A COURT REPORTER'S TRANSCRIPT:**

I CERTIFY THAT I HAVE DISTRIBUTED THIS FORM AS SET OUT BELOW. I ALSO CERTIFY (1) THAT I HAVE MADE SATISFACTORY FINANCIAL ARRANGEMENTS WITH EACH COURT REPORTER LISTED ABOVE FOR PREPARING HIS OR HER PORTION OF THE REPORTER'S TRANSCRIPT HEREIN REQUESTED; OR (2) THAT THE APPELLANT PROCEEDED AT TRIAL AS AN INDIGENT AND THAT THAT STATUS HAS NOT BEEN REVOKED; OR (3) THAT THE APPELLANT HAS BEEN GIVEN PERMISSION TO PROCEED ON APPEAL IN FORMA PAUPERIS.

*Douglas E. Stevenson*            *11-3-05*        *Douglas E. Stevenson*
‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾        ‾‾‾‾‾‾‾‾        ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾
Signature                                    Date                    Print or Type Name

**DISTRIBUTION:** Original filed with Clerk of Trial Court and copies mailed to: (1) Clerk of the Court of Criminal Appeals, (2) the District Attorney, (3) the Attorney General or the municipal prosecutor in lieu of the District Attorney and the Attorney General if the appeal is from a municipal conviction, and (4) to each Court Reporter who reported proceedings designated for inclusion in the reporter's transcript.

ACR371                    ALABAMA JUDICIAL DATA CENTER
          NOTICE OF APPEAL TO THE ALABAMA COURT OF CRIMINAL APPEALS
                        BY THE TRIAL COURT CLERK
                 IN THE CIRCUIT COURT OF    HOUSTON COUNTY
STATE OF ALABAMA VS STEVENSON DOUGLAS EDWARD   JUDGE: SIDNEY E. JACKSON
----------------------------------------------------------------------
  APPEAL DATE: 11/07/2005
----------------------------------------------------------------------
  INDIGENCY STATUS:
     GRANTED INDIGENCY STATUS AT TRIAL COURT:           X    YES          NO
     APP. TRIAL COUNSEL PERMITTED TO W/D ON APPEAL:     X    YES          NO
     INDIGENT STATUS REVOKED ON APPEAL:                      YES    x     NO
     INDIGENT STATUS GRANTED ON APPEAL:                 X    YES          NO

  DEATH PENALTY: NO

  APPEAL TYPE: RULE 32 PETITION
----------------------------------------------------------------------
  THIS APPEAL IS FROM AN ORDER DENYING A PETITION (I.E., RULE 32 PETITION,
  WRIT OF HABEAS CORPUS, ETC) OR FROM ANY OTHER ISSUED BY THE TRIAL JUDGE.

  CO/CASE NUMBER: 38/CC 2002 000165.62

  ORDER ENTERED(DATE): 10112005 PETITION: __DISMISSED  X DENIED ___GRANTED
----------------------------------------------------------------------
  POST-JUDGMENT MOTIONS FILED:    DT FILED      DT DENIED      CON BY AGREE
  ____ MOTION FOR NEW TRIAL       _____      _____       _____
  ____ MOTION FOR JUDG. OF ACQUIT _____      _____       _____
  ____ MOTION TO W/D GUILTY PLEA  _____      _____       _____
  ____ MOTION FOR ATTY TO W/DRAW  _____      _____       _____
  ____ OTHER                      _____      _____       _____
----------------------------------------------------------------------
  COURT REPORTER(S):
  ADDRESS:

  APPELLATE COUNSEL #1:
  ADDRESS:                              PRO SE

  PHONE NUMBER:                         000-000-0000          00000
  APPELLATE COUNSEL #2:
  ADDRESS:

  PHONE NUMBER:

  APPELLANT (PRO SE):
  ADDRESS:                              STEVENSON DOUGLAS EDWARD 228063
                                        200 WALLACE DR
  AIS #:                                CLIO          , AL  360170000
                                        228063
  APPELLEE (IF CITY APPEAL):
  ADDRESS:
----------------------------------------------------------------------
I CERTIFY THAT THE INFORMATION PROVIDED                    OPERATOR: RHM
ABOVE IS ACCURATE TO THE BEST OF MY                   PREPARED: 11/15/2005
KNOWLEDGE AND I HAVE SERVED A COPY OF
THIS NOTICE OF APPEAL ON ALL PARTIES TO
THIS ACTION ON THIS 15th DAY OF NOV , 2005        CIRCUIT COURT CLERK

46

ACR371

ALABAMA JUDICIAL DATA CENTER
NOTICE OF APPEAL TO THE ALABAMA COURT OF CRIMINAL APPEALS
BY THE TRIAL COURT CLERK
IN THE CIRCUIT COURT OF    HOUSTON COUNTY
STATE OF ALABAMA VS STEVENSON DOUGLAS EDWARD    JUDGE: SIDNEY E. JACKSON

APPEAL DATE: 11/07/2005

INDIGENCY STATUS:
GRANTED INDIGENCY STATUS AT TRIAL COURT:                    X    YES              NO
APP. TRIAL COUNSEL PERMITTED TO W/D ON APPEAL:        X    YES              NO
INDIGENT STATUS REVOKED ON APPEAL:                              YES        x    NO
INDIGENT STATUS GRANTED ON APPEAL:                       x    YES              NO

DEATH PENALTY: NO

APPEAL TYPE: RULE 32 PETITION

THIS APPEAL IS FROM AN ORDER DENYING A PETITION (I.E. RULE 32 PETITION,
WRIT OF HABEAS CORPUS, ETC) OR FROM ANY OTHER ISSUED BY THE TRIAL JUDGE.

CO/CASE NUMBER: 38/CC 2002 001166.62

ORDER ENTERED(DATE): 10112005 PETITION: __DISMISSED X DENIED __GRANTED

POST-JUDGMENT MOTIONS FILED:    DT FILED        DT DENIED        CON BY AGREE
____ MOTION FOR NEW TRIAL
____ MOTION FOR JUDG. OF ACQUIT
____ MOTION TO W/D GUILTY PLEA
____ MOTION FOR ATTY TO W/DRAW
____ OTHER

COURT REPORTER(S):
ADDRESS:

APPELLATE COUNSEL #1:
ADDRESS:                                PRO SE

PHONE NUMBER:                           000-000-0000  '      00000

APPELLATE COUNSEL #2:
ADDRESS:

PHONE NUMBER:

APPELLANT (PRO SE):
ADDRESS:                                STEVENSON DOUGLAS EDWARD 228063
                                        200 WALLACE DR
AIS #:                                  CLIO          ,   AL   360170000

APPELLEE (IF CITY APPEAL):
ADDRESS:

I CERTIFY THAT THE INFORMATION PROVIDED                     OPERATOR: RHM
ABOVE IS ACCURATE TO THE BEST OF MY               PREPARED: 11/15/2005
KNOWLEDGE AND I HAVE SERVED A COPY OF
THIS NOTICE OF APPEAL ON ALL PARTIES TO
THIS ACTION ON THIS 15th DAY OF nov , 2005        CIRCUIT COURT CLERK

ACR371                        ALABAMA JUDICIAL DATA CENTER
                NOTICE OF APPEAL TO THE ALABAMA COURT OF CRIMINAL APPEALS
                        BY THE TRIAL COURT CLERK
                    IN THE CIRCUIT COURT  OF   HOUSTON COUNTY
STATE OF ALABAMA VS STEVENSON DOUGLAS EDWARD  JUDGE: SIDNEY E. JACKSON

| APPEAL DATE: 11/07/2005

INDIGENCY STATUS:
   GRANTED INDIGENCY STATUS AT TRIAL COURT:
   APP. TRIAL COUNSEL PERMITTED TO W/D ON APPEAL:      X   YES        NO
   INDIGENT STATUS REVOKED ON APPEAL:                  X   YES        NO
   INDIGENT STATUS GRANTED ON APPEAL:                      YES     X  NO

DEATH PENALTY: NO

APPEAL TYPE: RULE 32 PETITION

THIS APPEAL IS FROM AN ORDER DENYING A PETITION (I.E. RULE 32 PETITION,
WRIT OF HABEAS CORPUS, ETC) OR FROM ANY OTHER ISSUED BY THE TRIAL JUDGE.

CO/CASE NUMBER: 38/CC 2002 001168.62

ORDER ENTERED(DATE): 10112005 PETITION: __DISMISSED X DENIED __GRANTED

POST-JUDGMENT MOTIONS FILED:    DT FILED        DT DENIED       CON BY AGREE
___ MOTION FOR NEW TRIAL
___ MOTION FOR JUDG. OF ACQUIT
___ MOTION TO W/D GUILTY PLEA
___ MOTION FOR ATTY TO W/DRAW
___ OTHER

COURT REPORTER(S):
ADDRESS:

APPELLATE COUNSEL #1:
ADDRESS:                              PRO SE

PHONE NUMBER:                         000-000-0000        00000

APPELLATE COUNSEL #2:
ADDRESS:

PHONE NUMBER:

APPELLANT (PRO SE):
ADDRESS:                              STEVENSON DOUGLAS EDWARD 228063
                                      200 WALLACE DR
                                      CLIO              , AL  360170000
AIS #:

APPELLEE (IF CITY APPEAL):
ADDRESS:

I CERTIFY THAT THE INFORMATION PROVIDED                    OPERATOR: RHM
ABOVE IS ACCURATE TO THE BEST OF MY          PREPARED: 11/15/2005
KNOWLEDGE AND I HAVE SERVED A COPY OF
THIS NOTICE OF APPEAL ON ALL PARTIES TO
THIS ACTION ON THIS 15th DAY OF nov. 2005
                                         CIRCUIT COURT CLERK

48

ACR371                     ALABAMA JUDICIAL DATA CENTER
              NOTICE OF APPEAL TO THE ALABAMA COURT OF CRIMINAL APPEALS
                        BY THE TRIAL COURT CLERK
                   IN THE CIRCUIT COURT OF    HOUSTON COUNTY
STATE OF ALABAMA VS STEVENSON DOUGLAS EDWARD   JUDGE: SIDNEY E. JACKSON

```
| APPEAL DATE: 11/07/2005
|-----------------------------------------------------------------------
| INDIGENCY STATUS:
|     GRANTED INDIGENCY STATUS AT TRIAL COURT:
|     APP. TRIAL COUNSEL PERMITTED TO W/D ON APPEAL:    _X_ YES    ___ NO
|     INDIGENT STATUS REVOKED ON APPEAL:               _X_ YES    ___ NO
|     INDIGENT STATUS GRANTED ON APPEAL:               _X_ YES  _X_ NO
|                                                       ___ YES    ___ NO
| DEATH PENALTY: NO
|
| APPEAL TYPE: RULE 32 PETITION
|-----------------------------------------------------------------------
| THIS APPEAL IS FROM AN ORDER DENYING A PETITION (I.E. RULE 32 PETITION,
| WRIT OF HABEAS CORPUS, ETC) OR FROM ANY OTHER ISSUED BY THE TRIAL JUDGE.
| CO/CASE NUMBER: 38/CC 2002 001169.62
| ORDER ENTERED(DATE): 10112005 PETITION: ___DISMISSED X DENIED ___ GRANTED
|-----------------------------------------------------------------------
| POST-JUDGMENT MOTIONS FILED:      DT FILED      DT DENIED     CON BY AGREE
| ___ MOTION FOR NEW TRIAL          _____       _____       _____
| ___ MOTION FOR JUDG. OF ACQUIT    _____       _____       _____
| ___ MOTION TO W/D GUILTY PLEA     _____       _____       _____
| ___ MOTION FOR ATTY TO W/DRAW     _____       _____       _____
| ___ OTHER                         _____       _____       _____
|-----------------------------------------------------------------------
| COURT REPORTER(S):
| ADDRESS:                                 _____
|                                          _____
|                                          _____
| APPELLATE COUNSEL #1:
| ADDRESS:                                 PRO SE

| PHONE NUMBER:                                               00000
|                                          000-000-0000

| APPELLATE COUNSEL #2:
| ADDRESS:                                 _____
|                                          _____
| PHONE NUMBER:                            _____
|                                          _____
| APPELLANT (PRO SE):
| ADDRESS:                                 STEVENSON DOUGLAS EDWARD 228063
|                                          200 WALLACE DR
| AIS #:                                   CLIO          , AL 360170000

| APPELLEE (IF CITY APPEAL):
| ADDRESS:                                 _____
|                                          _____
|                                          _____
```

I CERTIFY THAT THE INFORMATION PROVIDED
ABOVE IS ACCURATE TO THE BEST OF MY                     OPERATOR: RHM
KNOWLEDGE AND I HAVE SERVED A COPY OF               PREPARED: 11/15/2005
THIS NOTICE OF APPEAL ON ALL PARTIES TO
THIS ACTION ON THIS 15th DAY OF  nov. , 2005    CIRCUIT COURT CLERK

ACR371
ALABAMA JUDICIAL DATA CENTER
NOTICE OF APPEAL TO THE ALABAMA COURT OF CRIMINAL APPEALS
BY THE TRIAL COURT CLERK
IN THE CIRCUIT COURT OF HOUSTON COUNTY
STATE OF ALABAMA VS STEVENSON DOUGLAS EDWARD  JUDGE: SIDNEY E. JACKSON

APPEAL DATE: 11/07/2005

INDIGENCY STATUS:
GRANTED INDIGENCY STATUS AT TRIAL COURT:                    X    YES           NO
APP. TRIAL COUNSEL PERMITTED TO W/D ON APPEAL:              X    YES           NO
INDIGENT STATUS REVOKED ON APPEAL:                              YES      X    NO
INDIGENT STATUS GRANTED ON APPEAL:                         X    YES           NO

DEATH PENALTY: NO

APPEAL TYPE: RULE 32 PETITION

THIS APPEAL IS FROM AN ORDER DENYING A PETITION (I.E. RULE 32 PETITION,
WRIT OF HABEAS CORPUS, ETC) OR FROM ANY OTHER ISSUED BY THE TRIAL JUDGE.

CO/CASE NUMBER: 38/CC 2002 001170.62

ORDER ENTERED(DATE): 10112005 PETITION:  __DISMISSED  X DENIED    GRANTED

POST-JUDGMENT MOTIONS FILED:    DT FILED      DT DENIED      CON BY AGREE
____ MOTION FOR NEW TRIAL       _____    _____     _____
____ MOTION FOR JUDG. OF ACQUIT _____    _____     _____
____ MOTION TO W/D GUILTY PLEA  _____    _____     _____
____ MOTION FOR ATTY TO W/DRAW  _____    _____     _____
____ OTHER                      _____    _____     _____

COURT REPORTER(S):
ADDRESS:                               _____
                                       _____

APPELLATE COUNSEL #1:
ADDRESS:                               PRO SE

PHONE NUMBER:                          000-000-0000             00000

APPELLATE COUNSEL #2:
ADDRESS:                               _____
                                       _____
                                       _____

PHONE NUMBER:                          _____

APPELLANT (PRO SE):
ADDRESS:                               STEVENSON DOUGLAS EDWARD  228063
                                       200 WALLACE DR
AIS #:                                 CLIO            , AL  360170000

APPELLEE (IF CITY APPEAL):
ADDRESS:                               _____
                                       _____
                                       _____

I CERTIFY THAT THE INFORMATION PROVIDED               OPERATOR: RHM
ABOVE IS ACCURATE TO THE BEST OF MY            PREPARED: 11/15/2005
KNOWLEDGE AND I HAVE SERVED A COPY OF
THIS NOTICE OF APPEAL ON ALL PARTIES TO
THIS ACTION ON THIS 15TH DAY OF __NOV__, 2005    CIRCUIT COURT CLERK

Houston County Circuit Court

P O Box 6406

Dothan, Alabama 36302

Ref: CR-05-0321

November 23, 2005

Douglas E. Stevenson
228063 - 7-13-99
Easterling Corr. Facility
200 Wallace Drive
Clio, Alabama 36017

**FILED**

NOV 3 0 2005

Judy Byrd
JUDY BYRD, CLERK
HOUSTON CO., AL

Dear Mr. Judy Byrd;

On 11-23-05 I received in the mail from the Court of Criminal Appeals. A Notice Stating that My Rule 32 case have been placed on docket. And I Need to file My Brife. I come to you asking if you or Staff would please send me my complete inCourt Transscripts. So that I could Proceed in this Matter.

Respectfully Submitted

Douglas E. Stevenson

Pro Se,

CC file
D. E. S.

51

| State of Alabama<br>Unified Judicial System<br><br>From ARAP - 14  Rev. 11 / 91 | CERTIFICATE OF COMPLETION AND<br>TRANSMITTAL OF RECORD ON<br>APPEAL BY TRIAL CLERK | Appellate Case Number<br><br>_____ |
|---|---|---|

TO: THE CLERK OF
    THE COURT OF CRIMINAL APPEALS OF ALABAMA

APPELLANT

DATE OF
NOTICE OF APPEAL:    11/07/2005

DOUGLAS EDWARD STEVENSON

v. STATE OF ALABAMA

    I certify that I have this date completed and transmitted herewith to the appellate court the record on appeal by assembling in ( a single volume of ___51___ pages) (_____ volumes of 200 pages each and one volume of _____ pages) the clerk's record and the reporter's transcript and that one copy each of the record on appeal has been served on the defendant and the Attorney General of the State of Alabama for the preparation of brief.

    I certify that a copy of this certificate has this date been served on counsel for each party to the appeal.

DATED this____1ST____ day of __DECEMBER__ , _2005_ .

_Judy Byrd_
Circuit Clerk